## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ISAAC HAYES ENTERPRISES, LLC,** a Georgia Domestic Limited Liability Company, and **THE ESTATE OF ISAAC HAYES** | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | **CASE NO:** 1:24-cv-03639-TWT |
| **v.** | |
| **DONALD JOHN TRUMP**, individually, **DONALD J. TRUMP FOR PRESIDENT 2024, INC., REPUBLICAN NATIONAL COMMITTEE**, **TURNING POINT USA, INC., NATIONAL RIFLE ASSOCIATION OF AMERICA, AMERICAN CONSERVATIVE UNION,** and **BTC, INC.,** | |
| **Defendants.** | |

## COMPLAINT (AMENDED)

**COME NOW,** Plaintiffs the Estate of Isaac Hayes, and Isaac Hayes

Enterprises, LLC, through their attorney, James L. Walker, Jr. of Walker &

Associates, and Gerald A. Griggs of Gerald A. Griggs, LLC, bring this action

against Donald John Trump (hereinafter "Mr. Trump"), Donald J. Trump for

President 2024, Inc. (hereinafter "Trump Campaign"), and co-infringers, the

Republican National Committee (hereinafter "RNC"), Turning Point USA, Inc.

1

(hereinafter "Turning Point"), National Rifle Association of America, (hereinafter "NRA"), BTC, Inc. (hereinafter "BTC"), and American Conservative Union (hereinafter "ACU") (referred to herein collectively as "Defendants"), showing the Court as follows:

## NATURE OF THE ACTION

This action for damages is brought by Plaintiffs, pursuant to the Copyright Act, Copyright Revision Act, 17 U.S.C. §§101 *et seq*.(the "Copyright Act"), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), Georgia State common law right of publicity, and other common and statutory law(s) as further set forth herein.

## SUMMARY OF ACTION

1.     Isaac Lee Hayes Jr. (hereinafter "Songwriter") was an American singer, songwriter, composer, and actor. He was a pillar behind the Southern soul music label Stax Records, serving as both an in-house songwriter and as a session musician and record producer. In 2002, Songwriter was inducted into the Rock and Roll Hall of Fame. Songwriter was inducted into the Songwriters Hall of Fame in 2005.

2.     Sam & Dave released the record "Hold On, I'm Comin'" (officially registered as "Hold On, I'm Coming") (hereinafter the "Copyrighted Work") in 1966 with widespread success. The Copyrighted Work was co-written by Songwriter. At the time of its release, the Copyrighted Work peaked at number

2

one on the Billboard Hot R&B singles chart and at number 21 on the Billboard

Hot 100.

3.      Songwriter and Co-writer David Porter were the owners of all right,

title, and interest in and to the Copyrighted Work, including the copyright therein,

which was originally registered on March 3, 1968, with the United States

Copyright Office under registration number EP0000246262, and renewed under

registration number RE0000734375 on January 11, 1996 (a true and correct

copy of the registration for the Copyrighted Work from the United States

Copyright Office is attached hereto as **Exhibit A**).

4.      Plaintiff Isaac Hayes Enterprises, LLC is the current owner of right,

title, and interest in and to the Copyrighted Work, including the copyrights

therein, which was assigned to Plaintiff with the United States Copyright Office

under document number V15024D259, (a true and correct copy of the document

recording the assignment for the Copyrighted Work from the United States

Copyright Office is attached hereto as **Exhibit B**).

5.      Plaintiff Isaac Hayes Enterprises, LLC, owns a live trademark

registration for the name "Isaac Hayes" at the United States Patent and

Trademark Office under the serial number 86251712.

6.      Plaintiff Isaac Hayes Enterprises, LLC, owns a live trademark

registration for the name "Isaac Hayes" at the United States Patent and

Trademark Office under the serial number 87644618.

7.      Plaintiff Isaac Hayes Enterprises, LLC has a pending trademark

registration for the name "Isaac Hayes" at the United States Patent and

Trademark Office under the serial number 90603091.

