IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ISAAC HAYES ENTERPRISES, LLC, THE ESTATE OF ISAAC HAYES**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DONALD JOHN TRUMP** individually**, DONALD J. TRUMP FOR PRESIDENT, 2024, INC., REPUBLICAN NATIONAL COMMITTEE, TURNING POINT USA, INC., NATIONAL RIFLE ASSOCIATION OF AMERICA, AMERICAN CONSERVATIVE UNION, BTC INC,**<br><br>**Defendants.** | **JURY TRIAL DEMANDED**<br>**CASE NO:**<br>**1:24-cv-03639-TWT** |

**PLAINTIFFS' AMENDED BRIEF IN SUPPORT OF**
**MOTION FOR AN EMERGENCY PRELIMINARY INJUNCTION**

**INTRODUCTION**

The iconic Isaac Lee Hayes Jr. (hereinafter "Hayes") was an American singer, songwriter, composer, and actor. He was a pillar behind the Southern soul music label Stax Records, serving as both an in-house songwriter and as a session musician and record producer. Sam & Dave released the record "Hold On, I'm Comin'" (officially registered as "Hold On, I'm Coming") (hereinafter the

1

"Copyrighted Work") in 1966 with widespread success. The Copyrighted Work was co-written by Hayes. At the time of its release, the Copyrighted Work peaked at number one on the Billboard Hot R&B singles chart and at number 21 on the Billboard Hot 100. At the time of the Copyrighted Work's release, Hayes and co-writer David Porter were the owners of all right, title, and interest in and to the song, including the copyright therein, which was originally registered on March 3, 1968, with the United States Copyright Office under Registration Number EP0000246262, and renewed under Registration Number RE0000734375 on January 11, 1996 (A copy of the Registration for the Copyrighted Work from the United States Copyright Office is attached hereto as Exhibit A). Hayes passed away in 2008, leaving his copyright interest to his Estate, administered by his family.

## FACTUAL BACKGROUND

Plaintiff Hayes Enterprises, LLC, is the current owner of right, title, and interest in and to the Song "Hold On, I'm Coming" (hereinafter "Copyrighted Work") including the copyrights therein, which was assigned to Plaintiff with the United States Copyright Office under Document Number V15024D259, (A copy of the Document recording the Assignment for the Copyrighted Work from the United States Copyright Office is attached hereto as Exhibit A). Plaintiff Hayes Enterprises, LLC, owns two live and one pending mark registrations for the name "Isaac Hayes" at the United States Patent and Trademark Office.

Mr. Trump and the Trump Campaign ("Trump Campaign") has unlawfully publicly performed the Copyrighted Work at all rallies and public appearances starting in 2020. A cease-and-desist letter was sent that year to the Trump campaign by non-parties Universal Music Group and Warner Chappell Music, who are lawful publishers of Plaintiff's Copyrighted Work. Despite the cease-and-desist letter, Mr. Trump and the Trump Campaign have unlawfully used the Copyrighted Work in violation of several provisions of Title 17 U.S.C., including § 501, of the Copyright Act of 1976, as amended, over one hundred times since 2020. (A non-exhaustive list is attached hereto as Exhibit E.)  Specifically, and ironically, Trump has spent a lifetime and well over 60 years protecting, expanding and building the *Trump* name goodwill and brand that his father left him, but refuses to honor, respect and pay for the name, brand, goodwill, intellectual property and business that was left to the Hayes family by their father.

For example, Trump Campaign events have been recorded and uploaded on to social media and video sharing sites, including but not limited to: YouTube, Rumble, Facebook, and Instagram. The aforementioned recordings of Trump Campaign events also recorded the unlawful public performance of the Copyrighted Work over one hundred times. Defendants Mr. Trump and/or the Trump Campaign made no material effort to contact the Plaintiffs to pursue a license to use the Copyrighted Work until August 7, 2024. Defendants' most recent unlawful public performance

3

was on August 9, 2024, at a Trump Campaign rally in Bozeman, Montana. If the Court does not grant the relief sought, the Plaintiffs will continue to suffer irreparable injury, financial loss, intellectual property loss and a litany of damages before final disposition of this action due to the Defendant's constant violation of the Plaintiffs' Copyright and goodwill.

## ARGUMENT

A preliminary injunction is granted in a copyright infringement case when the movant establishes: "(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002).

### I.   Plaintiffs are Highly Likely to Succeed on the Merits of their Claim.

To establish a prima facie case of copyright infringement, plaintiffs must show (1) the plaintiffs' ownership of or exclusive license for a valid copyright in the copyrighted sound recording and (2) that Defendants copied protected elements of that work. *Strike 3 Holdings, LLC v. Doe*, Civil Action No. 1:23-cv-02096-SDG, 2023 U.S. Dist. LEXIS 109354, at *4-5 (N.D. Ga. June 26, 2023) *citing Oravec v. Sunny Isles Luxury Ventures,* L.C., 527 F.3d 1218, 1223 (11th Cir. 2008).

