IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISAAC HAYES ENTERPRISES, LLC, *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD JOHN TRUMP, *et al*., <br><br> *Defendants*. | Case No. 1:24-cv-03639-TWT |

**OPPOSITION TO MOTION FOR EMERGENCY PRELIMINARY INJUNCTION BY DEFENDANTS DONALD JOHN TRUMP AND DONALD J. TRUMP FOR PRESIDENT 2024, INC.**

As this Court is aware, this action involves a claim by plaintiffs Isaac Hayes Enterprises, LLC and the Estate of Isaac Hayes against defendants, including former President Donald J. Trump and Donald J. Trump for President 2024, Inc. (collectively, the "Campaign") for alleged infringement of the song "Hold On, I'm Coming" (the "Song"), which has been played at public events supporting President Trump's candidacy. For purposes of opposing plaintiffs' preliminary injunction motion, the Campaign adopts the facts and arguments set forth in the submission of defendant the Republican National Committee ("RNC") (ECF Dkt. 26), and adds the below either for emphasis or to round out the factual record.

As the RNC submission makes eminently clear, plaintiffs have failed to meet any of the well-established requirements on which the extraordinary relief of a preliminary injunction must be grounded. See, *Eknes-Tucker v. Gov. of Ala.*, 80 F.4th 1205, 1219 (11th Cir. 2023) (citation omitted). Plaintiffs are not substantially likely to succeed on the merits of their claims because they have not even made a prima facie showing that they own the copyright at issue, and because they have provided the Court with no basis to rebut the documented defense that the use alleged was duly licensed. They have not shown, and could not show, the existence of irreparable harm, especially in light of their unreasonable delay in pursuing the equitable relief they are now seeking from this Court. They have failed to show that either a balancing of the harms or the public interest favors them.

For these reasons, and especially in light of the existence of substantial factual disputes regarding ownership that assuredly cannot be resolved in plaintiffs' favor on the present record, the Court should deny the relief sought.

## STATEMENT OF FACTS

The Campaign, again, adopts the facts set out in the RNC opposition to the pending motion (ECF Dkt. 26) and draws the Court's attention to the substantial delay – since 2020 – on the part of plaintiffs in bringing this action. The Campaign also observes that, in addition to the RNC's compelling argument that plaintiffs'

conclusory claim of copyright ownership is not only unsupported by the record (ECF Dkt. 26, at pp. 9-10) but is also contradicted by the Declaration of Sam Moore – surviving half of the celebrated soul duo Sam and Dave whose voice is the voice of the Song, and who has first-hand familiarity with the facts concerning its provenance and ownership.

As Mr. Moore explains, the Song was co-written by Isaac Hayes and his then-partner in writing, David Porter in late 1965, who assigned their rights to STAX Records in 1966; such assignments by songwriters, as Mr. Moore explains, are virtually universal practice in popular music.  Following a number of transactions over the decades, during which the rights to "Hold On, I'm Coming" were held or purchased by various publishers, they ended up being split between Universal Music Group Publishing (UMPG), which owns the majority of the rights, and Warner Chappel Music Publishing. Moore Decl. ¶¶ 12-20.  For this reason, all licensing in commerce of "Hold On, I'm Coming," including for commercials, movies, or television as a work protected by copyright, is controlled exclusively on behalf of UMPG and Warner Chappel by UMPG as the majority holder of the copyright interest.  *Id*. ¶ 17.

Contrary, moreover, to the repeated assertions in the Amended Complaint that the Campaign's use of the Song was at all times unlicensed, the Campaign obtained a Music License for Political Entities or Organizations effective

3

November 30, 2022 which authorized the Campaign's use of "Hold On, I'm Coming." Exh. A., Declaration of Justin Caporale. Plaintiffs' complete omission of this fact, of which they are well aware, from the allegations of the Amended Complaint raise serious questions about not only the factual issue but their candor toward this Court.

Plaintiffs also make a claim of "false endorsement" under Section 43(a) of the Lanham Act, asserting that the Campaign's uses of the Song "constitute using an indica [*sic*] of identity of the Songwriter in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Songwriter; or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities." Amended Compl. ¶ 100. But as Mr. Moore explains in his Declaration, other than specialized music historians and Isaac Hayes fans, few associate Isaac Hayes with "Hold On, I'm Coming." Moore Decl. ¶ 19. Popular music fans pay little attention to songwriters and typically associate a musical recording with the performing artist who made that song famous. *Id*. at ¶¶ 20 -21.

