# EXHIBIT H

## Browne v. McCain

United States District Court for the Central District of California

February 20, 2009, Decided; February 20, 2009, Filed

Case No. CV 08-05334-RGK (Ex)

**Reporter**
612 F. Supp. 2d 1125 *; 2009 U.S. Dist. LEXIS 18876 **

JACKSON BROWNE v. JOHN MCCAIN, et al.

**Subsequent History:** Complaint dismissed at *Browne v. McCain, 612 F. Supp. 2d 1118, 2009 U.S. Dist. LEXIS 18872 (C.D. Cal., Feb. 20, 2009)*

### Core Terms

Lanham Act, artistic, Composition, fair use, test of relevancy, copyright infringement, political speech, candidate, likelihood of confusion, motion to dismiss, allegations, reasons, plaintiff's claim, matter of law, contends, cuts, interstate commerce, material fact, Plaintiff's Lanham Act, disagrees, commerce, factors, courts, minute, words

### Case Summary

**Procedural Posture**
Plaintiff songwriter sued defendant presidential candidate, the national committee of a political party, and an Ohio political party for copyright infringement, and other related claims arising out of defendants' alleged improper use of one of the songwriter's songs in a campaign commercial for the presidential candidate. The national committee filed a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss for failure to state a claim.

**Overview**
No defendant received a license nor the songwriter's permission to use the song in the commercial. The court declined to analyze fair use on the 12(b)(6) motion. The facts, as alleged in the complaint, were simply insufficient to conduct a thorough analysis of fair use. The parties had not had a full opportunity to conduct discovery. The national committee had not established that the claim was barred, as a matter of law, under the fair use doctrine. The mere fact that the claim was based on defendants' use of a copyrighted work in a political campaign did not bar the claim as a matter of law. To the extent the national committee's motion was based on its theory that the Lanham Act applied only to commercial speech, that theory was rejected. The national committee had not established that the *First Amendment* and artistic relevance test barred the Lanham Act claim. The national committee had not established, at the pleading stage, that the songwriter could not show likelihood of confusion.

**Outcome**

The motion to dismiss the claims for copyright infringement, vicarious copyright infringement, and violation of the Lanham Act was denied.

**Counsel:** [**1] Attorneys Present for Plaintiffs: Not Present.

Attorneys Present for Defendants: Not Present.

**Judges:** The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE.

**Opinion by:** R. GARY KLAUSNER

**Opinion**

[*1127] **CIVIL MINUTES - GENERAL**

**Proceedings: (IN CHAMBERS)** Order Re Republican National Committee's Motion to Dismiss for Failure to State a Claim (DE 27)

# I. INTRODUCTION

A few months before the 2008 Presidential election, Jackson Browne ("Browne" or "Plaintiff") sued Republican Presidential candidate, Senator John McCain ("Senator McCain"), along with the Republican National Committee ("RNC"), and the Ohio Republican Party ("ORP") (collectively "Defendants") for copyright infringement, and other related claims. Browne's claims arise out of Defendants' alleged improper use of his song *Running on Empty* in a campaign commercial for Senator McCain.

Presently before the Court is RNC's Motion to Dismiss for Failure to State a Claim. For the following reasons, the Court **DENIES** RNC's Motion.

# II. FACTUAL BACKGROUND

Plaintiff alleges the following facts:

Browne is a singer and songwriter who is closely associated with liberal causes and Democratic political candidates. (Compl. P 1.) Browne's public support for the Democratic Party and President [**2] Barack Obama is well-known. (Compl. P 15.) In fact, Browne has performed at political rallies for Democratic Party candidates. *Id.*

Senator McCain is a citizen of Arizona and ran as the Republican Presidential candidate in the 2008 Presidential election. (Compl. PP 1, 5.) RNC is a non-profit political organization based in the District of Columbia (Compl. P 6.) ORP is a non-profit political organization based in Ohio. (Compl. P 7.)

## A. The Composition

In 1977, Browne released an album entitled *Running on Empty* (the "Album"), [*1128] which contained a composition of the same name (the "Composition"). (Compl. P 13.) The Album reached platinum status (i.e., sales of one million or more) seven times over. *Id.* The Album and Composition are both famously associated with Browne, who owns a federally registered copyright in the Composition. (Compl. PP 13-14.) It is that Composition that Browne alleges Defendants improperly used in a campaign

commercial for Senator McCain. (Compl. PP 2, 13.)

