## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ISAAC HAYES ENTERPRISES, LLC,
THE ESTATE OF ISAAC HAYES,

             Plaintiffs,

    v.

DONALD JOHN TRUMP individually,
DONALD J. TRUMP FOR PRESIDENT,
2024, INC., REPUBLICAN NATIONAL
COMMITTEE, TURNING POINT USA,
INC., NATIONAL RIFLE
ASSOCIATION OF AMERICA,
AMERICAN CONSERVATIVE
UNION, BTC, INC.,

             Defendants.

CASE NO: 1:24-cv-03639-TWT

Honorable Thomas W. Thrash, Jr.

---

### BRIEF IN SUPPORT OF EMERGENCY MOTION TO POSTPONE DEPOSITION UNTIL OPENING OF DISCOVERY BY DEFENDANTS REPUBLICAN NATIONAL COMMITTEE, DONALD JOHN TRUMP, DONALD J. TRUMP FOR PRESIDENT 2024, INC., AND TURNING POINT USA, INC.

    For several independently sufficient reasons, Defendants Republican National Committee, Donald John Trump, Donald J. Trump for President 2024, Inc., and Turning Point USA, Inc., move the Court to order postponement until the opening of discovery the Rule 30(b)(6) deposition of non-party BMI, Inc., currently scheduled for 10 AM on September 5 (Doc. 15).[1]  *First*, Plaintiffs' selected

---

[1] As of the time of filing, counsel for the National Rifle Association have neither consented nor declined to join this Motion. In the interest of time,

deposition date is premature. *Second*, there is no longer any need for expedited discovery now that this Court has ruled on Plaintiffs' motion for a preliminary injunction (Doc. 50). *Third*, Defendants lack adequate time to prepare—a difficulty exacerbated by the fact that Plaintiffs have neither listed "the matters for examination" as required by Rule 30(b)(6) nor provided any documents produced by BMI (if any exist) as required by the operative Notice of Deposition (Doc. 15). *Fourth*, as discussed at length in defendant Turning Point USA, Inc.'s ("TPUSA") opposition to Plaintiffs' motion for a preliminary injunction, TPUSA is not a proper party; moving forward with the deposition now thus creates a risk that a new or reopened deposition will be needed in the event Plaintiffs file a second amended complaint naming the proper party—Turning Point Action, Inc. ("TP Action")—as a defendant. Doc. 37.

## BACKGROUND

Plaintiffs filed this lawsuit on August 16, 2024. Doc. 1.  That same day, Plaintiff's filed a motion for preliminary injunction (Doc. 4), which this Court set for hearing on September 3 (August 18, 2020, Docket Entry).   On August 23, Plaintiffs noticed a Rule 30(b)(6) deposition of BMI, with the deposition to occur on Friday, August 29, the last business day before the hearing on the motion for

---

recognizing the Emergency Nature of this Motion, the above-listed Defendants are filing now without waiting for the joinder of the National Rifle Association.

preliminary injunction.   Doc. 9.   Defendants Trump for President 2024, Inc., Republican National Committee, and TPUSA were served the same day (Doc. 11-13).   The record does not reflect when, precisely, Plaintiffs effected service on the National Rifle Association, as Plaintiffs have not filed an affidavit of service for the NRA.   On August 26, Plaintiffs filed an Amended Notice of 30(b)(6) Deposition of BMI, along with a subpoena, setting the deposition for September 5.   Doc. 15, 15-1. That Notice instructed: "Witness must mail the documents listed in Exhibit 'A' attached hereto 72 hours prior to the deposition"—i.e., September 2, the day before the hearing on Plaintiff's Motion for preliminary injunction.   The Court denied Plaintiffs' Emergency Motion for a Preliminary Injunction on September 3, after a hearing, thus removing any possible need for expedited discovery.   Doc. 37.

Following this Court's ruling on Plaintiffs' Emergency Motion for Preliminary Injunction, Defendants asked Plaintiffs to agree to postpone the BMI deposition until the opening of discovery, explaining their objections to the deposition as currently noticed. *See* Exh. B (Email exchange between Brian Lea and James Walker).   Plaintiffs have not responded.   Therefore, for the reasons stated herein, Defendants file this Motion.

