IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISAAC HAYES ENTERPRISES, LLC,
et al.,

      Plaintiffs,

          v.

DONALD JOHN TRUMP, individually,
et al.,

      Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-3639-TWT

**OPINION AND ORDER**

This is a copyright infringement case. It is before the Court on Plaintiffs'[1] Motion for Preliminary Injunction [Doc. 4] and Plaintiffs' Amended Motion for Preliminary Injunction [Doc. 10]. For the reasons set forth below, the Plaintiffs' Motion for Preliminary Injunction [Doc. 4] is DENIED as moot. Plaintiffs' Amended Motion for Preliminary Injunction [Doc. 10] is GRANTED in part and DENIED in part.

## I.    Background

This case involves the alleged infringement of the Plaintiffs' copyright during various campaign events. Plaintiff Isaac Hayes Enterprises alleges that it has an ownership interest in the copyright to the words and music of the song "Hold On, I'm Comin'" (officially registered as "Hold On, I'm Coming") (hereinafter, "Copyrighted Work"). (Am. Compl. ¶¶ 2, 4). The Copyrighted

---

[1] The Plaintiffs are Isaac Hayes Enterprises, LLC and the estate of Isaac Hayes.

Work was recorded by Sam & Dave in 1966. (*Id.* ¶¶ 1-2). The recording peaked at number 1 on the Billboard Hot R&B singles chart and at number 21 on the Billboard Hot 100. (*Id.* ¶ 2). The copyright on the Work was originally registered on March 3, 1968, and then renewed on January 11, 1996. (*Id.* ¶ 3).

Defendant Donald Trump is the Republican nominee for president. Defendant Donald J. Trump for President 2024, Inc., ("Campaign") is the campaign organization that is seeking to get Defendant Trump elected in the upcoming election. The Copyrighted Work has been regularly performed at various campaign events supporting Defendant Trump since 2020. (*Id.* ¶¶ 44-46; *see also* Reply Br. in Supp. of Mot. for Prelim. Inj., Ex. D, Doc. 32-4). The Plaintiffs assert that the other Defendants[2] have hosted and/or sponsored events in which Plaintiff Isaac Hayes Enterprises's copyright was allegedly infringed. (Compl. ¶¶ 49-62). On June 6, 2024, the VP of Legal & Business Affairs/Corporate Secretary of Broadcast Music, Inc. ("BMI") Pamela Williams emailed Justin Caporale, the Campaign's Deputy Campaign Manager, informing the Campaign that the Copyrighted Work had been excluded from the Campaign's license. (Williams Aff., [Doc. 30], Exs. B, C; Caporale Decl., [Doc. 28-2], ¶ 1). Some of the events in which the Copyrighted Work was performed occurred after the Campaign received notice that the Copyrighted

---

[2] The other Defendants in this case are the Republican National Committee, Turning Point USA, Inc., the National Rifle Association of America, American Conservative Union, and BTC, Inc.

2

Work was excluded from the Campaign's license.

Based on these events, the Plaintiffs filed the present action and moved for a preliminary injunction on August 16, 2024. After notice was provided, the Plaintiffs then amended their complaint and motion for preliminary injunction on August 21, 2024. The Plaintiffs request that the Court order the Defendants to stop using the Copyrighted Work without a license and to take down any videos that they have posted without a license and that contain the Copyrighted Work. The Court held a hearing on the motion for preliminary injunction on September 3, 2024.

## II.    Legal Standard

"A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief." *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). "To obtain such relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015). Importantly, a "preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *SunTrust Bank v. Houghton Mifflin*

*Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001).

## III.    Discussion

As an initial matter, the Plaintiffs' original motion for preliminary injunction is denied as moot because of the filing of an amended complaint and amended motion for preliminary injunction. Moreover, at the hearing, the Plaintiffs withdrew Turning Point USA, the Republican National Committee, and the National Rifle Association from its Amended Motion for Preliminary Injunction. The Amended Motion is therefore denied with respect to those Defendants. The Court proceeds to its analysis of the Amended Motion with respect to Defendant Trump and Defendant Campaign.[3]

### A.  Likelihood of Success on the Merits

"To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008). The Court finds that the Plaintiffs are likely to succeed in proving both of these elements.

### i.   Ownership

The parties dispute whether Plaintiff Isaac Hayes Enterprises owns any interest in the Copyrighted Work. The Defendants argue that Plaintiff Isaac

---

[3] For the remainder of this Opinion and Order, the Court will refer to Defendant Trump and Defendant Campaign jointly as "the Defendants."

Hayes Enterprises assigned its interest to an entity called Primary Wave Music IP Fund 3 ("Primary Wave") and otherwise has not shown that it has any ownership interest in the Copyrighted Work. (Defs. Trump and Campaign's Br. in Opp'n to Mot. for Prelim. Inj., at 5-7). The Plaintiffs disagree. They assert that Plaintiff Isaac Hayes Enterprises regained control of Isaac Hayes's half of the copyright pursuant to 17 U.S.C. § 304. (Hayes III Decl. ¶¶ 6,8). That provision permits authors or their heirs to terminate the grant of a copyright after 56 years from the date on which the copyright was originally secured. 17 U.S.C. § 304(2), (3). In his Declaration, Isaac Hayes III, President and CEO of Isaac Hayes Enterprises, stated that Isaac Hayes Enterprises legally terminated Universal Music Publishing and Warner Chappell Music's previous ownership interest on March 15, 2022, 56 years after the publication of the Copyrighted Work. (Hayes III Decl. ¶ 8). This resulted in Isaac Hayes Enterprises regaining complete control of its 50% ownership interest in the copyright. (*Id.*). Then, on March 1, 2023, Plaintiff Isaac Hayes Enterprises entered into an agreement which assigned half of its interest to Primary Wave, resulting in each owning 25% of the copyright. (*Id.* ¶¶ 11-12). The letter by Primary Wave and the Declaration of Liz Garner corroborate this arrangement. (Pls.' Reply Br. in Supp. of Mot. for Prelim. Inj., Ex. G, [Doc. 32-7]; Garner Decl. ¶¶ 5-7, [Doc. 32-6]). The Defendants did not rebut this evidence. The Court therefore concludes that the Plaintiffs have met

their burden of demonstrating ownership in the Copyrighted Work.

