# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ISAAC HAYES ENTERPRISES, LLC,** a Georgia Domestic Limited Liability Company, and **ISAAC HAYES, III**, as representative of the **ESTATE OF ISAAC L. HAYES, JR.** | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | **CASE NO:** 1:24-cv-03639-TWT |
| **v.** | |
| **DONALD JOHN TRUMP**, individually, **DONALD J. TRUMP FOR PRESIDENT 2024, INC.**, **TURNING POINT ACTION, INC.,** erroneously sued as TURNING POINT USA, INC., and **BTC, INC.,** | |
| **Defendants.** | |

## <u>SECOND AMENDED COMPLAINT</u>

**COMES NOW,** Issac Hayes, III, as the representative of the Estate of Isaac L. Hayes Jr. (referred to herein as "Hayes III") and Isaac Hayes Enterprises, LLC (referred to herein as "Hayes Enterprises") (collectively "Plaintiffs"), by and through their counsel of record, bring this action for copyright infringement, against Donald John Trump (hereinafter "Trump"), Donald J. Trump for President 2024, INC. (hereinafter the "Campaign"), Turning Point Action, INC. (hereinafter "Turning

Point"), and BTC, INC. (hereinafter "BTC") (collectively, "Defendants"), showing the Court as follows:

## NATURE OF THE ACTION

This action for damages is brought by Plaintiffs, pursuant to the Copyright Act, Copyright Revision Act, 17 U.S.C. §§101 *et seq*. (the "Copyright Act"), Section 43(a) of the Lanham Act (15 U.S.C. § 1125[a]), Georgia State common law right of publicity, and other common and statutory law(s) as further set forth herein.

Stated differently, this is, among other things, an infringement action brought by Plaintiffs against Defendants to compensate them for the unauthorized use of a musical composition and various trademarks owned by Plaintiffs, as well as the name and likeness of Issac Lee Hayes, Jr. Defendants have, on several occasions, intentionally used Plaintiffs' intellectual property without permission, at presidential campaign rallies and on various media platforms.

As will be made clear herein, Defendants actions were everything but accidental. The actions described within this complaint, for Defendant, are merely a way of doing business and are representative of an intentional pattern and practice of blatantly disregarding the law and the rights of others. In August of this year, Defendant Trump knowingly and falsely asserted that Taylor Swift endorsed him for President. (A true and correct copy of a New York Times article discussing these actions, is attached hereto as **Exhibit A**.) In September of this year, Defendant Trump

SECOND AMENDED COMPLAINT FOR DAMAGES

and his Campaign were found liable for unauthorized use of a work entitled "Electric Avenue." (*See Grant v. Trump*, No. 20-cv-7103 [JGK], 2024 U.S. Dist. LEXIS 165117 [S.D.N.Y. Sep. 13, 2024] [finding defendants' use of "Electric Avenue" in the Video did not constitute fair use under the four statutory factors].) Further, over the years the same Defendants have been on the receiving end of a multitude of similar demands and complaints by artists including but not limited to Beyoncé, Abba, Celine Deon, the Foo Fighters, and Neil Young. Since the initial complaint, Defendants have also been sued for copyright infringement by the White Stripes. (*See White v. Trump*, 1:24-cv-06811 [S.D.N.Y.].) It is common knowledge that Defendant Trump believes generally that he is above the law, including but not limited to when it comes to respecting the exclusive property rights of others, this case is no exception.

## <u>INTRODUCTION AND SUMMARY OF RIGHTS</u>

1.      Isaac Lee Hayes Jr. (hereinafter "Hayes") was an American singer, songwriter, composer, and actor. He was a pillar behind the Southern soul music label Stax Records, serving as both an in-house songwriter, a session musician, and record producer. In 2002, Hayes was inducted into the Rock and Roll Hall of Fame, and in 2005, he was inducted into the Songwriters Hall of Fame.

2.      The work at issue, "Hold On, I'm Comin" was co-written by Hayes and first released in 1966 (hereafter the "Work"). The Work peaked at number one on the Billboard Hot R&B singles chart and at number 21 on the Billboard Hot 100.

SECOND AMENDED COMPLAINT FOR DAMAGES

3.     The copyright on the Work was originally registered in March of 1968 (EP0000246262), and then renewed on January 11, 1996. The renewal on the composition is registered with the U.S. Copyright Office under registration number RE0000734375. (A true and correct copy of the U.S. Copyright Office's records reflecting the copyright registration of the composition is attached hereto as **Exhibit B**.; *see also* Plaintiffs' Reply Brief in Support of Motion for Preliminary Injunction, Exhibit G, [Doc. 32-7]; and Garner Declaration ("Decl."), ¶¶ 5-7, [Doc. 32-6].)

4.     On December 31, 2014, on behalf of Hayes - and his heirs - Hayes Enterprises and Hayes III terminated the copyright interest of Warner Chappell Music in and to the underlying composition for the Work. (Hayes III Decl., ¶ 7, [Doc. 29].)

5.     Pursuant to the termination of copyright, as of March 15, 2022, Hayes ownership of 50 percent (%) of the composition, in and to the Work reverted to the Hayes' Estate. That interest was then transferred to Hayes Enterprises, on behalf of and for the benefit of Hayes' heirs. (*Id*. at ¶ 8.)

6.     On March 1, 2023, Hayes Enterprises entered into an agreement which assigned half of its interest to a third-party entity known as Primary Wave, resulting in each owning 25 percent (%) of the copyright. Hayes Enterprises, on behalf of and for the benefit of Hayes' heirs, manages their 25 percent (%). (*Id.* at ¶¶ 11-12.)

