# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ISSAC HAYES ENTERPRISES, LLC,** a Georgia Domestic Limited Liability Company, and **ISSAC HAYES, III**, as representative of **THE ESTATE OF ISSAC HAYES**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DONALD J. TRUMP,** individually, **DONALD J. TRUMP FOR PRESIDENT 2024, INC.,** **TURNING POINT ACTION, INC.,** and **BTC, INC.,**<br><br>**Defendants.** | **Civil Action No. 24-CV-03639-TWT** |

**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO SEVER THE CLAIMS AGAINST BTC, INC. AND TRANSFER VENUE AND MEMORANDUM OF LAW IN SUPPORT**

___

Defendant BTC, Inc. ("BTC") respectfully moves for dismissal of all claims against it by Plaintiffs Isaac Hayes Enterprises, LLC and The Estate of Isaac Hayes, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). As set forth

below, all claims against BTC must be dismissed for lack of personal jurisdiction and improper venue.

Alternatively, BTC respectfully moves for claims against it to be severed and transferred to the proper venue, the Middle District of Tennessee, pursuant to Federal Rule of Civil Procedure 21.

## I. **INTRODUCTION**

Isaac Hayes, III ("Hayes III"), as the representative of the Estate of Isaac L. Hayes, Jr. ("Hayes Estate"), and Isaac Hayes Enterprises, LLC ("Hayes Enterprises")(collectively "Plaintiffs") attempt to assert claims against BTC, a Delaware corporation with a principal place of business in Tennessee, for copyright infringement, accounting, false endorsement and violation of the right of publicity, based solely on co-defendant Donald John Trump's alleged unauthorized use of the song *Hold On, I'm Coming* at a Bitcoin Conference held in Nashville, Tennessee on July 27, 2024.

Plaintiffs fail to meet their burden of showing BTC is subject to personal jurisdiction in Georgia. Nowhere in Plaintiffs' Second Amended Complaint ("SAC") does it state that the events giving rise to Plaintiffs' claims occurred in the State of Georgia and in this District, or how such events were in any way connected to any activities carried out in the State of Georgia and in this District. Plaintiffs' SAC is silent on personal jurisdiction, except to admit that BTC is a Delaware-

formed, Tennessee-based company. Rather, Plaintiffs' SAC specifically states that the alleged violation occurred in Nashville, Tennessee. Plaintiffs' SAC fails to set forth a prima facie case for jurisdiction over non-resident defendant BTC under Georgia's Long-Arm Statute, and the claims against BTC must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

Moreover, since this Court does not have personal jurisdiction over BTC, it cannot be the proper venue for this action. Plaintiffs fail to set forth a prima facie case for venue in this District, and the claims against BTC must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, should Plaintiffs' claims against BTC not be dismissed, BTC respectfully requests that the claims against BTC be severed and transferred to the Middle District of Tennessee.

## II. FACTUAL ALLEGATIONS

Plaintiffs assert claims for copyright infringement, accounting, false endorsement and violation of the right of publicity against BTC and three other defendants arising out of defendants' allegedly unauthorized use of the musical composition *Home On, I'm Coming,* (the "Work") co-written by Isaac Hayes, Jr. ("Hayes") – the father of Hayes, III – at various campaign events for Donald John Trump. *See generally* SAC (Dkt. 70). According to the SAC, the copyright in the Work was originally registered in March 1968 and renewed on January 11, 1996. *Id.* ¶ 3. On December 31, 2014, Hayes Enterprises and Hayes III allegedly

terminated the copyright interest of Warner Chappell Music in and to the composition and, as a result, Hayes Enterprises came to own 50% of the composition. *Id.* ¶¶ 4-5. Hayes Enterprises subsequently transferred half of its ownership interest to a third-party, resulting in Hayes Enterprises owning 25% of the composition. *Id.* ¶ 6. Hayes Enterprises allegedly owns all right and interest in Hayes' name and likeness, including two United States trademarks in the name "Isaac Hayes." *Id.* ¶ 7.

Defendant BTC is a Delaware corporation with a principal place of business in Tennessee. *Id.* ¶ 26. The SAC alleges that this Court has jurisdiction over defendants collectively because "Defendants, Defendants' agents, and/or Defendants' personal representatives either (a) maintain a principal place of business in Georgia or have a substantial presence in Georgia with offices located in Georgia; or (b) regularly conduct business in the State of Georgia, including conducting such business through performing rights organizations located in Georgia and by entering contracts that are consummated and/or performed in Georgia." *Id.* ¶ 31. Aside from these conclusory allegations, the SAC does not include any jurisdictional allegations specifically directed at BTC or that concern BTC's specific contacts with the State of Georgia.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a matter for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of [personal] jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.*

Where the allegations in the complaint are deficient and fail to set forth a prima facie case of jurisdiction, dismissal is appropriate. *Diulus v. Am. Express Travel Related Srvs. Co., Inc.*, 823 Fed. Appx. 843, 849 (11th Cir. 2020) (holding that the district court "properly reviewed the allegations in the complaint, found them to be deficient, and dismissed the complaint" where defendant's motion to dismiss argued only that the complaint did not allege a prima facie case of personal jurisdiction).

