## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ISAAC HAYES ENTERPRISES, LLC, *et al*.,

                *Plaintiffs*,

                *v.*

DONALD JOHN TRUMP, *et al*.,

                *Defendants*.

Case No. 1:24-cv-03639-TWT

## OPPOSITION BY DEFENDANTS DONALD JOHN TRUMP AND THE DONALD J. TRUMP FOR PRESIDENT 2024, INC. CAMPAIGN TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Plaintiffs to include sufficient factual matter in the complaint to state a claim for relief that is plausible on its face. This means that the Plaintiffs must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Chi. Title Ins. Co. v. Schrader*, 693 F. Supp. 3d 1255 (S.D. Ala. 2023). In the context of a copyright infringement claim, it is undisputed that Plaintiffs must show ownership of a valid copyright and unauthorized performance.

When a Plaintiff omits key elements of the claim in its amended complaint, the court generally limits its analysis to the four corners of the complaint and any exhibits attached thereto. The court may, however, also consider documents incorporated by reference, those central to the Plaintiffs' claim, and matters of which judicial notice may be taken. Judicial notice can be taken of facts that are not subject to reasonable dispute because they are generally known within the court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338 (N.D. Ga. 2018).

In the case of copyright infringement, the registration requirement under §411(a) is considered an element of the claim rather than a jurisdictional prerequisite. Therefore, failure to plead registration of the copyright can result in dismissal under Rule 12(b)(6). *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335 (Fed. Cir. 2018). The court may take judicial notice of public records, including copyright registrations, if they are central to the Plaintiffs' claim and their authenticity is not disputed. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1989).

Where, as here, a complaint fails to include necessary elements, the court may dismiss the claim unless Plaintiffs can provide sufficient factual allegations to support each element of the claim. The Court may also consider documents attached to the motion to dismiss if they are central to the Plaintiffs' claim and undisputed.

*Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340 (S.D. Fla. 2014).

**LEGAL ARGUMENT**

I.    **PLAINTIFFS' MOTION FOR JUDICIAL NOTICE SHOULD BE DENIED BECAUSE IT SEEKS JUDICIAL NOTICE FOR DISPUTED <u>AND DEMONSTRABLY FALSE FACTUAL ASSERTIONS.</u>**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint that lacks sufficient factual matter to state a claim for relief that is plausible on its face.  In the context of a copyright infringement claim, the Plaintiffs must allege (1) ownership of a valid copyright, and (2) that the defendant copied protected elements of the copyrighted material without authorization.  *Tecnoglass, LLC v. RC Home Showcase, Inc.*, 301 F. Supp. 3d 1267 (S.D. Fla. 2017),  *Roig v. Star Lofts on the Bay Condo. Ass'n*, 2011 U.S. Dist. LEXIS 142625 (S.D. Fla. 2011). Plaintiffs' Second Amended Complaint, which omits key elements of the claim, fails to meet this standard, which the Trump Defendants have analyzed at length in their pending motion to dismiss.

Plaintiffs seek to remedy these omissions by requesting the court to take judicial notice of a raft of asserted "facts." Judicial notice is governed by Federal Rule of Evidence 201, which permits a court to take notice of a fact that is not subject to reasonable dispute because it is either (1) generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources

3

whose accuracy cannot reasonably be questioned. *Cobb Theatres III, LLC v. AMC Entm't Holdings, Inc*., 101 F. Supp. 3d 1319 (N.D. Ga. 2015); *Horton v. First Premier Bank*, 2013 U.S. Dist. LEXIS 79105 (N.D. Ga. 2013). The types of facts typically subject to judicial notice include scientific facts, matters of geography, political history and, in some cases, the contents of public filings.