## DEFENDANTS' INFRINGING ACTIONS

8.      Upon information and belief, Defendants Mr. Trump and the Trump

Campaign began publicly performing the Copyrighted Work in 2020 as "outro"

music for appearances and campaign events.

9.      Upon information and belief, a cease-and-desist letter was sent to the

Trump campaign in 2020 by non-parties Universal Music Group and Warner

Chappell Music, publishers contracted by Plaintiff Issac Hayes Enterprises.

10.      Defendants have never sought the permission or consent of Plaintiffs for

any use of the Copyrighted Work until 2024, nor have they obtained a valid

public performance license for the same at any point.

11.      On August 9, 2024, Mr. Trump live-streamed one such Campaign rally

in Bozeman, Montana, which is still available on Mr. Trump's Truth Social

Account, which is available here:

https://truthsocial.com/@realDonaldTrump/posts/112934191403285920.

(hereinafter "Infringing Video")

12.      Plaintiffs' Recording, which embodies the Composition, can be heard at

4

the end of the video at 1: 41:40 and continues for the duration of the video.

13.     The Infringing Video therefore makes unauthorized use of the Composition and the Recording and infringes upon Plaintiffs' copyrights in both.

14.     Upon information and belief, the Trump Campaign provided Mr. Trump with the Infringing Video to post and/or participated in and/or contributed to the creation, production, and distribution of the Infringing Video.

15.     Defendants RNC, Turning Point, BTC, ACU, and NRA have vicariously and/or contributorily infringed on the Plaintiff's copyrights by hosting events  and uploading videos where the Copyrighted Work was played as "outro music."

16.     Defendants have unlawfully profited off the reputation and identity of the Songwriter, and as a result, the Plaintiffs.

17.     Accordingly, Plaintiffs now bring this action against Defendants for copyright infringement, Lanham act violations, right of publicity violations, and related causes of action, as more fully described herein.

## **PARTIES**

18.     Songwriter is an award-winning and renowned musician and music icon whose brand, distinct vocals, and creative output have been recognized in social media and regular appearances on television, in tabloids, blogs, movies, music-related magazines, award shows and talk shows over the past half-century.

5

19.    Plaintiff Isaac Hayes Enterprises is the Copyright holder of the Copyrighted Work co-written by Songwriter, whose primary place of business is in Georgia.

20.    Upon information and belief, Defendant Mr. Trump is an individual that resides in Florida.

21.    Upon information and belief, the Trump Campaign is a corporation organized under the laws of the state of Delaware with its principal place of business located at 725 Fifth Avenue, New York, New York 10022.

22.    Upon information and belief, Defendant RNC is a Section 527 political organization, having its principal office at 310 First St. SE Washington, D.C. 20003.

23.    Upon information and belief, Defendant Turning Point is a corporation organized under the laws of the state of Indiana with its principal place of business located at 4940 E. Beverly Road, Phoenix, Arizona, 85044.

24.    Upon information and belief, Defendant NRA is a corporation organized under the laws of the state of New York with its principal place of business located at 11250 Waples Mill Road, Fairfax, Virginia, 22030.

25.    Upon information and belief, Defendant ACU is a corporation organized under the laws of the District of Columbia with its principal place of business located at 1199 N. Fairfax Street, Suite 500, Alexandria, Virginia,

22314.

26.     Upon information and belief, Defendant BTC is a corporation organized under the laws of the state of Delaware with its principal place of business located at 3207 Lakeland Drive, Nashville, TN 37214.

## JURISDICTION AND VENUE

27.     This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 28 U.S.C. §§1331, 1338(a) and 1367 in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. §1331.

28.     This is also an action for false endorsement, false advertising, and contributory false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

29.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 because it involves substantial claims arising under the Federal Lanham Act.

30.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the Georgia state law right of publicity claim because these claims form part of the same case or controversy.

31.     Personal jurisdiction over each of the Defendants is proper in this jurisdiction, among other reasons, on the grounds that Defendants, Defendants' agents, and/or Defendants' personal representatives either: (a) maintain a principal place of business in Georgia or have a substantial presence in Georgia with offices located in Georgia; or (b) regularly conduct business in the State of Georgia, including conducting such business through performing rights organizations located in Georgia and by entering into contracts that are consummated and/or performed in Georgia.