Here, Plaintiffs have a valid assigned interest in the Copyrighted Work. *See Exhibit A*. This constitutes prima-facie evidence of copyright ownership pursuant to 17 U.S.C. § 410 (c); *See Joelsongs v. Shelley Broad. Co.*, 491 F. Supp. 2d 1080, 1083 (M.D. Ala. 2007). Therefore, this prong is satisfied. The second prong is satisfied, not only because Defendants "copied protected elements", but because they illegally publicly performed the Copyrighted Work fully in stadiums across the United States at campaign rallies and speaking events, with over one hundred videos documenting the illegal public performances across the Internet. Therefore, Plaintiffs have a high likelihood of success of the merits of the underlying case.

## II.    An Irrepreable Harm Analysis Weighs Heavily in Plaintiff's Favor

"In the Northern District of Georgia, it has plainly been held that, 'once a copyright holder has made out a prima facie case of copyright infringement, irreparable injury is presumed.'" *Am. Family Life Ins. Co. v. Assurant, Inc.*, No. 1:05-CV-1462-BBM, 2006 U.S. Dist. LEXIS 8781, at *42 (N.D. Ga. Jan. 11, 2006) *citing Georgia Television Co. v. TV News Clips, Inc.*, 718 F. Supp. 939, 948 (N.D. Ga. 1989) (noting that other Circuits agree that irreparable injury is presumed once the copyright holder has proved ownership).

Due to the substantial public evidence of the infringements, and the true and attested ownership of the Copyrighted Work by Plaintiffs, irreparable harm is presumed. Therefore, this prong is satisfied.

### III.     Defendants will not be Disproportionately Harmed by an Injunction

While Courts measure the harm an injunction might have on defendants' activities, "copyright law . . . dictates that such injury merits little equitable consideration and is insufficient to outweigh the continued wrongful infringement of [Plaintiff's] asserted legal rights." *Am. Family Life Ins. Co. v. Assurant, Inc.*, No. 1:05-CV-1462-BBM, 2006 U.S. Dist. LEXIS 8781, at *56 (N.D. Ga. Jan. 11, 2006) *quoting Ga. TV Co. v. TV News Clips of Atlanta, Inc*., 718 F. Supp. 939 (N.D. Ga. 1989).

Here, the Copyrighted Work in question is an exceedingly famous and profitable song called "Hold On I'm Coming." The Copyrighted Work is exploited by licensing the song and sound recording for movies, television shows, and covers by other musical artists. In contrast, the only harm attributable to the Defendants is that they will not be able to continue to infringe on Plaintiffs' rights and ownership of the Copyrighted Work and will have to find other music to publicly perform as defendant Mr. Trump's "exit" song at his rallies or appearances and fundraisers. Defendants Mr. Trump and the Trump Campaign will still be able to sell tickets to rallies and engage in speaking engagements following an injunction. Defendants RNC, Turning Point, ACU, NRA, BTC, will all face no real commercial injury once the infringing videos of their events are removed, so the equity analysis weighs heavily in favor of Plaintiffs. Therefore, this prong is satisfied.

## IV. The Public Interest is in Favor of Protecting the Rights of the Plaintiffs.

The Plaintiffs' Copyrighted Work is one of the most iconic and successful songs of the last century. It has been licensed, sampled, and covered by hundreds of parties. Defendants have demonstrated callous disregard for the rights of Plaintiffs by continuing to illegally publicly perform the Copyrighted Work at Campaign events and speaking engagements and uploading those events onto the Internet as videos that have been seen millions of times. As a result of this vast and public infringement, "there is seldom any question of whether the entry of an injunction will serve the public interest." *Id quoting Ga. TV Co.*, 718 F. Supp. at 950.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully requests that the Court enter a preliminary injunction enjoining all defendants from engaging in the conduct specified above.

Respectfully submitted this 21 day of August 2024.

/s/*James L. Walker, Jr.*
James Walker Jr.
**J. Walker & Associates, LLC**
Georgia Bar No. 260643
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com
*Attorney for Plaintiffs*


/s/*Gerald A Griggs*
Gerald A. Griggs
**Gerald A. Griggs LLC**
Georgia Bar No. 141643
1479 Brockett Rd Ste 301
Tucker, GA 30084
*Attorney for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

This 21 day of August, 2024.

*/s/James L. Walker, Jr.*
James Walker Jr.
**J. Walker & Associates, LLC**
Georgia Bar No. 260643
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com
*Attorney for Plaintiffs*


*/s/Gerald A Griggs*
Gerald A. Griggs
**Gerald A. Griggs LLC**
Georgia Bar No. 141643
1479 Brockett Rd Ste 301
Tucker, GA 30084
*Attorney for Plaintiffs*