Finally, to the extent that plaintiffs' allegations are meant to imply that Isaac Hayes would have been antipathetic to the use of the song by a Republican political campaign – even granting, contrary to the law, that he had power to decide how the Sam and Dave recording of the song would be used – Mr. Moore observes

that, having been a close friend of Mr. Hayes and having worked with him on a number of performances and projects involving prominent Republicans, such an inference is not justified by the record or the facts.

## LEGAL STANDARD

It is well established that a preliminary injunction may only be granted where the moving party demonstrates (1) a substantial likelihood of success on the merits; 2) irreparable injury absent the issuance of an injunction; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the public interest favors the issuance of the injunction. *Eknes-Tucker*, *supra*, 80 F.4th at 1219 (quotation marks and citation omitted). As shown below, plaintiffs fail to meet even one of these requirements here, which is fatal to their application.

## LEGAL ARGUMENT

The Campaign again adopts the arguments in the RNC's submissions and adds the following:

I. **PLAINTIFFS HAVE NOT SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS.**

   A. **Plaintiffs have not shown that they have an ownership interest in the copyright to the Song.**

As the RNC's opposition observes, plaintiffs' allegation of copyright ownership relies on a Copyright Office record of a March 30, 2024 "Copyright

5

Assignment" from Isaac Hayes Enterprises, LLC to an entity called Primary Wave Music IP Fund 3, LP – thus demonstrating in a compelling fashion that plaintiffs assigned the copyright to a non-party. The Campaign has, in fact, repeatedly requested a copy of this document, and plaintiffs have refused to provide it. All the Court has to rely on is the exceedingly vague Verification signed by Isaac Hayes, III claiming to have "personal knowledge of the issues and facts and assertions" in the papers submitted by plaintiffs (Doc. 7, ¶ 4) in support of their motion, none of which actually documents plaintiffs' ownership of the copyright in the Song. But it is well settled that "the actual language of the contract is the best evidence of the intent of the parties." *Rose v. M/V "GULF STREAM FALCON"*, 186 F.3d 1345, 1350 (11th Cir. 1999). But parties and the Court are "not required to simply accept the averments in Defendants' Affidavits and Declarations at face value" on summary judgment but are "entitled to conduct discovery to determine whether there exists a basis to challenge them," *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1288 (S.D. Fla. 2005) ("the most prudent means to determine who has copyright ownership in the Album is via the terms of the distribution agreement"; summary judgment). On a motion for a preliminary injunction, "courts generally agree that a plaintiff must offer some 'affirmative proof of legal or beneficial ownership" *Twins Special Co. v. Twins Special, LLC*, No. 23CV223-JO-DDL, 2023 WL 3565073, at *2 (S.D. Cal. Apr.

6

14, 2023) (denying injunction in the absence of sufficient proof of ownership, notwithstanding testimony of movant).

Not only is plaintiffs' evidence insufficient, but it is rebutted by both the implications of BMI's issuance of a license to the Campaign (Decl. of Justin Caporale, Ex. A) and the Declaration of Sam Moore, in which he explains, based on his intimate familiarity with the facts, exactly what the copyright history of the Song actually is. This is sufficient to deny plaintiffs' motion. See, *Dellacasa, LLC v. John Moriarty & Assocs. of Fla., Inc.*, No. 07-21659-CIV, 2008 WL 299024, at *16 (S.D. Fla. Feb. 1, 2008) ("Although the plaintiff's Certificate of Registration constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate, the defendants have presented ample credible evidence rebutting the presumption that the plaintiff is the owner of the registered shop drawings"; denying injunction).

**B.     Plaintiffs have not rebutted the defense of the Campaign having a valid license.**

A copyright infringement claim fails as a matter of law where the defendant has a license. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 961 (11th Cir. 2009). License is an affirmative defense to infringement, and on a motion for a preliminary injunction, "a movant must demonstrate its likelihood of success of the merits at trial as to affirmative defenses, as well as to the element of the plaintiffs' prima facie case." *Ga. Television Co. v. TV News Clips of Atlanta, Inc.*,

7

718 F. Supp. 939, 947 (N.D. Ga. 1989). Plaintiffs have simply failed to address, much less overcome, the Campaign's license defense, and for this reason cannot demonstrate a likelihood of success on the merits.