The Composition is approximately four minutes and fifty-six seconds.[1] (Decl. McClelland Ex. 2.) It begins with an approximately twenty-two second instrumental introduction featuring a robust backbeat and piano ("Instrumental [**3] Introduction"). *Id.* The chorus repeats three times over the course of the Composition and consists of the following lyrics "Running on - running on empty, Running on - running blind, Running on- running into the sun, But I'm running behind" ("Chorus"). *Id.*

## B. The Commercial

In anticipation of then-Democratic Presidential candidate Barack Obama's visit to Ohio the week of August 4, 2008, ORP, acting as an agent for the RNC and Senator McCain, created a web video to criticize and comment on Barack Obama's energy [**4] policy and his suggestion that the country could conserve gasoline by keeping their automobile tires inflated to the proper pressure (the "Commercial"). (Compl. P 2.) During the Commercial, a sound recording of Browne performing the Composition, *Running on Empty,* plays in the background.

*Id.*

The Commercial is approximately one minute and twenty seconds. (Decl. McClelland Ex. 1.) It begins by displaying the words "Pain at the Pump" in large white and black letters, with bluish-pink graphics, followed by a twenty-five second montage of Ohio news broadcasts regarding the high price of gas. *Id.* The montage features reporters from Channels 5, 6, and 10, who state: (1) "we don't have to say it, we are all certainly sick of the pain at the pump"; (2) "now the price at the pump is going up once again"; (3) "$ 3.64 for a gallon"; (4) "gallon of regular going for $ 3.69"; (5) "gas prices are thirty-eight percent higher now than they were this time last year"; and (6) "for most of us, fill-up can be a budget buster." *Id.* The montage concludes with a Channel 5 reporter asking "so how do you bring down the price of gas here in northeast Ohio and across the U.S.A.?" *Id.*

The Commercial then cuts to [**5] a CNN broadcast of then-Democratic candidate Barack Obama at a rally saying "making sure your tires are properly inflated." *Id.* The sound of a needle dragged across a record is heard as the screen flashes the word "What!?" *Id.* Next, an image of Senator McCain appears, along with the words "Senator McCain has [illegible]." *Id.* The Commercial then cuts to information on Senator McCain's energy plan, including the words: "Expand Domestic Oil and Natural Gas Production; Reform Transportation Sector; Invest in Clean, Alternative Sources of Energy; Address Climate Change; Promote Energy Efficiency." *Id.*

---

[1] When analyzing a 12(b)(6) motion, a court may properly consider a document that is not attached to the complaint if (1) its contents are alleged in the complaint, and (2) no party has questioned its authenticity. See *Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)*, *overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)*. Here, Plaintiff did not attach a copy of the Commercial nor Composition to the Complaint, but the Court may properly consider those exhibits when analyzing Defendants' 12(b)(6) Motion because (1) their contents are alleged in the Complaint, and (2) no party has questioned their authenticity. (Joint Req. Jud. Not. 2-3.)

 **[*1129]** At approximately thirty-seven seconds, the Commercial cuts to Senator McCain at a rally saying "my friends this is a national security issue and who is paying the most today, who is bearing the burden? Low-income Americans who are driving the oldest automobiles. We owe it to them and we owe it to all Americans." *Id.*

At approximately fifty seconds, the Instrumental Introduction of the Composition begins playing as the screen displays the words "What's that Obama plan again?" *Id.* At approximately fifty-seven seconds, the volume on the Composition is lowered, but is still audible, and the Commercial **[**6]** cuts back to the CNN broadcast of Obama at a rally saying "making sure your tires are properly inflated, simple thing, but we could save all the oil that they are talking about getting off drilling if everybody was just inflating their tires?" *Id.* At approximately one minute eight seconds, the volume of the Composition increases as the Commercial cuts to a CNN broadcast of former Presidential candidate Senator Hillary Clinton saying "shame on you Barack Obama." *Id.*

At approximately one minute ten seconds, the Commercial cuts to a photo of Barack Obama with the words "Barack Obama: No Solutions," which changes to "Barack Obama: Not Ready to Lead" as Browne is heard singing the Chorus of the Composition. *Id.*

The Commercial then concludes with a black screen containing small print at the bottom that reads "Paid for by the Ohio Republican Party. www.ohiogop.org. Not authorized by any candidate or candidate committee." *Id.*

Neither Senator McCain, ORP, nor RNC received a license nor Browne's permission to use the Composition in the Commercial. (Compl. PP 2, 18.)