## ARGUMENT

The Court should order that the deposition of BMI be postponed until the opening of discovery for at least four reasons.

*First*, as noticed, the deposition of BMI is premature under Rule 26(d)(1) of the Federal Rules of Civil Procedure, which provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Defendants have not stipulated to expedited discovery, nor have Plaintiffs moved for it.

*Second*, now that this Court has ruled on Plaintiffs' Emergency Motion for Preliminary Injunction (Doc. 50), there is no plausible need for expedited discovery. While the Emergency Motion for Preliminary Injunction remained pending, the expedited discovery might have served a purpose—as a method for Plaintiffs to obtain documents in advance of the ruling on the motion for preliminary injunction, or in the event the Court deferred ruling on the motion for preliminary injunction until some date after the deposition.   But those potential bases for expedited discovery no longer exist.

*Third*, Defendants do not have adequate time to prepare for the deposition, as many of them have been rushing (1) to obtain counsel in advance of the hearing on the motion preliminary injunction and (2) then prepare for that hearing.   Plaintiffs have exacerbated the difficulty in preparing for the deposition in two ways. (1) Plaintiffs' Notice of Deposition does not identify "the matters for examination"

as required by Rule 30(b)(6), leaving Defendants to make educated guesses about the scope of the deposition.  (2) Plaintiffs agreed to provide counsel for the RNC with any documents delivered by BMI on September 2 per the terms of the operative Notice of Deposition (Doc. 15), but neither counsel for the RNC nor counsel for the other Defendants have received any such documents (assuming they exist).  *See* Exh. B (Email exchange between Brian Lea and James Walker).  Moving forward with the deposition under these circumstances was arguably justifiable while the Motion for Preliminary Injunction remained pending—but that justification no longer exists.

*Fourth*, as explained in TPUSA's response in opposition to the Motion for Preliminary Injunction, TPUSA is not a proper party to this action because Plaintiffs' claims are centered on the alleged actions of a different entity, TP Action.  As a result, moving forward with the deposition now will create the risk that a new deposition will be necessary if Plaintiffs file a second amended complaint naming TP Action as a party.  That risk of duplicative proceedings can be reduced, and perhaps eliminated, if the Rule 30(b)(6) deposition of BMI is postponed until the opening of discovery.

## CONCLUSION

For these reasons, the Court should order that the deposition of BMI be postponed until a time, mutually agreeable to the parties, following the opening of discovery.

Date: September 4, 2024

Respectfully submitted,

/s/ *Brian C. Lea*
BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: (404) 581-8528
Facsimile: (404) 581-8330
E-mail: blea@jonesday.com

ANNA E. RAIMER
(*pro hac vice*)
JONES DAY
717 Texas Street, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3786
Facsimile: (832) 239-3600
E-mail: aeraimer@jonesday.com

JOHN G. FROEMMING
(*pro hac vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20007
Telephone: (202) 879-3939
Fax: (202) 626-1700
E-mail: jfroemming@jonesday.com

*Counsel for Defendant Republican National Committee*

/s/ *William Bradley Carver, Sr.*
William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303
(404) 954-6967

bcarver@hallboothsmith.com
Baxter D. Drennon
GA Bar No. 241446
HALL BOOTH SMITH, P.C.
200 River Market Ave., Suite 500
Little Rock, AR 72201
(501) 214-3499
bdrennon@hallboothsmith.com
DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL
CORPORATION
Ronald D. Coleman (*pro hac vice*)
50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com
*Attorney for Donald J. Trump and
Donald J. Trump for President, 2024,
Inc.*

*/s/ Alex G. Pisciarino (WEP)*
ALEX G. PISCIARINO
Georgia Bar No. 569773
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
Email:
alex.pisciarino@nelsonmullins.com

LOUIS T. PERRY
(*pro hac vice pending*)
FAEGRE DRINKER BIDDLE &
REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

Email:
Louis.Perry@faegredrinker.com

*Counsel for Defendant Turning Point USA, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Times New Roman 14 point font, as approved  by Local Rule 5.1(C).

_/s/ Brian C. Lea_____
Brian C. Lea

*Attorney for Defendant Republican*
*National Committee*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 4, 2024, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court via CM/ECF.

*/s/ Brian C. Lea*

Brian C. Lea

*Attorney for Defendant Republican National Committee*