### ii. Copying

The Defendants do not contest that they have been using the Copyrighted Work at their events. Instead, they argue that they have a license to use the song and that the use of the Copyrighted Work in the videos they have posted constitute fair use. (Defs. Trump and Campaign's Br. in Opp'n to Mot. for Prelim. Inj., at 7-8).

As to the license defense, the Defendants have provided a copy of a BMI Music License for Political Entities or Organizations that authorized the Defendants' use of the Copyrighted Work. (Caporale Decl., Ex. A). Paragraph 2(a) of that agreement states that "one or more work(s) or catalog(s) of works by one or more BMI songwriter(s) may be excluded from this license if notice is received by BMI that such BMI songwriter(s) objects to the use of their copyrighted work(s) for the intended uses by LICENSEE." (*Id.*, at 1). Pursuant to that provision, BMI emailed the Defendants a letter on June 6, 2024, that one of the songwriters for the Copyrighted Work objected to the Defendants' use and that it was "excluded from the Agreement effective immediately." (Williams Aff., Exs. B, C). Despite that, the Defendants continued to use the Copyrighted Work at events after June 6, 2024. (*See* Reply Br. in Supp. of Mot. for Prelim. Inj., Ex. D, Doc. 32-4). Thus, the Court finds that it is likely that the Plaintiffs will be able to show that the post-June 6, 2024 uses were without

6

a license and infringed on Isaac Hayes Enterprises's copyright. The Court cannot rule on the Defendants' claim of fair use on the pleadings before it.

### B. Irreparable Harm

The Plaintiffs argue that irreparable harm is presumed once a plaintiff makes out a prima facie case of copyright infringement. (Pls.' Br. in Supp. of Mot. for Prelim. Inj., at 5). This is incorrect. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006) ("[T]his Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." (citations omitted)); *Commodores Ent. Corp. v. McClary*, 648 F. App'x 771, 777 (11th Cir. 2016) ("In light of the Supreme Court's holding in *eBay*, a presumption of irreparable harm cannot survive."). Thus, the Plaintiffs must prove that the suffered injury will be irreparable without an injunction. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991) (citation omitted). Moreover, "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation and quotation marks omitted).

The Plaintiffs argued that they would be irreparably harmed without an injunction because being associated with the Defendants will mar their brand and may lead other entities to not license the Copyrighted Work. (Hayes III

Decl. ¶ 20; Tr. 10:12-16). The Court finds that if the use of the Copyrighted Work continues, the risk of association with the Defendants and the harm that may ensue from that are actual and imminent and cannot be remedied through mere damages. Given the consistency with which the Copyrighted Work is used and the fact that the Defendants' events are frequently aired on national television and other forms of media with widespread reach, the association between the music and the Defendants is neither speculative nor remote. However, the Court finds that, for now, the risk of harm from the videos of past events remaining online does not pose the same imminent risk. Accordingly, the Court finds that the Plaintiffs have showed irreparable harm for the future use of the Copyrighted Work but not for the videos of past uses.

### C.  Balance of the Equities and Public Interest

The balance of the equities and public interest both support granting an injunction as to future uses of the Copyrighted Work.[4] The Plaintiffs point to the harm they are suffering from the Defendants' unlicensed use of the Copyrighted Work to show the balance of the equities favors them. (Pls.' Br. in Supp. of Mot. for Prelim. Inj., at 6). Moreover, the Court notes that the public interest is "served by upholding copyright protection and preventing the misappropriation of protected works." *C.B. Fleet Co., Inc. v. Unico Holdings,*

---

[4] Having found that there will be no irreparable harm caused by the videos of past events, the Court will not analyze whether the balance of the equities or the public interest favors a preliminary injunction as to the videos.

8

*Inc.*, 510 F. Supp. 2d 1078, 1084 (S.D. Fla. 2007) (citation omitted). On the other hand, the Defendants focus their arguments on the fact that an injunction would restrict core political speech. (Defs. Trump and Campaign's Br. in Opp'n to Mot. for Prelim. Inj., at 9-10). There is no evidence to suggest that the inability to play the Copyrighted Work in the future will inhibit the Defendants' political speech, especially considering that the Defendants submitted a declaration stating that they do not intend to use the song at future public events while this litigation is pending. (Caporale Decl. ¶ 4). The Court therefore finds that the balance of the equities favors the Plaintiffs and that the public interest is served by entering a preliminary injunction barring the Defendants' future use of Copyrighted Work without a valid license.

## IV.   Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Preliminary Injunction [Doc. 4] is DENIED as moot and Plaintiffs' Amended Motion for Preliminary Injunction [Doc. 10] is GRANTED in part and DENIED in part.

SO ORDERED, this ___11th___ day of September, 2024.

THOMAS W. THRASH, JR.
United States District Judge