7.     Hayes Enterprises likewise owns all right and interest in Hayes name and likeness, including but not limited to ownership of two United States trademark(s) in

SECOND AMENDED COMPLAINT FOR DAMAGES

and to the name "Isaac Hayes," serial number(s) 86251712 and 87644618.

## SUMMARY OF DEFENDANTS' UNLAWFUL ACTS

8.     Upon information and belief, Defendants Trump and his Campaign began publicly performing and synchronizing the Work, in 2020, by using it at events, and by recording and publishing videos of those events on various media platforms.

9.     Upon information and belief, in 2020, a cease-and-desist letter was sent to the Defendants, by non-parties and then owner of the copyright in and to the underlying composition for the Work, Warner Chappell Music.

10.     Despite Warner Chappell's express demand for the Defendants to stop all use of the Work, the Defendants continued to use the work without permission from roughly March 16, 2022, through October 31, 2022.

11.     On May 28, 2022, post reversion of rights in and to the composition for the Work to Hayes' heirs, Plaintiffs made a public statement on X (formerly Twitter) publicly denouncing Defendant Trump's use of the Work during Trump's appearance at a convention for the National Rifle Association.

12.     Again, on November 15, 2022, Plaintiffs made a public statement on X, publicly denouncing Defendant Trump's use of the Work at Trump's announcement for his Presidential Campaign.

13.     Upon information and belief, on or around November 30, 2022, in relationship to Defendant Trump's new presidential campaign, despite knowledge of

a cease and desist related to the Work and the public disapproval of Hayes' heirs, Defendants sought and obtained, without Plaintiff's knowledge or consent, a Political Entities license for public performances from Broadcast Music, Inc. ("BMI"). The license was retroactively effective beginning on November 1, 2022, and contained a warning that "one or more work(s) or catalog(s) of works […] may be excluded from [the] license if notice [was] received by BMI that [the] songwriter(s) object[ed] to the use."

14.    Despite the warning related to the public performance license and knowledge of an express objection to all use by the "songwriter," Defendants arrogantly proceeded to use the Work for events that were simultaneously recorded, and then published on various media platforms – without any attempt to obtain permission from Plaintiffs.

15.    On March 5, 2024, Plaintiffs made a public statement on X, publicly denouncing Defendant Trump's use of the Work at Trump's Super Tuesday rally.

16.    On June 6, 2024, Defendants received notice from BMI that one of the songwriters for the Copyrighted Work objected to the Defendants' public performance license, and they were informed unambiguously that it was now expressly "excluded from the [public performance license] effective immediately." (*See* Williams Affidavit, [Doc. 30], Exhibits B and C.)

17.    On August 3, 2024, Plaintiffs made a public statement on X, publicly

SECOND AMENDED COMPLAINT FOR DAMAGES

denouncing Defendant Trump's use of the Work at an event in Atlanta.

18.    Despite the express notice from BMI, the repeated public admonishments regarding the use of the Work, and without obtaining any other license to use the Work (such as sync or mechanical) from Plaintiffs, the Defendants continued their unauthorized use, at events, that were simultaneously recorded, and then published on various media platforms from roughly June 6, 2024, to August 3, 2024.

19.    The Defendants and their agents knew or should have known that their use of the Work was unauthorized and in violation of Plaintiffs' rights.

20.    Accordingly, Defendants are liable to Plaintiffs for significant monetary damages, attorneys' fees, and costs.

## **PARTIES**

21.    Plaintiff Issac Hayes, III is a citizen and resident of the state of Georgia, the son and namesake of Hayes, and the owner, President, and CEO of Plaintiff Isaac Hayes Enterprises.

22.    Plaintiff Isaac Hayes Enterprises is a corporation with its principal place of business in Georgia, and the owner and manager of 25 percent (%) of the composition in and to the Work.

23.    Upon information and belief, Defendant Trump is an individual that resides in Florida and or New York.

24.    Upon information and belief, the Campaign is a corporation organized

under the laws of the state of Delaware with its principal place of business in New York.

25.     Upon information and belief, Defendant Turning Point is a corporation organized under the laws of the state of Indiana with its principal place of business in Arizona.

26.     Upon information and belief, Defendant BTC is a corporation organized under the laws of the state of Delaware with its principal place of business in Nashville.

27.     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, each of the Defendants was acting as an employee, agent, principle, officer, partner, joint venturer, director, alter ego, or other representative of one or more of the remaining Defendants, and in committing the acts and or omissions alleged herein, was acting within the course and scope of such employment, agency, partnership, joint venture, alter ego, or other relationship, and with knowledge and consent of the remaining Defendants.

## **<u>JURISDICTION AND VENUE</u>**

28.     This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 28 U.S.C. §§1331, 1338(a), and 1367, in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. §1331.

SECOND AMENDED COMPLAINT FOR DAMAGES

29.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, because it involves substantial claims arising under the Federal Lanham Act.

30.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367, for the state law claim(s) because they form part of the same case or controversy.

31.     Personal jurisdiction over each of the Defendants is proper in this jurisdiction on the grounds that Defendants, Defendants' agents, and/or Defendants' personal representatives either: (a) maintain a principal place of business  in Georgia or have a substantial presence in Georgia with offices located in Georgia; or (b) regularly conduct business in the State of Georgia, including conducting such business through performing rights organizations located in Georgia and by entering into contracts that are consummated and/or performed in Georgia.

32.     Venue is proper in this District because the Defendants unlawfully performed the Work in this district, the Defendants transact business and/or may be found in this district, the injury suffered by Plaintiffs took place, in part, in this district, and/or the Defendants distributed, marketed, and publicly performed the Work in this district.