5

## IV. ARGUMENT

**A. The Second Amended Complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.**

Plaintiffs' SAC fails to allege facts sufficient to state a prima facie case of jurisdiction. Therefore, the Court must dismiss Plaintiffs' claims against BTC.

Plaintiffs do not allege and cannot show that BTC is subject to general jurisdiction in Georgia. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is . . . the place of incorporation [and/or] principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The SAC negates general jurisdiction by alleging, correctly, that BTC is a Delaware corporation with its principal place of business in Tennessee. Dkt. 70 ¶ 26.

Personal jurisdiction over a non-resident defendant is permissible only where the forum's long-arm statute permits jurisdiction without violating due process. *See Intl'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Plaintiff must establish both that (1) exercising personal jurisdiction comports with due process; and (2) jurisdiction is authorized by Georgia's long arm statute, O.C.G.A. § 9-10-91. *See Diamond*, 593 F.3d at 1263 ("both, separate prongs of the jurisdictional inquiry [must be] satisfied").

Due process requires that "the defendant's suit-related conduct must create a substantial connection with the forum state." *Mason v. Sony Pictures Ent., Inc.*, 2021 WL 1663492, at *3 (N.D. Ga. Apr. 28, 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). To guide the due process inquiry, the Eleventh Circuit has formulated a three-part test:

> [1] whether the plaintiffs have established that their claims "arise out of or relate to" at least one of the defendant's contacts with the forum… [2] whether the plaintiffs have demonstrated that the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state…. [and 3] If the plaintiffs carry their burden of establishing the first two prongs, . . . whether the defendant has "ma[de] a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."

*Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018), *quoting Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiff must establish specific jurisdiction as to each Defendant. *See Calder v. Jones*, 465 U.S. 783, 790 (1984).

Plaintiffs' attempt to sue BTC in Georgia fail at the start because Plaintiffs do not allege, and cannot establish, that their claims "arises out of or relates to" the Georgia contacts of each Defendant. Plaintiffs' claims against BTC arise out of alleged unauthorized use of the Work at the Bitcoin 2024 Conference held in Nashville, Tennessee on July 27, 2024. Dkt. 70 ¶ 49. There are no further statements alleged in Plaintiffs' SAC that specifically relate to BTC and BTC's contacts with the state of Georgia. It is undisputed that Plaintiffs' SAC fails to contain a single

7

factual allegation concerning BTC's specific contacts with Georgia, let alone allegations that would suggest those contacts bear any connection whatsoever with Plaintiffs' infringement claims. This necessitates dismissal. *Mason*, 2021 WL 1663492, at *4 (dismissing copyright infringement claims for lack of personal jurisdiction where allegedly infringing work was developed and produced in California, filmed in California and British Columbia, and complaint failed to allege any connection between defendants' contacts with Georgia and infringement).

Exercising personal jurisdiction on BTC would also violate Georgia's long-arm statute, which provides a separate basis for dismissal. Georgia's long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond*, 593 F.3d at 1259. The statute provides, in relevant part:

> A court of this state may exercise personal jurisdiction over any nonresident . . ., as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: . . .
>
> (1) Transacts any business within this state;
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or]
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

SGR/80001871.1

O.C.G.A. § 9-10-91(1)-(3).  "To satisfy the Georgia long-arm statute, the plaintiff must show that personal jurisdiction is permitted under one of the express statutory bases, interpreted and applied literally." *Davis v. LG Chem, Ltd.*, 2020 WL 5773462, at *3 (N.D. Ga. Sept. 28, 2020); *see Diamond*, 593 F.3d at 1259 (long-arm statute "must be read literally").

None of these subsections applies. Under subsection (1), "the narrow question is 'whether [the defendant] transacted any business in Georgia in a matter that gave rise to [the plaintiff's] cause of action.'" *Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, 952 F. Supp. 2d 1334, 1344-49 (N.D. Ga. 2013) (quoting *Diamond*, 593 F.3d at 1264).  A plaintiff cannot meet his pleading burden by "lump[ing] together all three Defendants" and "alleg[ing] generally that ['Defendants' are] doing business in Georgia." *AFC Enters., Inc. v. Hearst Corp.*, 2012 WL 13014021, at *4 (N.D. Ga. Sept. 10, 2012).

That is all Plaintiff has done here. Dkt 70 ¶ 31.  In any event, subsection (1) does not apply because BTC has not "engaged in any transactions within Georgia" that gave rise to Plaintiffs' claims. *Davis*, 2020 WL 5773462, at *4.