In this case, however, Plaintiffs' request for judicial notice appears to be an attempt to circumvent the requirement to adequately plead all necessary elements of a copyright infringement claim. The 11th Circuit has emphasized that judicial notice should be used sparingly, as it bypasses the usual process of proving facts by competent evidence. Moreover, judicial notice is not appropriate for disputed facts or facts that require evidentiary support. It is true that the Court may take judicial notice of public records, including copyright registrations, if they are central to the Plaintiffs' claim and their authenticity is not disputed. *Carr v. United States Bank*, 2018 U.S. Dist. LEXIS 223576 (N.D. Ga. 2018). But the Plaintiffs must still provide sufficient factual allegations in the complaint to support each element of the claim. *Ross v. Stranger (In re Stranger)*, 2013 Bankr. LEXIS 506 (M.D. Fla. 2013). The failure to plead the registration of the copyright, which is a prerequisite to a copyright infringement claim, can result in dismissal under Rule 12(b)(6). As demonstrated below, the facts Plaintiffs seek to belatedly place before the Court are not appropriate

subjects for judicial notice because Plaintiffs have actually misrepresented the copyright record.

### 1.    Plaintiffs have not been candid with the Court concerning the copyright record regarding which they seek judicial notice.

In their reply brief to the Trump Defendants' Opposition to their motion for an emergency hearing and preliminary injunction (Doc. 32), Plaintiffs state: "Hayes passed away in 2008, leaving his copyright interest to his Estate, administered by his family. See Exhibit B."  Document 32 at page 6.  That "Exhibit B" is attached hereto as Attachment 1.  There are, however, two problems with this document.

Exhibit B to Plaintiffs' reply on the preliminary injunction motion is a document filed with the Copyright Office, which appears to be a record of a copyright assignment.  Contrary to Plaintiffs' claims, a notice to the Copyright Office has nothing to do with the estate of Isaac Hayes, Jr., which could only have been conveyed after his death by a will or other testamentary document.  But Exhibit B is different from the copyright assignment Plaintiffs refers to in their motion requesting judicial notice (Doc. 87) at 3, where point (c) refers to a termination of interests of various grantees and mentions "60 minutes of your love and 150 other titles."  Do. 87 at 3, point c.  Plaintiffs did not include the document showing a termination of interests as an exhibit.  Searching online via the search path provided by Plaintiffs, while not as straightforward as Plaintiffs suggest (a topic discussed in

detail in Point (3) below), eventually obtains the result that Plaintiffs presumably intended, which is attached as Attachment 2.

Comparing the documents submitted by Plaintiffs in Documents 32 and 87 respectively demonstrates Plaintiffs are eliding the distinction between two different copyright assignments, as shown by the chart below:

| Plaintiffs' Document Number | Songs to which the Document Refers | Entire Copyright Document |
|---|---|---|
| Document 32: Exhibit B | Can't Trust Your Neighbor With Your Baby & 4 other titles | V15024 D259 P1-4 |
| Document 87: Page 3, Part C | 60 Minutes Of Your Love & 150 other titles | V9930 D260 P1-8 |

Subsequently, in their opposition to the Trump Defendants' motion to dismiss the Second Amended Complaint (Doc. 90), Plaintiffs write, "Plaintiffs have unfortunately and inadvertently misstated the original registration number, and the related renewal date (plead as 1996). (SAC at ¶ 3.)" That paragraph states that the document is attached as Exhibit B. Exhibit B to the Second Amended Complaint is attached hereto as Attachment 3. The next paragraph in Defendants' opposition claims that the correct registration number is EU0000928718. Again, Plaintiffs do not attach the document from the Copyright Office to their pleading, but the

document they are apparently referring to is filed herewith as Attachment 4.  Two points are important.

First, Plaintiff's statement regarding "unfortunately and inadvertently" seems to be in bad faith or, at the very least, shows extreme carelessness.  For over five (5) months, Plaintiff has been attaching a particular exhibit to pleadings which Plaintiff now claims are mistakes.   Specifically, Plaintiff attached Registration Number RE0000734375, Renewal Registration for EP0000246262 in four (4) pleadings: Document 1, Exhibit A; Document 32, Exhibit A; Document 65, Exhibit B; and Document 70, Exhibit B.  Attachment 5.  Plaintiff even attached it to Plaintiff's original Complaint (Document 1), the foundation of the case.  Over five (5) months into the case, Plaintiff now claims in Document 90 that these four references are inadvertent errors.