32.     Venue is proper in this District because the Defendants unlawfully performed the Copyrighted Work in this district, the Defendants transact business and/or may be found in this district, the injury suffered by Plaintiffs took place, in part, in this district, and/or the Defendants distributed, marketed, and publicly performed the infringing work in this district.

33.     The amount in controversy in this matter is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## STATEMENT OF FACTS

### *Songwriter's Creation and Ownership of Copyright*

34.     During his lifetime, Songwriter was engaged in, among other things, the business of music publishing and the commercial exploitation of his copyrights, goodwill, and right of publicity.

35.     After Songwriter's passing, his copyright interest was assigned to Plaintiff. *See* **Exhibit B**.

36.     Plaintiff, since the copyright assignment, has continued the business of music publishing and the commercial exploitation of Songwriter's copyrights, goodwill, and right of publicity.

37.     Songwriter co-wrote the Copyrighted Work when Songwriter was trying to get his co-writer Porter to hurry out of the Stax Studios restroom and get back to songwriting.

38.     The Copyrighted Work was released as a single by the artist Sam & Dave in March of 1966.

39.     At the time of its original release, the Copyrighted Work peaked at number one on the Billboard Hot R&B singles chart and at number 21 on the Billboard Hot 100 in the United States.

40.     The Copyrighted Work sold 250,000 certified units in Japan (a true and correct excerpt from an industry magazine article showing sales of the Copyrighted Work is attached hereto as **Exhibit C**).

41.     The Copyrighted Work is certified silver in the United Kingdom, meaning 200,000 certified units sold. (a true and correct screenshot of the British Phonography Industry website showing UK sales is attached hereto as **Exhibit D**)

42.      The Copyrighted Work's composition and sound recording has been

covered and sampled by multiple high-profile artists across decades, including but not limited to:

   a.  Maxine Brown and Chuck Jackson in 1967;

   b.  Aretha Franklin in 1981 as part of the album "Love All the Hurt Away";

   c.  Tina Turner in 1999 on the album "Twenty-Four Seven";

   d.  Eric Clapton and B.B King in 2000 as part of the album "Riding with the King," which won the 2001 Grammy Award for Best Traditional Blues Album, reached number one on Billboard's Top Blues Albums, and was a two-time certified Platinum Album in the United States;

   e.  Cynthia Erivo in the 2018 film, "Bad Times at the El Royale," for the end credits.

43.    In the years since the initial release, Songwriter has realized considerable commercial success as a musical icon, and significant economic gain from the distribution and exploitation of the Copyrighted Work. Defendants' unauthorized and repeated use of the Copyrighted Work has significantly diminished and diluted its commercial value.

### *Defendant Mr. Trump's unlawful use of the Copyrighted Work*

44.     Upon information and belief, Mr. Trump unlawfully performed the Copyrighted Work at all rallies and public appearances, starting in 2020. A cease-and-desist letter was sent that year to the Trump campaign by non-parties Universal Music Group and Warner Chappell Music, who are lawful publishers of Plaintiffs' Copyrighted Work.

45.     Upon information and belief, the Copyrighted Song has been unlawfully performed at all Trump political rallies since 2020, as his exit/outro song.

46.     Upon information and belief, Mr. Trump has unlawfully performed the Copyrighted Work at least one hundred and thirty-three (133) times, since 2020. (A non-exhaustive list is attached hereto as **Exhibit E**).

47.     Upon information and belief, videos of the events where Mr. Trump unlawfully played the Copyrighted Work have been uploaded across the internet, including but not limited to: YouTube, Facebook, Twitter, Truth Social, Instagram, and Rumble.

48.      On August 9, 2024, Mr. Trump livestreamed one such Campaign rally in Bozeman, Montana, which is still available on Mr. Trump's Truth Social Account, which is here: https://truthsocial.com/@realDonaldTrump/posts/112934191403285920.