### C.   Use of the Song in online video content is fair use

The Campaign adopts and incorporates the RNC's fair use argument that plaintiffs are not likely to succeed on a claim of infringement based on the presence of the Song in Campaign videos, essentially as background or incidental music, because they constitute fair use, and cannot possibly have an effect on the market value of the Song. See, *Katz v. Google Inc.*, 802 F.3d 1178, 1184 (11th Cir. 2015); SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1278 (9th Cir. 2013) (television clip used in musical performance was transformative because it was not used for "its own entertainment value").

## II.   PLAINTIFFS HAVE NOT SHOWN IRREPARABLE HARM

"A showing of irreparable harm is the sine qua non of injunctive relief." *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990). Yet plaintiffs have made virtually no effort at demonstrating irreparable harm – which, per the rule of *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), may not be presumed – is a required showing on a preliminary injunction motion. See *Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enterprises*, 533 F.3d 1287, 1323 (11th

8

Cir. 2008) ("As the Supreme Court [in eBay] has observed, a permanent injunction does not automatically issue upon a finding of copyright infringement").

Furthermore, a "delay in seeking a preliminary injunction of even only a few months – though not necessarily fatal – militates against a finding of irreparable harm." *Wreal, LLC v. Amazon.com, Inc*., 840 F.3d 1244, 1248 (11th Cir. 2016).  *See also*, *Tiber Lab'ys, LLC v. Hawthorn Pharms., Inc*., 527 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007) (where the movant unduly delayed in bringing suit, "thereby negating the idea of irreparability," a preliminary injunction should not issue).  The Amended Complaint itself acknowledges that plaintiffs have been aware that the Song was being played in connection with President Trump's campaign events since 2020. Amended Compl. ¶¶ 9, 44. Their four-year delay in seeking relief is simply inexcusable.

### III.   THE BALANCING OF HARMS DOES NOT FAVOR PLAINTIFFS

Having failed to demonstrate the existence of any irreparable harm at all, plaintiffs cannot demonstrate that the balance of harms favors them here. See, *Wilf v. Bd. of Regents of the Univ. Sys. of Georgia*, No. 1:09-CV-1877-RLV, 2009 WL 10658152, at *3 (N.D. Ga. Sept. 29, 2009) (absent a showing of "irreparable harm" balance of the hardships does not weigh in plaintiff's favor).  On the defendants' side, meanwhile, the relief sought would unquestionably result in harm because it would be a restriction of defendants' expression rights, affecting "core political

9

speech" for which "the importance of First Amendment protections is at its zenith." *Meyer v. Grant*, 486 U.S. 414, 422, 425 (1988) (quotations omitted) and which would "unquestionably constitute [ ] irreparable injury" to defendants. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

IV. **THE PUBLIC INTEREST DOES NOT FAVOR PLAINTIFFS**

As the RNC submission makes clear, "free political speech" is in the public interest. *Shrink Missouri Gov't PAC v. Adams*, 151 F.3d 763, 765 (8th Cir. 1998), and the public interest in political speech is heightened during a presidential election, *see Elrod*, 427 U.S. at 374 n.29. Plaintiffs demand that Campaign videos that have already been posted online be removed because of the risk of irreparable harm they have not shown and based on rights they have not proved they possess cannot possibly be in the public interest.

Additionally, the rights of third parties are legitimately considered as part of the "public interest" prong on a preliminary injunction motion – and as the Moore Declaration makes clear, the effect on him of this litigation has already been harsh and decidedly undeserved. The public interest does not favor the relief sought by plaintiffs here.

## CONCLUSION

For these foregoing reasons, the Court should deny Plaintiffs' Motion for an Emergency Preliminary Injunction.

Date: August 31, 2024

Respectfully submitted,

/s/ *William Bradley Carver, Sr.*
William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303
(404) 954-6967
bcarver@hallboothsmith.com

Baxter D. Drennon
GA Bar No. 241446
HALL BOOTH SMITH, P.C.
200 River Market Ave., Suite 500
Little Rock, AR 72201
(501) 214-3499
bdrennon@hallboothsmith.com

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION
Ronald D. Coleman (*pro hac vice* admission pending)
50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com

*Attorney for Donald J. Trump and
Donald J. Trump for President, 2024, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1(C).

*/s/ William Bradley Carver, Sr.*
William Bradley Carver, Sr.

*Attorney for Donald J. Trump and*
*Donald J. Trump for President, 2024, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on August 31, 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court via CM/ECF, which shall cause service on all counsel of record.

*/s/ William Bradley Carver, Sr.*
William Bradley Carver, Sr.

*Attorney for Donald J. Trump and*
*Donald J. Trump for President, 2024, Inc.*