ORP posted the Commercial on YouTube.com ("YouTube"). (Compl. P 16.) The Commercial also aired on television and cable networks in **[**7]** Ohio and Pennsylvania, as well as other websites such as the Huffingtonpost.com. *Id.* The Commercial was also aired on and discussed by the national news media, including MSNBC. *Id.*

Since the Commercial first appeared on television and the Internet, Browne has received numerous inquiries expressing concern about Defendants' use of the Composition and Browne's performance. (Compl. P 17.)

Browne contends that the Commercial falsely suggests that he sponsors, endorses, or is associated with Senator McCain and the Republican Party, "when nothing could be further from the truth." (Compl. P 2.)

As a result, Browne sued Defendants on August 14, 2008, asserting claims for (1) Copyright Infringement, (2) Vicarious Copyright Infringement, (3) Violation of the Lanham Act (False Association or Endorsement), and (4) Violation of California Common Law Right of Publicity.

### III. **JUDICIAL STANDARD**

A party may move to dismiss for failure to state a claim upon which relief can be granted under *Federal Rule of Civil Procedure 12(b)(6)*. In deciding a *Rule 12(b)(6)* motion, the court must assume allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving [**8] party. *Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996)*. The court shall not consider facts outside the complaint. See *Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)*. The court may not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. [*1130] 1980)*. However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See *W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)*. Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)*.

## IV. DISCUSSION

### A. Copyright Infringement Claim

RNC contends that the fair use doctrine bars, as a matter of law, Plaintiff's Copyright claim. For the following reasons, the Court disagrees.

Congress codified the common-law doctrine of fair use in the Copyright Act of 1976, which provides that the "fair use of [**9] a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means . . . for purposes such as criticism, comment, news reporting, teaching, . . . scholarship, or research, is not an infringement of copyright." *17 U.S.C. § 107*. When determining whether a use constitutes a "fair use," courts consider several factors, including (1) purpose and character of the use, including whether the use is commercial or for non-profit educational purposes, (2) nature of the copyrighted work, (3) amount and substantiality of the portion of the work used in relation to the work as a whole, and (4) effect of the use on the potential market for or value of the work. *Id.*

Courts analyze fair use as a mixed question of law and fact. *Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 560, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985)*. As a consequence, in order to undertake the fair use analysis, a court usually must make factual findings, or rely on undisputed or admitted material facts. See *Harper & Row Publishers, Inc., 471 U.S. at 560*.

Generally, when analyzing a *Rule 12(b)(6)* motion, a court's analysis of the plaintiff's claims is limited to its allegations in the complaint. See *Arpin, 261 F.3d at 925*. [**10] At this stage, a court does not make factual findings, nor deem material facts undisputed or admitted. Thus, in light of a court's narrow inquiry at this stage and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a

12(b)(6) motion. *See Four Navy Seals v. Associated Press, 413 F. Supp.2d 1136, 1148 (S.D. Cal. 2005)*; *see also Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1403 (9th Cir. 1997)*.

Here, the Court declines to analyze fair use on RNC's 12(b)(6) motion. The facts, as alleged in the complaint, are simply insufficient to conduct a thorough analysis of fair use at this time. The parties have not had a full opportunity to conduct discovery. As a result, Plaintiff is not yet aware of all relevant and material facts supporting his claim and potentially refuting RNC's fair use defense.

Moreover, RNC has not established that Plaintiff's claim is barred, as a matter of law, under the fair use doctrine. The mere fact that Plaintiff's claim is based on Defendants' use of his copyrighted work in a political campaign does not bar Plaintiff's claim as a matter of law. [2]

[*1131] Thus, given the early stage of this case, undeveloped factual record, limited factual allegations in the Complaint, existence of potentially disputed material facts, and nature of the Court's inquiry on a 12(b)(6) motion, the Court declines RNC's invitation to undertake the fair use analysis at this time.