33.     As a result of Defendants actions, Plaintiffs have incurred losses in an amount to be proven at the time of trial, but that currently exceeds the sum of seventy-five thousand dollars ($75,000.00).

SECOND AMENDED COMPLAINT FOR DAMAGES

## **FACTUAL BACKGROUND**

### ***The Diminished Value of Hayes' Name and Copyright***

34.    In the years since the Work's initial release, Hayes and the Work have realized considerable commercial success and significant economic gain from its distribution and exploitation.

35.    The Work sold 250,000 certified units in Japan. (A true and correct excerpt from an industry magazine article showing sales of the Work, is attached hereto as **Exhibit C**.)

36.    The Work sold over 200,000 certified units in the United Kingdom. (A true and correct screenshot of the British Phonography Industry website showing sales within the United Kingdom, is attached hereto as **Exhibit D**.)

37.    The Work has also been covered and sampled by multiple high-profile artists across decades, including but not limited to: Maxine Brown and Chuck Jackson, in 1967; Aretha Franklin, in 1981; Tina Turner, in 1999; Eric Clapton and B.B King, in 2000; and Cynthia Erivo, in 2018.

38.    Defendants' unauthorized and repeated use of the Work has misled and is misleading such consumers into believing the Hayes brand and his heirs promote Defendant Trump, his products, and a brand that is unapologetically rooted in themes of racism, misogyny, and discrimination. That misleading endorsement suggests an affiliation that is false and repulsive to the Plaintiffs, and that has and will significantly

diminish Hayes reputation and dilute the commercial value of his trademarks, name and likeness, and his catalog of musical works - including but not limited to the Work.

### *Trump's unlawful use of the Work*

39.     Upon information and belief, the Work was personally selected by Defendant Trump, and publicly performed by him at all of his campaign related rallies, between 2020 and September 11, 2024, as Trump's exit/outro song.

40.     Upon information and belief, Trump has unlawfully performed or used recordings of the Work on media platforms, at least one hundred and thirty-three (133) times, since 2020. (A non-exhaustive list is attached hereto as **Exhibit E**.)

41.     Upon information and belief, several of those rallies were recorded and published on various media platforms without a synchronization license.

42.     Upon information and belief, videos of the events where Trump unlawfully performed the Work have been published on platforms, including but not limited to: YouTube, Facebook, Twitter, Truth Social, Instagram, and Rumble.

### *Defendant Turning Point's Infringement*

43.     Upon information and belief, on July 23, 2022, Mr. Trump unlawfully performed the Work, after a speech at a summit held by Defendant Turning Point, in Tampa, Florida. (A true and correct copy of a recording of the event can be found here: https://rumble.com/v1de1lf-full-speech-president-donald-j.-trump-at-tpusa-student-action-summit-tampa-.html.)

SECOND AMENDED COMPLAINT FOR DAMAGES

44.     Upon information and belief, on July 15, 2023, Trump unlawfully performed the Work after a speech at a summit held by Defendant Turning Point, in West Palm Beach, Florida. (A true and correct copy of a recording of the event can be found here: https://www.c-span.org/video/?529330-1/donald-trump-speaks-turning-point-action-conference.)

45.     Upon information and belief, on June 6, 2024, Trump unlawfully performed the Work after a town hall in West Palm Beach, Florida, which was sponsored by Defendant Turning Point. (A true and correct copy of a recording of the event is available here: https://www.youtube.com/watch?v=ktMKqUuJDmg.)

46.     Upon information and belief, Trump unlawfully performed the Work at the People's Convention in Detroit, Michigan on June 15, 2024, which was sponsored by Defendant Turning Point. (A true and correct copy of a recording of the event is available here: https://youtu.be/rcynia8q2X4?t=5250.)

47.     Upon information and belief, Trump unlawfully performed the Work after his speech at the Turning Point Action Conference on July 15, 2024, in West Palm Beach, Florida. (A true and correct copy of a recording of the event is available here: https://www.youtube.com/watch?v=fHXI-k8dD5g.)

48.     Upon information and belief, on July 26, 2024, Trump unlawfully performed the Work after his speech at the Turning Point USA Faith Believers' Summit at the Palm Beach County Convention Center, in West Palm Beach, Florida.

SECOND AMENDED COMPLAINT FOR DAMAGES

(A true and correct copy of a recording of the video of the event can be found here: https://www.c-span.org/video/?537386-1/president-trump-speaks-turning-point-believers-summit.)

### *Defendant BTC's Infringement*

49.     Upon information and belief, Trump unlawfully performed the Work after his speech at the Bitcoin 2024 Conference in Nashville, Tennessee, on July 27, 2024. (A true and correct copy of a recording of the event can be found here: https://youtu.be/whEZpU44kzc?t=3075.)

### *Trump and his Campaign Attempt to Obtain a Retroactive License*

50.     Upon information and belief on August 7, 2024, after roughly 150 unauthorized uses of the Work, a representative of the Campaign contacted Plaintiffs to obtain the proper license(s).

51.     Plaintiffs have never and will never grant the Defendants a license to use the Work, for any purpose.

## <u>COUNT 1</u>

## <u>DIRECT COPYRIGHT INFRINGEMENT OF THE COMPOSITION</u>

(Against all Defendants)

52.     Plaintiffs reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

53.     The Work is an original work of authorship that contains and constitutes

copyrightable subject matter under the Copyright Act.

54.     Plaintiffs are the legal and beneficial owners of 25 percent (%) of the copyright in and to the composition for the Work.

55.     Defendants infringed on the copyright of the composition owned by Plaintiffs when they publicly performed and published the Work on various media platforms without permission.