Plaintiffs have not met subsections (2) or (3) with regard to BTC, either. Subsection (2) is inapplicable because Plaintiffs do not allege BTC committed a tort "within this state" giving rise to Plaintiff's claim.  BTC's alleged activities took place entirely outside of Georgia. Dkt. 70 ¶ 49; *See Thoroughbred Legends, LLC v. Walt*

9

*Disney Co.*, 2007 WL 9702282, at *7 (N.D. Ga. Dec. 4, 2007) (subsection (2) inapplicable, as defendants' "production activities took place entirely outside Georgia"); *3Q Techs., Ltd. v. Canfield Scientific, Inc.*, 2006 WL 1455663, at *6 (N.D. Ga. May 16, 2006) (same, where defendant designed and developed allegedly infringing software outside Georgia).

Subsection (3) is inapplicable because Plaintiffs have not alleged, and BTC does not have, the requisite "regular," "persistent," or "substantial" contacts with Georgia. *Diamond*, 593 F.3d at 1264, *See Thoroughbred*, 2007 WL 9702282, at *7 (no jurisdiction under subsection (3) given "the limited nature of [defendant's] interactions with Georgia," including "optioning rights for feature films from Georgia residents" and "conducting business with a [] producer in [Georgia]"); *Kason Indus.*, 952 F. Supp. 2d at 1348 (same, where defendant derived only a "small amount of revenue . . . from Georgia" relative to its overall sales); *Askue v. Aurora Corp. of Am.*, 2012 WL 843939, at *4 (N.D. Ga. Mar. 12, 2012) (same, despite plaintiff's conclusory allegations to the contrary). For this additional independent reason, BTC's Motion under Rule 12(b)(2) should be granted.

**B. The Second Amended Complaint should be dismissed under Rule 12(b)(3) because this district is not a proper venue.**

Venue is improper as well. "[T]he proper venue for copyright infringement suits is determined by . . . 28 U.S.C. § 1400(a), not the general provision governing

10

suits in federal district courts." 28 U.S.C. § 1391; *Home Legend, LLC v. Mannington Mills, Inc.*, 2014 WL 12489761, at *10 (N.D. Ga. July 2, 2014); *Foxworthy v. Custom Tees, Inc.*, 879 F. Supp. 1200, 1207 (N.D. Ga. 1995). Section 1400(a) provides that a copyright action may be instituted in the district in which the defendant "may be found" – *i.e.*, where the defendant is subject to personal jurisdiction. *Palmer v. Braun*, 376 F.3d 1254, 1259-60 (11th Cir. 2004). This Court "lacks personal jurisdiction over" BTC, and "[c]onsequently, venue is not proper." *Home Legend*, 2014 WL 12489761, at *10.

**C. Alternatively, this action should be severed and transferred to the Middle District of Tennessee.**

While the outright dismissal of this action is appropriate for the reasons discussed above, in the alternative, and at a minimum, the Court should sever and transfer this action in the interests of justice and convenience to the Middle District of Tennessee, where it should have been brought originally.

Under Rule 21, a court may "sever any claim against a party." F.R.C.P. 21. A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken. *See Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) (citing *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 441 & n. 17 (7th Cir.2006)).

11

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The first step under Section 1404(a) is to determine "whether the present action could have been brought" in the proposed transferee forum. *Internap Corp. v. Noction Inc.*, 114 F. Supp. 3d 1336, 1339 (N.D. Ga. 2015).

This action clearly "might have been brought" in the Middle District of Tennessee. To meet this threshold, "the court must have subject matter jurisdiction, have personal jurisdiction over the defendant, and provide a proper venue." *Great N. Ins. Co. v. Emerson Elec. Co.*, 2012 WL 12875512, at *1 (N.D. Ga. Oct. 25, 2012). The Middle District of Tennessee would have subject matter jurisdiction over this copyright infringement action. *See* Dkt. 70 ¶¶ 28-29; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a). Moreover, unlike Georgia, Tennessee has personal jurisdiction over BTC, where it resides, has a principal place of business and/or may be served in this case. *See, e.g.*, *Davis v. Metro Goldwyn Mayers Pictures*, 2007 WL 951754, at *2 (M.D. Ala. Mar. 27, 2007) (granting transfer; action "might have been brought" in Central District of California since defendants "all either reside, have a principal place of business, or may be served there"). Finally, unlike this District, the Middle

12

District of Tennessee is the proper venue, which is coextensive with personal jurisdiction. *See* 28 U.S.C. § 1400(a); *Home Legend*, 2014 WL 12489761, at *10.