A chart comparing Plaintiff's claimed "incorrect reference" and "correct reference" is shown below.

| Plaintiff's Filing | Dates of Plaintiff's Filings | Registration Number | Registration Number | Date of Registration |
|---|---|---|---|---|
| Documents 1, 32, 65, 70 | 8/16/2024 – 12/11/2024 | RE0000734375 | EP0000246262 | 3/29/1968 |
| Document 90 | 2/5/25 | RE0000654638 | EU0000928718 | 3/14/1966 |

Plaintiffs' misrepresentation of the original registration number is important: EU0000928718 and EP0000246262 are **two (2) different copyrights**. As explained by the U.S. Copyright Office website, the prefix "EU" designates an unpublished work, while "EP" is used for a published work. See U.S. Copyright Office website, "Description of Copyright Deposits by Classification," found at https://www.copyright.gov/historic-records/desc-copdeposits.pdf.    Attachment 6. Plaintiffs also cite Registration Number EU0000928718 on page 3, point (a). This is the same number which Plaintiffs, in Document 90, say is the **correct** number. Doc. 90 at 7.

Plaintiffs' motion for judicial leave (Doc. 87) was filed on February 3, 2025, and its opposition to the Trump Defendants' motion to dismiss (Doc. 90) was filed two days later, on February 5, 2025. The import of this is that Plaintiffs had the opportunity in Document 87 to make the court aware of their supposed misstatement of the original registration number, instead of waiting for their opposition (Doc. 90) to the Trump Defendant' motion to dismiss (Doc. 80). If the Trump Defendants had not filed their motion to dismiss, when did Plaintiffs intend to step forward and acknowledge that they had "unfortunately and inadvertently misstated the original registration number"?

###### 2. The identity of the allegedly "terminated" copyright is not clear and unambiguous from the public record.

In their Opposition to the Trump Defendants' motion to dismiss, Plaintiffs also place great weight on a supposed "termination of the interests" in the license relied on by all the Defendants in this matter. As mentioned in Point 1, Plaintiff does not attach the document that it references in Document 87; rather, Plaintiff provides two search paths. Search Path A and Search Path B refer to several different entries of "Hold On, I'm Coming." The results of following each of these paths is set out and attached hereto.

The question, however, is why Plaintiffs offer two paths, and why the version that Plaintiffs rely on is, as they suggest, the one the Court should use. This lack of specificity is concerning because another entry in the copyright record could be the one which is relevant to this case.

Search Path A states: "[F]ollow link, then 'Other Search Options' for 'Termination' AND 'Hold On, I'm Coming,' then go to the termination effective March 14, 2022, full document can be viewed by clicking the link under 'Full Title. . . .' *Id*. When one follows Search Path A, four entries appear for "Hold On I'm Coming." Attachment 7. When one clicks on the links of the four entries, the name of Plaintiff Isaac Hayes, Jr., is found in results (2) and (3), but not in results (1) and (4). This result is revealed by clicking on results (1) and (4) and then clicks on "list

of titles" on the next page.  The pages for both results (1) and (4) are attached as Attachment 8.

Result (2) of Search Path A is the result to which Plaintiffs refer in Document 87 at 3, point (c);the full title is listed as "60 minutes of your love and 150 other titles."  Attachment 9.  The "Termination date provided" is "14Mar22."  By then clicking on "List of Titles," the title "Hold On, I'm Coming" appears at two numbers, numbers 038 (highlighted in pink) and 039 (highlighted in yellow).  Indeed, Plaintiffs' Opposition to the Trump Defendants' Motion refers to the "termination effective March 14, 2022," so it is clear that Plaintiffs are referring to Number 039.

Numbers 038 and Number 039 are different copyrights.  Number 038 refers to EU246262 (1968) which Plaintiffs referenced in multiple filings – Documents 1, 32, 65, and 70.  Number 039 refers to EU928718 (1966) which Plaintiffs, in Documents 87 and 90, now claim is the correct number.  Result 3 refers to "Ain't got no girl & 72 other titles."  Attachment 10.  The "Termination Effective" is "15-Mar-22."  Number 055 refers to "Hold On, I'm Coming."  It refers to EU928718 (1966) which Plaintiffs referenced in Documents 87 and 90. It is highlighted in yellow.