### *Defendant Turning Point's Infringement*

49.     Upon information and belief, on July 23, 2022, Mr. Trump unlawfully performed the Copyrighted Work after a speech at the Turning Point USA Summit, at the Tampa Convention Center in Tampa, Florida, which was hosted by Defendant Turning Point. A video of the infringing event can be found here: https://rumble.com/v1de1lf-full-speech-president-donald-j.-trump-at-tpusa-student-action-summit-tampa-.html

50.     Upon information and belief, on July 15, 2023, Mr. Trump unlawfully performed the Copyrighted Work after a speech at the Turning Point USA Summit, at the Palm Beach County Convention Center in West Palm Beach, Florida, which was hosted by Defendant Turning Point. A video of the infringing event can be found here: https://www.c-span.org/video/?529330-1/donald-trump-speaks-turning-point-action-conference

51.     Upon information and belief, on June 6, 2024, Mr. Trump unlawfully performed the Copyrighted Work after a Town Hall at the Palm Beach County Convention Center in West Palm Beach, Florida, which was sponsored by Defendant Turning Point. A video of the infringing event with twenty-six thousand views is available here: https://www.youtube.com/watch?v=ktMKqUuJDmg

52.     Upon information and belief, Mr. Trump unlawfully performed the Copyrighted Work at the People's Convention in Detroit, Michigan on June 15,

12

2024, at the Huntington Place Convention Center in Detroit, Michigan, which was sponsored by Defendant Turning Point. A video of the infringing event is available here: https://youtu.be/rcynia8q2X4?t=5250

53.    Upon information and belief, Mr. Trump unlawfully performed the Copyrighted Work after his speech at the Turning Point Action Conference on July 15, 2024, at the Palm Beach County Convention Center in West Palm Beach, Florida, which was hosted by Defendant Turning Point. A video of the infringing event with over one million views is available here:

https://www.youtube.com/watch?v=fHXI-k8dD5g

54.    Upon information and belief, on July 26, 2024, Mr. Trump unlawfully performed the Copyrighted Work after his speech at the Turning Point USA Faith Believers' Summit at the Palm Beach County Convention Center in West Palm Beach, Florida, which was hosted by Defendant Turning Point. A video of the infringing event can be found here: https://www.c-span.org/video/?537386-1/president-trump-speaks-turning-point-believers-summit

### Defendant NRA's Infringement

55.    Upon information and belief, on April 14, 2023, Mr. Trump unlawfully performed the Copyrighted Work after a speech at the National Rifle Association Convention, at the Indiana Convention Center in Indianapolis, Indiana, which was hosted by Defendant NRA. A video of the infringing event is available

here:https://rumble.com/v2i9ski-full-speech-president-donald-j-trump-speaks-at-the-nra-annual-meeting-from-.html

56.    Upon information and belief, on February 9, 2024, Mr. Trump unlawfully performed the Copyrighted Work after a speech at the NRA American Outdoor Show at the Farm Show Complex in Harrisburg, Pennsylvania, which was hosted by Defendant NRA. A timestamped video on YouTube of the infringing event can be found here: https://youtu.be/USzlDL2XC44?t=4800

57.    Upon information and belief, on May 18, 2024, Mr. Trump unlawfully publicly performed the Copyrighted Work after a speech at the 153rd Annual NRA Convention at Kay Bailey Hutchison Convention Center in Dallas, Texas, which was hosted by Defendant NRA. A video of the infringing event can be found here: https://rumble.com/v4w1cqb-full-speech-president-trump-delivers-remarks-at-nra-meeting-in-dallas-tx-51.html

### Defendant ACU's Infringement

58.    Upon information and belief, on March 3, 2023, Mr. Trump unlawfully performed the Copyrighted Work after a keynote speech at the Conservative Political Action Conference DC at the Gaylord National Harbor Resort in National Harbor, Maryland, which was hosted by Defendant ACU. A video of the infringing event can be found here: https://rumble.com/v2binw8-live-president-donald-trump-delivers-remarks-at-cpac.html