Therefore, the Court **DENIES** RNC's Motion to Dismiss Plaintiff's Copyright Infringement claim.

## B. Vicarious Copyright Infringement Claim

The Court **DENIES** RNC's Motion to Dismiss Plaintiff's Vicarious Copyright Infringement claim for the same reasons as stated in Section IV.A. above.

## C. Lanham Act Claim

RNC contends that the Court should dismiss Plaintiff's Lanham Act claim because (1) the Lanham Act applies only to commercial speech, (2) the *First Amendment* [**12] and artistic relevance test bar the claim, and (3) Plaintiff cannot, as a matter of law, establish likelihood of confusion. For the following reasons, the Court disagrees.

### 1. *Application of the Lanham Act to Political Speech*

RNC contends that Plaintiff cannot state a claim for false association or endorsement under *15 U.S.C. § 1125(a)(1)(A)* of the Lanham Act ("Section 43(a)(1)(A)") because the Lanham Act applies only to commercial speech and does not apply to political speech. For the following reasons, the Court disagrees.

RNC appears to collapse several distinct arguments into one general contention that the Lanham Act does not apply to political speech. Each distinct argument is addressed separately below.

First, contrary to RNC's assertions, courts

---

[2] Quite the contrary. [**11] It appears that copyright claims based on use of a copyrighted work in a political campaign are not barred, as a matter of law, under the fair use doctrine. *See, e.g., Long v. Ballantine, 1998 U.S. Dist. LEXIS 7813, 1998 WL 35156025 (E.D.N.C. 1998)* (addressing plaintiff's motion for attorneys' fees as to copyright claim based on defendant's use of plaintiff's copyrighted work in a political campaign and discussing court's rejection of the fair use defense for that claim).

have recognized that the Lanham Act applies to noncommercial (i.e., political) *and* commercial speech. *See, e.g.,* United We Stand America, Inc. v. United We Stand, America New York, Inc., 128 F.3d 86, 92-3 (2d Cir. 1997); MGM-Pathe Commns. Co. v. Pink Panther Patrol, 774 F. Supp. 869, 876 (S.D.N.Y. 1991). Indeed, the Act's purpose of reducing consumer confusion supports application of the Act to political speech, where the consequences of [**13] widespread confusion as to the source of such speech could be dire. *See* United We Stand America, Inc., 128 F.3d at 91-93. Thus, to the extent RNC's Motion is based on its theory that the Lanham Act applies only to commercial speech, that theory is rejected.

Second, to the extent that RNC argues that Plaintiff's Lanham Act claim must yield to important First Amendment concerns over protecting political speech, such concerns are addressed in the Court's discussion of the First Amendment and artistic relevance test in Section IV.2. below.

Third, the mere fact that a defendant is engaged in political speech, alone, does not bar a plaintiff's Lanham Act claim. *See* MGM-Pathe Commns. Co., 774 F. Supp. at 877. Thus, to the extent RNC's Motion is based on its theory that the mere fact that Browne's Lanham Act claim is based on political speech bars his claim as a matter of law, that theory is rejected.

Fourth, contrary to the implications of RNC's arguments, the Lanham Act's reference to use "in commerce" does not require a plaintiff who asserts a claim under Section 43(a)(1)(A) to show that the defendant actually used the mark in commerce. United We Stand America, Inc., 128 F.3d at 92. Rather, [**14] the Act's reference [*1132] to use "in commerce" actually "reflects Congress's intent to legislate to the limits of its authority under the Commerce Clause" to regulate interstate commerce. *Id.* The interstate commerce jurisdictional predicate for the Lanham Act merely requires a party to show that the defendant's conduct affects interstate commerce, such as through diminishing the plaintiff's ability to control use of the mark, thereby affecting the mark and its relationship to interstate commerce. *See* Stauffer v. Exley, 184 F.2d 962, 964-67 (9th Cir. 1950); *see, e.g.,* Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117, 120 (9th Cir. 1968); F.E.L. Publications, Ltd. v. National Conference of Catholic Bishops, 466 F. Supp. 1034, 1044 (D.C. Ill. 1978). As such, the "scope of 'in commerce' as a jurisdictional predicate of the Lanham Act is broad and has a sweeping reach." Planned Parenthood Federation of America, Inc. v. Bucci, 1997 U.S. Dist. LEXIS 3338, 1997 WL 133313 (S.D.N.Y.) (citing Steele v. Bulova Watch Co., 344 U.S. 280, 73 S. Ct. 252, 97 L. Ed. 319, 1953 Dec. Comm'r Pat. 424 (1952)).