56.     Defendants' acts were knowing, deliberate, and willful, and in utter disregard for Plaintiffs rights.

57.     The repeated unlawful use of the composition in and to the Work, has worked to the financial advancement of Defendants, and the disadvantage of Plaintiffs.

58.     Defendants wrongful conduct has substantially and irreplaceably harmed Plaintiffs.

59.     Pursuant to 17 U.S. Code § 504, Plaintiff should be awarded actual and punitive damages and/or statutory damages for each infringement proven, plus costs, interest and attorneys' fees in an amount to be determined at the time of trial.

## <u>COUNT 2</u>

## <u>CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT</u>

## <u>OF THE COMPOSITION</u>

(Against all Defendants)

60.     Plaintiffs reallege each and every allegation in the preceding paragraphs

SECOND AMENDED COMPLAINT FOR DAMAGES

as if fully set forth herein.

61.    Defendants individually and collectively, knew or should have known that use and exploitation of the Work infringed Plaintiffs rights under the Copyright Act, but they nevertheless encouraged, enabled, and or attempted to assist the other in circumventing the rights of Plaintiffs, and or shield them from liability for the unauthorized use of the Work.

62.    Defendants received a direct financial benefit from the unauthorized use of the Work.

63.    Plaintiffs unauthorized use of the Work has substantially and irreparably harmed Plaintiffs.

64.    Pursuant to 17 U.S. Code § 504, Plaintiffs should be awarded actual and punitive damages and/or statutory damages for each infringement proven, plus costs, interest and attorneys' fees in an amount to be determined at the time of trial.

## COUNT 3

## ACCOUNTING

(Against all Defendants)

65.    Plaintiffs reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

66.    Due to the wrongful acts of Defendants, Plaintiffs are entitled to an accounting from each Defendant, of income generated by the unlawful uses of

15
SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiffs' property such that they may determine the revenues and profits rightfully belonging to them.

## COUNT 4

## FALSE ENDORSEMENT, FALSE ADVERTISING, AND CONTRIBUTORY FALSE ADVERTISING

(Against all Defendants)

67.    Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

68.    Defendants individually and collectively knew or should have known that unauthorized use and exploitation of the Work infringed Plaintiffs rights under Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in that it is likely to or did cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs; or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

69.    Defendants received a direct financial benefit from their unauthorized use of the Work.

70.    Defendants use has substantially and irreplaceably harmed Plaintiffs goodwill and earning potential with consumers who are and have been misled by the Defendants misrepresentation and have or will base future purchasing and or licensing decisions thereon.

SECOND AMENDED COMPLAINT FOR DAMAGES

71.     Plaintiffs are entitled to recover from Defendants actual damages Plaintiffs have sustained and continue to sustain, and any gains, profits, and/or advantages that Defendants obtained as a result of their unlawful acts.

## COUNT 5

## STATE RIGHT OF PUBLICITY

(Against all Defendants)

72.     Plaintiffs incorporate herein by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

73.     Defendants individually and collectively knew or should have known that unauthorized use and exploitation of the Work infringed Plaintiffs right of publicity.

74.     Defendants received a direct financial benefit from their unauthorized use of the Work.

75.     Defendants use has substantially and irreplaceably harmed Plaintiffs goodwill and earning potential with consumers who are and have been misled by the Defendants misrepresentation and have or will base future purchasing and or licensing decisions thereon.

76.     Plaintiffs are entitled to recover from Defendants actual damages Plaintiffs have sustained and continue to sustain, and any gains, profits, and/or advantages that Defendants obtained as a result of their unlawful acts.

SECOND AMENDED COMPLAINT FOR DAMAGES

## TRIAL BY JURY

77. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs as if fully set forth herein.

78. Plaintiffs hereby request a trial by jury on all issues wherein trial by jury is permissible.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFFS** respectfully pray for relief as follows:

1. That the Court find Defendants have willfully infringed Plaintiff's copyright and award Plaintiffs statutory damages under the Copyright Act of 1976, as amended pursuant to the entire act, including but not limited to, 17 U.S.C. § 504(c), or in the alternative, Plaintiffs' actual damages and any additional profits of the Defendants attributable to the infringement, as provided by 17 U.S.C. § 504(b).

2. That the Court, pursuant to 15 U.S.C. § 1117(a), find that Defendants have engaged in false endorsement and/or false advertising and contributory false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and award Plaintiffs damages, including but not limited to Defendants' profits, any damages sustained by Plaintiffs, and the costs of the action.

3. That the Court find, pursuant to O.C.G.A. § 10-1-763, Defendants have

misappropriated Plaintiffs' name, likeness, and/or identity for commercial purposes without consent, in violation of Georgia's common law right of publicity, and award Plaintiffs damages, including but not limited to, compensatory damages for the unauthorized use and any resulting unjust enrichment, as well as exemplary damages for willful and malicious misappropriation.

4.  That the Court award reasonable attorneys' fees and costs incurred in this action, pursuant to O.C.G.A. § 10-1-399(d), and any other applicable statutes.

5.  That Defendants, their officers, agents and employees, and all persons acting in concert or participation with them, be enjoined both during the pendency of this action and permanently thereafter from copying, reproducing, distributing, publishing, electronically transmitting, or otherwise commercially exploiting the Infringing Videos and/or any derivative work thereof without authorization from Plaintiffs, or otherwise infringing Plaintiffs' copyrights in any manner, and from permitting, authorizing or causing others to do so;

6.  That Defendants be required to deliver up to be impounded and destroyed all copies of the Infringing Video and/or any derivative work thereof in Defendants' custody or control;

7.  That the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 27th day of September 2024.

*/s/James L. Walker, Jr.*
James L. Walker Jr.
Georgia Bar No. 260643
**J. Walker & Associates, LLC**
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com

*/s/ Brittney Dobbins*
Brittney R. Dobbins
468 North Camden Drive #159-C
Beverly Hills, CA 90210
Telephone: 310-285-1730
brittney@bdobbinsesq.com
*Pro Hac Vice Application
Forthcoming

*Attorneys for Plaintiffs*

SECOND AMENDED COMPLAINT FOR DAMAGES

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

This 27th day of September, 2024.