Moreover, the balance of Section 1404(a) convenience factors weighs heavily in favor of transferring this action to the Middle District of Tennessee. In considering whether "the convenience of parties and witnesses" and "the interest of justice" favor transfer, courts in this Circuit consider nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). District courts have "considerable discretion" in deciding a transfer motion. *Internap*, 114 F. Supp. 3d at 1339. Although the party seeking transfer bears the burden of establishing that transfer is appropriate, "the proof a movant offers in support of a motion to transfer need not be overwhelming." *Phigenix, Inc. v. Genentech, Inc.*, 2015 WL 10910488, at *6 (N.D. Ga. Mar. 12, 2015). A motion to transfer should be granted where "the balance of interests" favors transfer. *Id.*; *accord Nam v. U.S. Xpress, Inc.*, 2011 WL 1598835, at *7 (N.D. Ga. Apr. 27, 2011) ("The burden is on [the movant] to show that the balance of conveniences weighs in favor of the transfer.").

Here, the overwhelming majority of key non-party and party witnesses are located in Tennessee. The key witnesses in this case would be those who partook in setting up and coordinating the Bitcoin 2024 Conference in Nashville, Tennessee. Moreover, this District has no ability to compel the attendance of BTC's non-party witnesses at trial from clear across the country (*see* Fed. R. Civ. P. 45(c)(1)(A) (subpoena power limited to 100 miles)), thus potentially "prohibiting a jury from being able to hear and evaluate the testimony of key witnesses in this action." *Fireman's Fund Ins. Co. v. Comtran Grp., Inc.*, 2013 WL 12064285, at *3 n.5 (N.D. Ga. Oct. 7, 2013). Because the Middle District of Tennessee can compel such witnesses to attend and this District cannot, transfer is particularly appropriate. *See, id*. (finding this factor "strongly favor[s] transfer" where witnesses were "over 250 miles" away in Savannah, Georgia); *Great N. Ins.*, 2012 WL 12875512, at *3 (same, where "witnesses appear[ed] to be within the subpoena power of [the transferee forum], rather than this district," despite lack of "proof that [such] witnesses are unwilling to travel to this district"); *Davis*, 2007 WL 951754, at *2 (same, where it was "unclear" whether "witnesses [would] be subject to compulsory process in the [forum]," but it was "certain that most of the defendants' witnesses [would] be subject to compulsory process in the Central District of California").

Furthermore, the locus of operative facts occurred while at the Bitcoin 2024 Conference in Nashville, Tennessee. Dkt. 70 ¶ 49. There are no other alleged facts

14

by Plaintiffs that relate specifically to BTC's alleged infringement. Plaintiffs' chosen forum, the Northern District of Georgia, lacks any connection to the claims asserted in the SAC against BTC. The center of gravity in this case as it relates to BTC is the Middle District of Tennessee, where the alleged claim occurred, and where BTC is located. The Middle District of Tennessee is the District that would have personal jurisdiction over BTC and would be the proper venue. The Northern District of Georgia is the forum that is convenient only for the Plaintiffs; BTC is located in Nashville, Tennessee and prefers to litigate this dispute there.

In sum, besides Plaintiffs' residence, there is nothing that ties this action to the Northern District of Georgia. BTC was created in Delaware and has its principal place of business in Nashville, Tennessee. The alleged violations occurred in Nashville, Tennessee. Nashville, Tennessee is located within the Middle District of Tennessee. The Middle District of Tennessee has personal jurisdiction over BTC and would be the proper venue. And all other factors favor transfer to the Middle District of Tennessee. The balance of convenience and justice militates strongly in favor of transfer of this action.

## V. CONCLUSION

The Court should dismiss the Complaint for lack of personal jurisdiction and improper venue under Rule 12(b)(2) and 12(b)(3) with prejudice. If the Court does

15

SGR/80001871.1

not dismiss this action in its entirety, it should sever the claims against BTC and transfer the action to the Middle District of Tennessee.

/s/ *Jeremey R. Goolsby*
Jeremey R. Goolsby (*Pro Hac Vice*)
FROST BROWN TODD LLP
150 3rd Ave. South, Suite 1900
Nashville, TN 37201
(615) 251-5583 (Direct)
(615) 251-5551 (Fax)
jgoolsby@fbtlaw.com

Daniel A. Murray
Georgia Bar No. 443852
FROST BROWN TODD LLP
2101 Cedar Springs Rd., Suite 900
Dallas, Texas 75201
(214) 580-5853 (Direct)
(214) 545-3473 (Fax)
dmurray@fbtlaw.com

*and*

Matthew P. Warenzak
Georgia Bar No. 624484
SMITH, GAMBRELL & RUSSELL, LLP
1105 West Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3564
Facsimile: (404) 685-6864
mwarenzak@sgrlaw.com

*Attorneys for Defendant BTC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using 14-point Times New Roman font.

*/s/ Matthew P. Warenzak*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which shall cause service on all counsel of record.

*/s/ Matthew P. Warenzak*

0134810.0793895  4929-1033-5263v2

17