Following Search Path B results in a display reading, "by document number [V9930 D260 P1-8]".  Doc. 87 at 3 leads to 151 results.  The relevant results are listed in the table below.  They are attached and listed by result number.  Attachment

11.  In the Attachment, the list of 151 titles is the same for each, and only provided

for Result Number 1.

| Result Number | Title | Registration Number Not Verified | Full Title |
|---|---|---|---|
| 1 | 60 minutes of your love & 150 other titles | N/A | N/A |
| 2 | 60 minutes of your love/Reg. EU962947 (1966); Termination Date Provided:  21Oct22 | EU0000962947 (1966) | 60 minutes of your love &150 other titles |
| 39 | Hold on (I'm comin') / Reg. EP246262 (1968); Termination date provided: 29Mar24. | EP0000246262 (1968) | 60 minutes of your love &150 other titles |
| 40 | Hold on, I'm coming / Reg. EU928718 (1966); Termination date provided: 14Mar22. | EU0000928718 (1966) | 60 minutes of your love &150 other titles |
| 149 | You, the mistletoe and me / Reg. EU757868 (1963); Termination date provided: 18Feb19. | EU0000757868 (1963) | 60 minutes of your love &150 other titles |

The analysis of the entries under "Registration Number Not Verified" for Result 39

(EP0000246262) and Result 40 (EU0000928718) is the same as above for these EU

and EP numbers.   The "Registration Number Not Verified" for Result 2

(EU0000962947) and Result 149 (EU0000757868) have never been addressed in the

record.  And Result 2, whose title is "Hold On, I'm Coming," is from 1966.

Whatever the appropriate conclusion from this investigation, this much is

clear: the requirements of Fed. R. of Evid. 201's permit for a court to take notice of

a fact – that it not be subject to reasonable dispute and that it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned – cannot possibly be met by Plaintiffs here.

## CONCLUSION

In conclusion, the Plaintiffs' motion for the court to take judicial notice should be denied. The Plaintiffs' amended complaint fails to meet the pleading standards required under Rule 12(b)(6), and the request for judicial notice does not remedy this deficiency. Judicial notice is not a substitute for adequately pleading the necessary elements of a claim, and it should not be used to address omissions in the complaint. The court should limit its analysis to the four corners of the complaint and any exhibits attached thereto, and dismiss the Plaintiffs' claim for failure to state a claim upon which relief can be granted.

Date: March 5, 2025

Respectfully submitted,

Ronald D. Coleman
Dhillon Law Group, Inc.
*Admitted Pro Hac Vice*
Dhillon Law Group, Inc.
50 Park Place
Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com

*/s/ William Bradley Carver, Sr.*

William Bradley Carver, Sr.
Georgia Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
BCarver@hallboothsmith.com

Jacob W. Roth
Dhillon Law Group, Inc.
*Admitted Pro Hac Vice*
1601 Forum Place
Suite 403 West Palm Beach,
Florida 33401
415-682-6827
jroth@dhillonlaw.com

Baxter D. Drennon
GA Bar No. 241446
HALL BOOTH SMITH, P.C. 200
River Market Ave., Suite 500 Little
Rock, AR 72201 (501) 214-3499
bdrennon@hallboothsmith.com

*Counsel for Defendants*
*Donald J. Trump and Donald J. Trump for President 2024*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1(C).

Submitted this__5th ____day of___March___, 2025

/s/William Bradley Carver, Sr.
William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
404-954-6967
bcarver@hallboothsmith.com

Ronald D. Coleman
*Admitted Pro Hac Vice*
DHILLON LAW GROUP,   INC.
50 Park Place
Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com

*Counsel for Defendants Donald J. Trump and Donald J. Trump for President 2024, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 8, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court via CM/ECF.

Submitted this__5th_____day of___March___, 2025

<u>/s/William Bradley Carver, Sr.</u>
William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
404-954-6967
bcarver@hallboothsmith.com

Ronald D. Coleman
*Admitted Pro Hac Vice*
DHILLON LAW GROUP,   INC.
50 Park Place
Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com

*Counsel for Defendants Donald J. Trump and Donald J. Trump for President 2024, Inc.*

15