14

59.    Upon information and belief, on February 24, 2024, Mr. Trump unlawfully performed the Copyrighted Work after a keynote speech at the Conservative Political Action Conference DC at the Gaylord National Harbor Resort in National Harbor, Maryland, which was hosted by Defendant ACU. A video of the infringing event can be found here: https://rumble.com/v4fhb68-full-speech-president-donald-j.-trump-addresses-cpac-in-dc-2024-22424.html

60.    Upon information and belief, on August 6, 2024, Mr. Trump unlawfully performed the Copyrighted Work after a speech at the Conservative Political Action Conference at Hilton Anatole in Dallas, Texas, which was hosted by Defendant ACU. A video of the infringing event can be found here: https://rumble.com/v1f1fs7-president-donald-j-trump-speech-at-cpac-texas-in-dallas-tx-8622.html

### *Defendant RNC's Infringement*

61.    Upon information and belief, Mr. Trump unlawfully performed the Copyrighted Work after his speech at the 2024 Republican National Convention on July 18, 2024, at Fiserv Forum in Milwaukee, Wisconsin, which was hosted by Defendant RNC. The sound recording was not performed, but the composition and lyrics were unlawfully performed by a band. A timestamped video of the infringing event can be found here: https://youtu.be/TqFV0lycLlo?t=5692.

### *Defendant BTC's Infringement*

62. Upon information and belief, Mr. Trump unlawfully performed the Copyrighted Work after his speech at the Bitcoin 2024 Conference in Nashville, Tennessee on July 27, 2024, at the Music City Center in Nashville, Tennessee, which was hosted by Defendant BTC. A timestamped video of the infringing event can be found here: https://youtu.be/whEZpU44kzc?t=3075.

63. The use of the Copyrighted Work by Defendants amounts to an improper or unlawful appropriation, because each instance referenced above is an unlicensed public performance.

### *Trump Campaign Attempt for Post Ipso Facto License*

64. Upon information and belief on August 7, 2024, four (4) years and an estimated one hundred and fifty (150) individual infringements after Mr. Trump began his unlawful use of the Copyrighted Song, a representative of the Trump Campaign contacted Plaintiffs but never issued or signed a license.

65. Upon information and belief, Defendants made no material effort before the aforementioned instance to contact the Plaintiffs to obtain a license before the unauthorized use of the Copyrighted Work.

### THE WRONGFUL CONDUCT OF ALL OF THE DEFENDANTS

66. Defendants has infringed the copyright in the Copyrighted Work by:

(a) substantial actual copying and public performances, or

authorizing copying and public performances without a license

16

from the Copyright holder;

(b) authorizing the distribution and public performance of the Copyrighted Work; and

(c) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Copyrighted Work, which has been commercially exploited on different platforms online and otherwise.

67.    Mr. Trump and the Trump Campaign do not own, in whole or in part, the Copyrighted Work "Hold On, I'm Coming," yet commercially exploited the Copyrighted Work by performing the work or inducing others to perform the Copyrighted Work publicly.  *See* **Exhibit E**.

68.    Upon information and belief, Mr. Trump and the Trump Campaign, distribute and publicly perform (and/or authorizes others to do so) the Copyrighted Work through various mediums.

## **COUNT 1**

## **(AGAINST DEFENDANTS MR. TRUMP AND THE TRUMP CAMPAIGN)**

## **COPYRIGHT INFRINGEMENT OF THE COMPOSITION**

69.    Plaintiffs reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

17

70.     Defendants Mr. Trump and the Trump Campaign infringed on the copyright of the composition owned by Plaintiff when they publicly performed the Copyrighted Work over one hundred and fifty (150) times without permission or authorization from Plaintiffs.

71.     Upon information and belief, Defendants Mr. Trump and the Trump Campaign have publicly performed the Copyrighted Work since 2020. In addition, Defendants and/or their authorized agents failed to obtain a license to use the Copyrighted Work before the public performances. Each public performance referenced herein used the composition embodied in the Copyrighted Work without license or agreement from Plaintiffs.