Thus, to the extent RNC's Motion is based on its theory that Browne cannot state a claim under the Lanham Act because he has not shown actual use in commerce, that theory is [**15] rejected. Moreover, since RNC has not actually argued that Plaintiff's claim fails to satisfy the interstate commerce requirement, the Court will not address that issue at this time.

*2. The First Amendment and Artistic Relevance Test*

RNC also contends that Plaintiff cannot state a claim under the Lanham Act because the Commercial is an expressive work and thus the claim is barred under the First Amendment and artistic relevance test. For the following reasons, the Court disagrees.

In the Ninth Circuit, a Lanham Act claim based on use of a mark in an artistic work is analyzed under the Second Circuit's *Rogers* artistic relevance test, which was developed to address the competing interests of the First Amendment's protection of artistic works and trademark protection. *See* Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 902 (9th Cir. 2002). Under this test, "[a]n artistic work's use of a trademark that otherwise would violate the Lanham Act is not actionable [1] 'unless the use of the mark has no artistic relevance to the underlying work whatsoever, or, [2] if it has some artistic relevance, unless it explicitly misleads as to the source or content of the work.'" E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc., 547 F.3d 1095, 1099 (9th Cir. 2008) **[**16]** (citing MCA Records, Inc., 296 F.3d at 902.

Here, the Court finds that RNC has not established that the First Amendment and artistic relevance test bar Plaintiff's Lanham Act claim at this time. First, RNC has not established that the Commercial is an artistic work, requiring application of the artistic relevance test. Second, RNC has not shown that the First Amendment and artistic relevance test bar Browne's claim merely because the Commercial is noncommercial, political speech. In fact, courts that have applied the Lanham Act to noncommercial and political speech have implicitly rejected the theory that claims based on such speech are barred, as a matter of law, based on the First Amendment and artistic relevance test. *See, e.g.,* MGM-Pathe Commns. Co., 774 F. Supp. at 874-76; *see generally* United We Stand America, Inc., 128 F.3d at 92. Finally, it appears that, in light of the Court's limited inquiry on a 12(b)(6) motion, the Court would have difficulty applying the artistic relevance test at this time.

Thus, the Court finds that RNC has not established that Plaintiff's Lanham Act claim is barred by the First Amendment and artistic relevance test at this time and **[*1133]** rejects RNC's contention **[**17]** that the Court should dismiss this claim on that basis.

*3. Likelihood of Confusion*

RNC also contends that Plaintiff cannot state a claim under the Lanham Act because the Commercial clearly identifies its source as ORP, so there is no likelihood of confusion as to its origin. For the following reasons, the Court disagrees.

The Ninth Circuit considers the following factors, known as *Sleekcraft* factors, in determining whether likelihood of confusion exists (1) strength of the mark, (2) proximity or relatedness of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) degree of care customers are likely to exercise in purchasing the goods, (7) defendant's intent in selecting the mark, and

(8) likelihood of expansion into other markets. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 608 (9th Cir. 2005)*.

Here, the Court finds that RNC has not established, at this time, that Plaintiff cannot show likelihood of confusion. RNC's contention that the Commercial clearly identifies its source as ORP, alone, does not show that a consumer could not possibly be confused as to whether Browne endorsed Senator McCain, RNC, or ORP. [**18] Moreover, RNC has failed to address all of the *Sleekcraft* factors and whether they weigh against likelihood of confusion. Without the parties' arguments as to these factors, the Court is unable to thoroughly analyze likelihood of confusion at this time.

Thus, the Court finds that RNC has not established that Plaintiff cannot show likelihood of confusion at this time and rejects RNC's contention that the Court should dismiss this claim on that basis.