<u>*/s/James L. Walker, Jr.*</u>
James L. Walker Jr.
Georgia Bar No. 260643
**J. Walker & Associates, LLC**
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com
*Attorney for Plaintiffs*


<u>*/s/ Brittney Dobbins*</u>
Brittney R. Dobbins
468 North Camden Drive #159-C
Beverly Hills, CA 90210
Telephone: 310-285-1730
brittney@bdobbinsesq.com
*Pro Hac Vice <u>Application</u>
<u>Forthcoming</u>

CERTIFICATE OF COMPLIANCE TO SECOND AMENDED COMPLAINT FOR
DAMAGES

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY**, that on the 27th day of September, 2024, I filed the foregoing with the Clerk of Court through the CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List.

<div style="margin-left:auto;">

*<u>/s/James L. Walker, Jr.</u>*
James L. Walker Jr.
Georgia Bar No. 260643
**J. Walker & Associates, LLC**
The Walker Building
3421 Main Street Suite A
Atlanta, GA 30337
Telephone: (770) 847-7363
jjwalker@walkerandassoc.com
*Attorney for Plaintiffs*


*<u>/s/ Brittney Dobbins</u>*
Brittney R. Dobbins
468 North Camden Drive #159-C
Beverly Hills, CA 90210
Telephone: 310-285-1730
brittney@bdobbinsesq.com
*Pro Hac Vice <u>Application Forthcoming</u>

</div>

CERTIFICATE OF SERVICE TO SECOND AMENDED COMPLAINT FOR DAMAGES

# EXHIBIT A

# Trump Promotes A.I. Images to Falsely Suggest Taylor Swift Endorsed Him

The former president has been preoccupied with the popularity of the pop music megastar, who endorsed Joseph R. Biden Jr. over him during the 2020 election.

 **By Neil Vigdor**

Aug. 19, 2024

Former President Donald J. Trump, who has notably harbored a grudge against the pop music megastar Taylor Swift, set the internet ablaze on Sunday when he shared social media posts suggesting that she had endorsed him and that her fans could help him win the November election.

In a post on his social media site, Truth Social, Mr. Trump drew attention to a group of images that were created using artificial intelligence. One showed Ms. Swift dressed up as Uncle Sam with the headline: "Taylor Wants You to Vote for Donald Trump." The others depicted a crowd of young women wearing matching "Swifties for Trump" T-shirts.

At least one of the images, which were shared by a social media influencer aligned with Mr. Trump, was labeled "satire."

"I accept," Mr. Trump wrote in a post, seemingly implying that he had received Ms. Swift's endorsement.

A representative for Ms. Swift, who has not made an endorsement this election cycle after backing Joseph R. Biden Jr. in 2020, did not immediately respond to a request for comment on Monday.

The mockery from Democrats was swift.

Case 1:24-cv-03583-AMD Document 65-1 Filed 09/27/24 Page 26 of 36

Representative Eric Swalwell of California, appearing on CNN on Monday, said that the move would backfire on Mr. Trump.

"This genius, over the weekend, decided to poke the eyes of Swifties and suggest that Taylor Swift is endorsing him," Mr. Swalwell said. "They are going to have a marvelous time ruining everything for Donald Trump over the next 78 days."

A.J. Delgado, a former campaign communications adviser for Mr. Trump in 2016 who sued him for wrongful termination, urged a publicist for Ms. Swift to clear up the misinformation.

"You're going to let this go uncorrected?" she wrote on X.

Mr. Trump's tactics marked another twist in his long-running preoccupation with Ms. Swift, who earlier this year was the focus of a right-wing meltdown over her political preferences. The fixation of the Make America Great Again movement bubbled up around the Super Bowl, when Ms. Swift's boyfriend, Travis Kelce, the Kansas City Chiefs' star tight end, won back-to-back titles.

Conspiracy theories proliferated that Ms. Swift was a secret agent of the Pentagon and that she was bolstering her fan base in preparation for her endorsement of President Biden's re-election.

At the time, Mr. Trump reportedly said that he was more popular than Ms. Swift and that it would be disloyal for her to support Mr. Biden's re-election, given that Mr. Trump had signed legislation that made it easier for artists to collect royalties when their songs are streamed.

Then, Mr. Trump privately complained to a group of House Republicans during a June visit to Capitol Hill that Ms. Swift did not endorse him in 2020.

That year, Ms. Swift did not hold back her criticism of Mr. Trump amid the widespread protests after police in Minneapolis murdered George Floyd.

"After stoking the fires of white supremacy and racism your entire presidency, you have the nerve to feign moral superiority before threatening violence?," she wrote on Twitter, now X. 'When the looting starts the shooting starts'??? We will vote you

out in November."

Maggie Astor and Jonathan Weisman contributed reporting.