72.     The repeated unlawful use of the composition embodied by the Copyrighted Work, has worked to the financial advancement of Defendants.

73.     Defendants engaged in improper conduct and copyright infringement, as more fully described herein, by directly or indirectly:

(a) publicly performing the composition embodied by the Copyrighted Work, without a license;

(b) reproducing and distributing (including digital distribution of) the composition embodied by Copyrighted Work;

(c) authorizing others to reproduce and distribute (including digital distribution of) the composition embodied Copyrighted Work

18

and by making them available for digital download in sync with

Campaign Videos; and

(d) improperly receiving revenue generated in part by the

commercial exploitation of the composition embodied by the

Copyrighted Work including but not limited to income derived

from event ticket sales, other licensing fees, digital distribution,

and broadcasting fees, among other sources known only to

Defendants herein.

74.   Defendants knew or should have known that the composition

embodied by the Copyrighted Work was publicly performed and distributed

without authorization.

75.   Plaintiffs have incurred significant economic damages as result of

Defendants' conduct.

76.   Pursuant to 17 U.S. Code § 504, Plaintiff should be awarded actual and

punitive damages and/or statutory damages for each infringement proven, plus

costs, interest and attorneys' fees in an amount to be determined at the time of

trial.

**COUNT 2**

**COPYRIGHT INFRINGEMENT OF THE SOUND RECORDING**

**(AGAINST DEFENDANTS MR. TRUMP AND THE TRUMP CAMPAIGN)**

19

77.     Plaintiffs reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

78.     Defendants Mr. Trump and the Trump Campaign infringed on the copyright of the sound recording owned by Plaintiffs when they performed the sound recording of the Copyrighted Work an estimated one hundred and fifty (150) times, without permission or authorization from Plaintiffs.

79.     Upon information and belief, Mr. Trump and the Trump Campaign have been publicly performing the sound recording of the Copyrighted Work since 2020. In addition, Defendants and or their authorized agents failed to obtain a valid license to use the Copyrighted Work. Each public performance by Defendants contains the sound recording of the Copyrighted Work.

80.     The unlawful use of the Copyrighted Work has worked to the financial detriment of Plaintiffs in that its association with the Defendants has diminished the value of the Copyrighted Work.

81.     Defendants engaged in improper conduct and copyright infringement of the sound recording, as more fully described herein, by directly or indirectly:

> (a) publicly performing the sound recording of the Copyrighted Work without a license;
>
> (b) reproducing and distributing (including digital distribution of) the sound recording of the Copyrighted Work without a license;

(c) authorizing others to reproduce and distribute (including digital distribution of) the sound recording of the Copyrighted Work and by making them available for digital download in sync with Campaign Videos; and

(d) improperly receiving revenue generated in part by the commercial exploitation of the sound recording of the Copyrighted Work including but not limited to income derived from event ticket sales, other licensing fees, and digital distribution of Campaign video events unlawfully playing the sound recording of the Copyrighted Work.

82.   Mr. Trump and the Trump Campaign knew or should have known that the sound recording of the Copyrighted Work were copied and distributed without authorization.

83.   Plaintiffs have incurred significant economic damages as result of Defendants' conduct.

84.   Pursuant to 17 U.S. Code § 504, Plaintiffs should be awarded actual and punitive damages and/or statutory damages for each infringement proven, plus costs, interest and attorneys' fees in an amount to be determined at the time of trial.

## COUNT 3

## CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRIGEMENT OF THE COMPOSITION (AGAINST DEFENDANTS RNC, TURNING POINT, ACU, BTC AND NRA)

85.    Plaintiffs reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

86.    Defendants RNC, Turning Point, ACU, BTC and NRA allowed the composition embodied by the Copyrighted Song to be performed during Trump Campaign events without exercising due diligence and searching for authorization to use the composition embodied by the Copyrighted Work, and or obtaining their own authorization to use the Copyrighted Work.

87.    Defendant's aforementioned conduct constitutes direct, contributory and/or vicarious copyright infringement of the composition embodied by the Copyrighted Work.