The Court accordingly **DENIES** RNC's Motion to Dismiss Plaintiff's Lanham Act claim.

D. **Right of Publicity Claim**

RNC relies on its arguments in its Special Motion to Strike as grounds for dismissal of this claim. Thus, the Court addresses those arguments in its Order Re RNC's Special Motion to Strike.

V. **CONCLUSION**

In light of the foregoing, the Court **DENIES** RNC's Motion to Dismiss Plaintiff's claims for Copyright Infringement, Vicarious Copyright Infringement, and Violation of the Lanham Act. The Court addresses RNC's grounds for dismissal of Plaintiff's California Common Law Right of Publicity claim in its Order Re RNC's Special Motion to Strike.

**IT IS SO ORDERED.**

---

End of Document



SUBSCRIBE

T H R ,   E S Q .

HOME  >  BUSINESS  >  BUSINESS NEWS

# John McCain settles Jackson Browne lawsuit, apologizes for use of song

We can finally close the book on the 2008 presidential election now.Singer Jackson Browne has announced he's settled a lawsuit against John McCain.

BY ERIQ GARDNER JULY 21, 2009 3:45AM



 We can finally close the book on the 2008 presidential election now.

ADVERTISEMENT

Singer Jackson Browne has announced he's settled a lawsuit against John McCain.

Last year, Browne sued the Republican presidential candidate for using Browne's "Running on Empty" in a campaign commercial. Browne alleged that McCain had violated his copyright on the song, had violated the Lanham Act by implying a false endorsement, and had also violated his publicity rights by using Browne's voice in the political advertisement. Here's the original complaint.

In response to the lawsuit, McCain cited "fair use" and filed a motion to dismiss as well as an anti-SLAPP lawsuit against Browne, accusing the singer of trying to chill free speech. In February, a California District Court handed Browne a victory by denying McCain's motions.





**MOVIES**

George Clooney Addresses Impact of His Op-Ed on U.S. Presidential Race: "Biden Gets All the Credit"

**SUBSCRIBE**

According to a statement put out by both parties, "the financial terms of the settlement are confidential."

The defendants in the case, including McCain, the Republican National Committee, and the Ohio Republican Committee, also put out an apology:



"We apologize that a portion of the Jackson Browne song 'Running on Empty' was used without permission. Although Senator McCain had no knowledge of, or involvement in, the creation or distribution of the web campaign video, Senator McCain does not support or condone any actions taken by anyone involved in his 2008 presidential election campaign that were inconsistent with artists' rights or the various legal protections afforded to intellectual property. The ORP, RNC and Senator McCain pledge in future election campaigns to respect and uphold the rights of artists and to obtain permissions and/or licenses for copyrighted works where appropriate."

The decision to settle —and apologize — may catch some people in the political and legal spheres by surprise. Many observers to this dispute have opined that political speech is a sacrosanct right protected by the First Amendment. The potential courtroom battle between the esteemed singer and the respected politician was looked at as possibly clearing up the boundaries between commercial and political speech and influencing how future political campaigns use copyrighted music.

For the answer to the question of the legality of using copyrighted music in a campaign commercial, attention may now shift to a similar lawsuit filed by singer Don Henley

THE Hollywood REPORTER

SUBSCRIBE

*UPDATE*:

Jackson Browne responds: "Pursuing this case was not a partisan effort. This case was about artists' rights and trying to ensure that our intellectual property rights are respected. Every day, artists' rights are eroded more and more, and pursuing a lawsuit of this nature is the way one can raise the issue, make the point, and protect others in the future."

THR

Lawrence Iser, attorney for Browne responds: "The outcome of the litigation is significant. It means that persons running for public office are subject to the same laws governing the use of intellectual property as everyone else."

## THR NEWSLETTERS

*Sign up for THR news straight to your inbox every day*

SUBSCRIBE

## MORE FROM THE HOLLYWOOD REPORTER



**SAG-AFTRA**
SAG-AFTRA Praises California Bill Regulating Use of AI Digital Replicas of Dead Performers



**TEAMSTERS**
Teamsters Casting Negotiations Pause Without Deal