**Neil Vigdor** covers politics for The Times, focusing on voting rights issues and election disinformation. More about Neil Vigdor

# EXHIBIT B

```
Type of Work:      Music

Registration Number / Date:
                   RE0000734375 / 1996-01-11
                   Renewal registration for: EP0000246262 / 1968-03-29

Title:             Hold on (I'm comin')

Notes:             Words & music.

Copyright Claimant:
                   Isaac Hayes & David Porter (A)

Copyright Note:    C.O. correspondence.

Names:             Hayes, Isaac
                   Porter, David


===============================================================================
```

# EXHIBIT C



# Scandinavia

## Sweden

Lee Hazlewood in town for TV show and for the occasion publisher Stig Anderson gave a press party at Sweden Music's office. Swedish TV presented their show with Aretha Franklin Dec. 13th, a show recorded while the Atlantic songstress appeared at a Stockholm nightclub, Metronome Records followed up with a special campaign for her records.

Releases from Scan-Disc includes a new single with Bertil Englund, who has done "You May Not Remember" in Swedish b.w. at local tune. Anne-Christine Ek and Jeja Sundström also have new singles.

Norwegian group Gluntan has done "Little Green Apples" and "I'm A Lonesome Fugitive" for the EMI label Columbia. The group has done very well recently in their native Norway.

Actual releases from Karusell Grammofon AB includes another Polydor lowprice LP with Bee Gees. At MGM, an LP album from "Hair," at the moment one of the most discussed stage performances in Stockholm.

Paul Butterfield Blues Band to Sweden in January, contracted for appearances in Stockholm, Gothenburg and Lund. Swedish group Los Comancheros back in Sweden after a tour in Germany and Holland. Swedish group Ola & Jangles now on tour in Norway. Hoods, also a local group, started their third Danish tour just before Christmas. British group Gilded Cage to Stockholm, contracted to Jesse Jönsson, one of Stockholm's many teenage spots. Slam Creepers, a Swedish group, now on tour in England.

Releases from Sonet Grammofon AB includes "Tom—Nature Boy," an LP album with Tommy Körberg who is one half of the popular Tom & Mick. Gunnar Bergström produced. He produced the LP album "Happy Days" with the Stockholm group New Generation, just released at Sonet.

Jimi Hendrix Experience to Stockholm where they appear Jan. 9. British group Spooky Tooth here last week as first group at just-opened teenage spot Jesse Jönsson, an old dance hall in Stockholm modernized to meet the requests from the younger generation now being the main audience.

AB Philips-Sonora introduced record debutants, Kare Sundelin. He started his career by making a single in Germany where he is known as Karl Kristian.

### Denmark's Best Sellers

| This Week | Last Week | Weeks On Chart | |
|---|---|---|---|
| 1 | 1 | 6 | De vaíler ju plukker (Lemon Tree) (Johnny Reimar/Philips) Musikforlaget Essex AB, Sweden |
| 2 | 2 | 6 | Vi danser (Azzurro) (Gitte Haenning/HMV) Imudico A/S, Denmark |
| 3 | 3 | 4 | Vi får vel sol igen engang (The Garden Of My Home) (Two Danes/CBS) Dacapo Musikforlag, Denmark |
| 4 | 5 | 3 | Listen To Me (Hollies/Parlophone) Dacapo Musikforlag, Denmark |
| 5 | — | 1 | With A Little Help From My Friends (Joe Cocker/Polydor) Dacapo Musikforlag, Denmark |
| 6 | 7 | 3 | Lille Amor (Little Arrows) Björn Tidmand/Odeon) Sweden Music AB, Sweden |
| 7 | 4 | 10 | Little Arrows (Leapy Lee/Stateside) Sweden Music AB, Sweden |
| 8 | 6 | 10 | Those Were The Days (Mary Hopkin/Apple) Musikförlaget Essex AB, Sweden |
| 9 | — | 1 | Only One Woman (Marbles/Polydor) Dacapo Musikforlag, Denmark |
| 10 | 8 | 7 | My Little Lady (Tremeloes/CBS) Sweden Music AB, Sweden |

### Norway's Best Sellers

| This Week | Last Week | Weeks On Chart | |
|---|---|---|---|
| 1 | 1 | 4 | Fru Johnsen (Harper Valley P.T.A.) (Inger Lise Andersen/RCA Victor) Sweden Music AB, Sweden |
| 2 | 2 | 17 | Romeo og Julie (Romeo und Julia) (Inger Lise Andersen/RCA Victor) Sweden Music AB, Sweden |
| 3 | 6 | 2 | Rain And Tears (Aphrodite's Child/Mercury) Sonora Musikkforlag A/S, Norway |
| 4 | 3 | 15 | Hey Jude (Beatles/Parlophone) Sonora Musikkforlag A/S, Norway |
| 5 | 5 | 11 | Those Were The Days (Mary Hopkin/Apple) Musikförlaget Essex AB, Sweden |
| 6 | — | 1 | Eloise (Barry Ryan/MGM) (Belinda (Scandinavia) AB, Sweden |
| 7 | 4 | 7 | Langs hver en vei (The Fugitive) (Gluntan/Odeon) Palace Music (Sweden) AB, Sweden |
| 8 | — | 1 | Only One Woman (Marbles/Polydor) Sonora Musikkforlag A/S, Norway |
| 9 | 10 | 4 | My Little Lady (Non illuderti mai) (Tremeloes/CBS) Sweden Music AB, Sweden |
| 10 | 11 | 3 | With A Little Help From My Friends (Joe Cocker/Polydor) Sonora Musikkforlag A/S, Norway |