88.    Plaintiffs have incurred significant economic damages as result of Defendants' conduct.

89.    Pursuant to 17 U.S. Code § 504, Plaintiffs should be awarded actual and punitive damages and/or statutory damages for each infringement proven, plus costs, interest and attorneys' fees in an amount to be determined at the time of trial.

## COUNT 4

## CONTRIBUTORY AND/ OR VICARIOUS COPYRIGHT INFRIGEMENT OF THE SOUND RECORDING (AGAINST DEFENDANTS RNC, TURNING POINT, ACU, BTC AND NRA)

90.     Plaintiffs reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

91.     Defendants RNC, Turning Point, ACU, BTC, and NRA allowed the sound recording of the Copyrighted Song to be performed during their individual Trump Campaign events without exercising due diligence and searching for authorization to use the composition embodied by the Copyrighted Work, and or obtaining their own license to use the Copyrighted Work.

92.     Defendant's aforementioned conduct constitutes direct, contributory and/or vicarious copyright infringement of the sound recording encompassing the Copyrighted Work.

93.     Plaintiffs have incurred significant economic damages as result of Defendants' conduct.

94.     Pursuant to 17 U.S. Code § 504, Plaintiffs should be awarded actual and punitive damages and/or statutory damages for each infringement proven, plus costs, interest and attorneys' fees in an amount to be determined at the time of trial.

## **COUNT 5 (AGAINST ALL DEFENDANTS)**

## **ACCOUNTING**

95.     Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

96.     Due to the infringement and wrongful acts of Defendants, Plaintiffs are entitled to an accounting from each Defendant, of income generated by the unlawful uses of Plaintiffs' copyright such that they may determine the revenues and profits rightfully belonging to them, which were wrongfully gained by Defendants.

97.     Due to the wrongful acts of the Defendants, Plaintiffs are entitled to an accounting from Defendants of income generated by the unlawful use of Plaintiffs' Registered Trademarks and Songwriter's right of publicity, such that Plaintiff may determine the revenues and profits rightfully belonging to them from the use of Songwriter's indica of celebrity.

## **COUNT 6 (AGAINST ALL DEFENDANTS)**

## **FEDERAL FALSE ENDORSEMENT, FALSE ADVERTISING, AND CONTRIBUTORY FALSE ADVERTISING**

98.     Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

99.     Defendants have violated Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

24

100.   Defendants' (Mr. Trump and the Trump Campaign) incessant unlawful use of the Copyrighted Work in connection with its Campaign, as set forth above, constitute using an indica of identity of the Songwriter in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Songwriter; or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

101.   These literally false and/or misleading uses of Songwriter's widely recognized celebrity and legacy in connection with the Defendants' unlawful use of the Copyrighted Work, deceived or tended to deceive a substantial number of reasonable consumers, and lead them to believe that Songwriter and Plaintiffs assented to Defendants use of the Copyrighted Work. Defendants' false endorsement and advertising and its effects on Plaintiffs' intellectual property were and are material to consumers' purchasing decisions in deciding whether to purchase Plaintiffs' products. In addition, these literally false and/or misleading endorsements and advertisements continue to actually deceive or tend to deceive a substantial number of reasonable consumers of Songwriter's music and are likely to be material to consumers' purchasing decisions.

102.   On information and belief, Defendants' acts of false endorsement and/or false advertising caused or have a high likelihood of causing deception of the

public, misleading prospective purchasers as to the endorsement and or business relationship between Defendants and Plaintiffs.

103.   Defendants RNC, Turning Point, ACU, BTC, and NRA allowed the iconic Copyrighted Work to be performed by Mr. Trump during their individual Trump Campaign events and fundraisers without exercising due diligence, or obtaining their own individual authorization.

104.   These unlawful uses caused injury to the Plaintiffs by contributing to Mr. Trump's misconduct, by either knowing, inducing, or causing the conduct, or materially participating in it.