### Sweden's Best Sellers

| This Week | Last Week | Weeks On Chart | |
|---|---|---|---|
| 1 | 5 | 2 | Arrivederci Frans (Arrivederci Hans) (Ann-Louise Hansson/Philips) Sweden Music AB, Sweden |
| 2 | 1 | 5 | Let's Dance (Ola & Janglers/Gazell) E. H. Morris Nordiska AB, Sweden |
| 3 | 4 | 5 | Little Arrows (Leapy Lee/Stateside) Sweden Music AB, Sweden |
| 4 | 2 | 6 | Romeo och Julia (Romeo und Julia) (Inger Lise Andersen/RCA Victor) Sweden Music AB, Sweden |
| 5 | 3 | 11 | Aiajaiaiaj (Luglio) (Osten Warnerbring/Karusell) Sonora Musikförlag AB, Sweden |
| 6 | 3 | 11 | Those Were The Days (Mary Hopkin/Apple) Musikförlaget Essex AB, Sweden |
| 7 | 6 | 3 | With A Little Help From My Friends (Joe Cocker!/Polydor) Sonora Musikförlag AB, Sweden |
| 8 | — | 1 | The Beatles (Beatles/Apple, 2 LP) |
| 9 | 7 | 3 | Fröken Fredriksson (Harper Valley P.T.A.) (Björn Ulvaeus/Polar) Sweden Music AB, Sweden |
| 10 | 9 | 6 | Natten har tusen ögon (Cuando sali de Cuba) (Jan Oilers/Anette) Sonora Musikförlag AB, Sweden |



# Japan

Japan Disc Grand Prize 1968 was awarded to Jun Mayuzumi, Toshiba songstress, for her recording of "Tenshi no Yuwaku," written by Rei Nakanishi and composed by Kunihiko Suzuki. According to Toshiba, this record has sold 1,700,000 copies since release in May, '68. This title of the most promising new male vocalist was won by Ken Yabuki (Teichiku), and the most promising new female vocalist was Kaori Kumi on Nippon Columbia, while the most promising new group was Pinky & Killers (King). The group was founded modelling on Spanky & Our Gang (U.S. Mercury), and has been keeping a long-run sales with the debut single "Koi no Kisetsu" 'since the end of summer.

It has been a trend in the local pop scene in '68 that, as a counter-movement against westernized "group-sounds" supported by the enthusiasm of teenagers, soft-beat sentimental songs started to regain the hit charts by appealing to grown-up generations. Several soft vocal groups made their success. Among them are Los Primos (Crown), Tokyo Romantica (Teichiku), who won the prize for the best performance on records, and Colo-Latino (Columbia). These groups have frequently made their way to the central hit charts by being featured on the wire broadcasting in local districts. The wire broadcasting in local districts. The wire broadcasting service has recently become a very important part in the local hit scene, and the Wire Broadcasting Prize sponsored by the wire service association was awarded to Sinichi Mori (Victor) as the most programmed singer. At the same time, female solo singers have been very active during the year, especially Yukari Itoh (King) and above-mentioned Jun Mayuzumi.

Trio K.K., a leading audio-products maker, has announced that the company will initiate producing open-reel pre-recorded tapes and releasing records. Trio has been an import distributor of Charlin Records of France for the past four years, and now they intend to launch more positively into the music business. To start with, the company has made an exclusive contract with German label Wergo Records which is exclusively devoted to contemporary classical music. The initial release of the Wergo catalog include two albums, "Sonatas of C. Debussy" and "Works of G. Ligeti." They are priced at ¥2,600 ($7.22), 30% higher than the noral prices of LP records. The release of the 4-track open-reel pre-recorded tapes has just been initiated with the recording of Concertgebouw Chamber Orchestra which were taken during their Japanese tour last September, and a Charlin recording of Japanese traditional music. Trio's record sales route has at present about 300 dealers and they intend to obtain 400 dealers more in the first half of this year.

The total output of prerecorded tapes during six months between April and September, '68, has been announced by the Japan Music Tape Association as follows: cartridge tapes, 2,900,673 pieces; musicassettes; 375,295 pieces; open-reel tapes, 76,997 reels. Comparing these figures to those of the previous period (October, '67-March, '68), cartridge tapes have increased by 84%, and the output of musicassettes shows a most remarkable increase, 600% over the previous six months. But the output of open-reel tapes has decreased by 8%. Recent development of musicassette market can be attributed to the initiation of release of EP cassettes by record makers in the later half of 1968, and the market still promises a great expansion in the new year.

Nippon Grammophon has announced that during the three months between October and December, '68, "The Dock Of The Bay" by Otis Redding has sold approximately 400,000 copies; "Hold On" by Sam & Dave, 250,000 copies; "Purple Haze" by Jimi Hendrix, 100,000 copies; and other successful items have been "Amen" by Otis Redding and "People Got To Be Free" by the Rascals.

English group Dave Dee, Dozy, Beaky, Mick & Tich was signed for a three-week tour in Japan in February by Kyoko Kikaku Agency.

## Japan's Best Sellers

### ALBUM

| This Week | Last Week | |
|---|---|---|
| 1 | 1 | Human Renaissance—The Tigers (Polydor) |
| 2 | — | Otaru-No Hitoyo—Same Taylor (Teichiku) |
| 3 | 4 | Haru-No Umi—M. Inoue & Sharp Five (Columbia) |
| 4 | 2 | Folk Crusaders in Concert—The Folk Crusaders (Capitol) |
| 5 | 3 | Sound Of Silence—Simon & Garfunkle (CBS Sony) |