105.   Defendant's aforementioned conduct constitutes direct and/or contributory false endorsement and/or advertising.

106.   As a proximate result of Defendant's acts described above, Plaintiffs have suffered and will continue to suffer irreparable harm in the form of damage and injury to their business, reputation, and goodwill. Plaintiffs will continue to sustain substantial loss of revenues, profits, and goodwill unless Defendants are preliminarily and permanently restrained and enjoined by the Court from further false endorsement and/or advertising.

## COUNT 7

## GEORGIA STATE RIGHT OF PUBLICITY
## (AGAINST ALL DEFENDANTS)

107.   Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs.

108.   Songwriter attained international recognition in the musical arts during his lifetime. *See* **Exhibits C** and D.

109.   By using the Copyrighted Work, over one hundred times, over a period of four years, at paid political rallies and speeches, without a license, Defendants invoked the Songwriter's likeness and/or a representation of that identity.

110.   The unauthorized use of the Songwriter's right to publicity was without the Songwriter's or Plaintiffs' consent.

111.   The unauthorized use of the Songwriter's identity was for the defendants' financial gain or commercial benefit.

## TRIAL BY JURY

112.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 100 hereof as if fully set forth herein.

113.   Plaintiffs hereby request a trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

**WHEREFORE, PLANTIFFS** respectfully prays for relief as follows:

1.  That the Court find Defendants have willfully infringed Plaintiff's copyright and award Plaintiffs statutory damages under the Copyright Act of 1976, as

amended pursuant to the entire act, including but not limited to, 17 U.S.C. § 504(c), or in the alternative, Plaintiffs' actual damages and any additional profits of the Defendants attributable to the infringement, as provided by 17 U.S.C. § 504(b).

2. That the Court, pursuant to 15 U.S.C. § 1117(a), find that Defendants have engaged in false endorsement and/or false advertising and contributory false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and award Plaintiffs damages, including but not limited to Defendants' profits, any damages sustained by Plaintiffs, and the costs of the action.

3. That the Court find, pursuant to O.C.G.A. § 10-1-763, Defendants have misappropriated Plaintiffs' name, likeness, and/or identity for commercial purposes without consent, in violation of Georgia's common law right of publicity, and award Plaintiffs damages, including but not limited to, compensatory damages for the unauthorized use and any resulting unjust enrichment, as well as exemplary damages for willful and malicious misappropriation.

4. That the Court award reasonable attorneys' fees and costs incurred in this action, pursuant to O.C.G.A. § 10-1-399(d), and any other applicable statutes.

5. That Defendants, their officers, agents and employees, and all persons acting

in concert or participation with them, be enjoined both during the pendency of this action and permanently thereafter from copying, reproducing, distributing, publishing, electronically transmitting, or otherwise commercially exploiting the Infringing Videos and/or any derivative work thereof without authorization from Plaintiffs, or otherwise infringing Plaintiffs' copyrights in any manner, and from permitting, authorizing or causing others to do so;

6. That Defendants be required to deliver up to be impounded and destroyed all copies of the Infringing Video and/or any derivative work thereof in Defendants' custody or control;

7. That the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 21 day of August 2024.

*/s/James L. Walker, Jr.*
James L. Walker Jr., Lead Counsel
**J. Walker & Associates, LLC**
Georgia Bar No. 260643
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com
*Attorney for Plaintiffs*

*/s/Gerald A Griggs*
Gerald A. Griggs, Co-Counsel
**Gerald A. Griggs LLC**
Georgia Bar No. 141643
1479 Brockett Rd Ste 301
Tucker, GA 30084
*Attorney for Plaintiffs*

29

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

This 21 day of August, 2024.

*/s/James L. Walker, Jr.*
James Walker Jr.
**J. Walker & Associates, LLC**
Georgia Bar No. 260643
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com
*Attorney for Plaintiffs*


*/s/Gerald A Griggs*
Gerald A. Griggs
**Gerald A. Griggs LLC**
Georgia Bar No. 141643
1479 Brockett Rd Ste 301
Tucker, GA 30084
*Attorney for Plaintiffs*