### LOCAL

| This Week | Last Week | |
|---|---|---|
| 1 | 2 | Ima-Wa Shiawase-Kai—Nitsuo Sagawa (Columbia) |
| 2 | 1 | Koi-No Kisetsu—Pinky & Killers (King) |
| 3 | 3 | Narasaki Blues—Mina Aoe (Victor) |
| 4 | 5 | Shirisagita-None—Los Indios (Polydor) |
| 5 | 4 | Asa-No Kuchizuke—Yukari Itoh (King) |
| 6 | 7 | Toshiue-No Hito—Shinichi Mori (Victor) |
| 7 | 7 | Hitori Sakaba-De—Shinichi Mori (Victor) |
| 8 | 10 | Aisurutie Kowai—Jun & Nene (King) |
| 9 | 8 | Kiri-Ni Musebu Yoru—Ken Kuroki (Toshiba) |
| 10 | — | Washi-Tte Damena Omna-Ne—H. Wada & Mahina Stars & K. Ogata (Toshiba) |

### INTERNATIONAL

| This Week | Last Week | |
|---|---|---|
| 1 | 1 | Sayonara-No Atode—The Blue Comets (Columbia) Publisher/Watanabe |
| 2 | 2 | Yuuraki—Jun Mayuzumi (Capitol) Publisher/Ishihara |
| 3 | 15 | Aoi Tori—The Tigers (Polydor) Publisher/Watanabe |
| 4 | 6 | 13 Jours En France—Francislai (London) Sub-Publisher/Pacific Music |
| 5 | — | Sound of Silence—Simon & Garfunkle (CBS) Sub-Publisher/Shinko |
| 6 | 4 | Hey Jude—The Beatles (Odeon) Sub-Publisher/Toshiba |
| 7 | 7 | Okassan—The Tempters (Philips) Sub-Publisher/Tanabe |
| 8 | 3 | Those Were the Days—Mary Honkin (Apple) Sub-Publisher/Shinko |
| 9 | 5 | Haiko-No Hato—The Tigers (Polydor) Publisher/Watanabe |
| 10 | 9 | Chiisana Nikki—The Four Saints (Express) Publisher/Pacific Music |
| 11 | — | Imujin Gawa—The Fourshureek (Young Pops) Sub-Publisher/Osaka Roon |
| 12 | 9 | Be My Baby—The Ronetts (London) Sub-Publisher/Shinko |
| 13 | 11 | Simon Says—1910 Fruitgum Co. (Columbia Sub-Publisher/Aberbach Tokyo |
| 14 | 8 | Twenty Tire—The Fairly Dust (king) Sub-Publisher/April Music |
| 15 | — | Goodnight Baby—The King Tones (Polydor) Publisher/J&K |

www.americanradiohistory.com

# EXHIBIT D



**Sam & Dave**
*Hold On Im Comin*

Snapper Music

CERTIFIED DATE:   19.02.21
RELEASE DATE:     08.04.05

SILVER

**Award Tracker**



MULTI PLATINUM

PLATINUM

GOLD

SILVER

RELEASE DATE
08.04.05

CERTIFICATION DATE
19.02.21

CURRENT DATE
16.08.24

# EXHIBIT E

(Non- Exhaustive List of Unlawful Public Performances)

1.      August 6, 2022 - CPAC Texas Speech

2.      March 4, 2023 - Keynote Speech to CPAC DC 20236

3.      February 24, 2024: Speech at CPAC in National Harbor, Maryland

4.      March 2, 2024: Rally in Greensboro, North Carolina

5.      March 2, 2024: Rally in Richmond, Virginia

6.      March 9, 2024: Rally in Rome, Georgia

7.      March 16, 2024: Speech at Buckeye Values PAC Rally in Dayton, Ohio

8.      April 2, 2024: Speech in Grand Rapids, Michigan

9.      April 2, 2024: Rally in Green Bay, Wisconsin

10.     April 13, 2024: Rally in Schnecksville, Pennsylvania

11.     May 1, 2024: Rally in Waukesha, Wisconsin

12.     May 1, 2024: Rally in Freeland, Michiga

13.     May 11, 2024: Rally in Wildwood, New Jersey

14.     May 17, 2024: Speech at Minnesota GOP Lincoln-Reagan Dinner in Saint Paul, Minnesota

15.     May 18, 2024: Speech at 153rd Annual NRA Convention in Dallas, Texas

16.     May 23, 2024: Rally in Bronx, New York

17.     May 25, 2024: Speech at Libertarian Party Convention in Washington,

18.     June 6, 2024: Town Hall in Phoenix, Arizona

19.     June 9, 2024: Rally in Las Vegas, Nevada

20.     June 14, 2024: Speech at Club 47 Birthday Celebration in West Palm Beach, Florida

21.     June 15, 2024: Speech at The People's Convention in Detroit, Michigan

22.     June 18, 2024: Rally in Racine, Wisconsin

23.     June 22, 2024: Speech at Faith and Freedom Coalition in Washington,

24.     June 22, 2024: Rally in Philadelphia, Pennsylvania

25.     June 28, 2024: Rally in Chesapeake, Virginia

26.     July 9, 2024: Rally in Miami, Florida

27.     July 13, 2024: Rally in Butler, Pennsylvania

28.     July 18, 2024: Speech at RNC in Milwaukee, Wisconsin

29.     July 20, 2024: Rally in Grand Rapids, Michigan

30.     July 24, 2024: Rally in Charlotte, North Carolina

31.     July 26, 2024: Speech at TPUSA Faith Believers' Summit in West Palm Beach, Florida

32.     July 27, 2024: Speech at Bitcoin 2024 Conference in Nashville, Tennessee

33.     July 27, 2024: Rally in St. Cloud, Minnesota8

34.     July 31, 2024: Speech at Nat. Assoc. of Black Journalists Convention in Chicago, Illinois

35.     July 31, 2024: Rally in Harrisburg, Pennsylvania

36.     August 3, 2024: Rally in Atlanta, Georgia

37.     August 9, 2024: Rally in Bozeman, Montana