## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ISAAC HAYES ENTERPRISES, LLC**, a Georgia Domestic Limited Liability Company, and **ISAAC HAYES, III**, as representative of the **THE ESTATE OF ISAAC HAYES, JR.**<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD JOHN TRUMP**, individually, **DONALD J. TRUMP FOR PRESIDENT 2024, INC.**, **TURNING POINT ACTION, INC.**, erroneously sued as TURNING POINT USA, INC., and **BTC, INC.**,<br><br>Defendants. | Case No. 1:24-cv-03639-TWT |

### DEFENDANTS' EMERGENCY MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendants (i) Donald John Trump and the Donald J. Trump Campaign (collectively, the "Trump Defendants"); (ii) Turning Point Action, Inc. ("TPA"); and (iii) BTC, Inc. ("BTC", and together with TPA and the Trump Defendants, "Defendants") hereby move the Court to stay all discovery in this matter pending resolution of the various motions to dismiss and motion for judgment on the pleadings now before this Court. If the motions are granted, a stay will allow both the Court and the parties to avoid the unnecessary cost of conducting discovery in the interim. Further, the Court has not yet set a discovery deadline in this matter. It

1

follows that good cause and reasonableness exist for granting this limited stay of discovery.

Under Local Rule 7.2(B), Defendants respectfully request that this Court decide this motion by Friday, March 21, 2025, without waiting for a response, because Plaintiffs have set depositions for Garner Group Music, LLC and plaintiff Isaac Hayes III to occur on March 25, 2025 and March 26, 2025. Plaintiffs served notice of these depositions on March 17, 2025 (DE 110). Defendants asked that Plaintiffs agree to a stay of all discovery in this matter until such time as the Court rules on the pending dispositive motions, but Plaintiffs have refused.

## I.    BACKGROUND

Plaintiffs filed this case on August 16, 2024 (DE 1), and twice amended their complaint. The most recent version of the complaint (the "SAC") was filed on December 11, 2024. (DE 70). TPA and BTC moved to dismiss (DE 92, DE 99 and DE 100) based on a lack of personal jurisdiction[1] and failure to state a claim. The Trump Defendants moved to dismiss for failure to state a claim on January 8, 2025 (DE 80). The Court has scheduled a hearing on the Trump Defendants' and TPA's motions for April 2, 2025[2].

---

[1] BTC additionally moved to dismiss on the basis of improper venue, or in the alternative sever and transfer the case to the Middle District of Tennessee.
[2] When this hearing was initially scheduled, BTC had not yet filed its motion to dismiss or motion for judgment on the pleadings, which are largely duplicative of TPA's motion.

2

Subsequent to the motions to dismiss, Plaintiffs served TPA with (i) forty-eight (48) requests for productions of documents (DE 108) and (ii) and forty-nine (49) requests for admission (DE 106).  Plaintiffs additionally served BTC with (i) forty-six (46) requests for production (DE 108) and (ii) thirty-seven (37) requests for admission (DE 106).  Plaintiffs also served the Trump Defendants with thirty-nine (39) requests for admission each (DE 106).  Finally, on March 17, 2025, Plaintiffs noticed depositions for an entity identified as Garner Group Music, LLC (DE 110) and plaintiff Isaac Hayes III set to occur on March 25, 2025 and March 26, 2025, respectively.  No defendants have yet served any discovery.  In light of these discovery requests, Defendants now seek a stay of discovery (including the recently noticed depositions) to prevent the unnecessary burden and cost of discovery pending the resolution of the dismissal motions.

## II.    ARGUMENT

Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule 'for the convenience of the parties' and witnesses' and in the interests of justice.'" *Anderson v. Dunbar Armored, Inc.,* 678 F. Supp. 2d 1280, 1291 (N.D. Ga. 2009).  Pursuant to Rule 26(c), the Court may grant a motion to stay discovery "where the moving party

has shown good cause and reasonableness." *Enney v. Rolls Royce Owners' Club*, 2008 WL 11336854, *1 (N.D. Ga. July 24, 2008) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Local Rule 26.2(B) also provides that the court may "in its discretion, shorten or lengthen the time for discovery."

Consistent with the grant of broad discretion to efficiently manage their docket, district courts in the Eleventh Circuit routinely stay discovery in light of pending motions dismiss. *See, e.g., Resolute Forest Products, Inc. v. Greenpeace Int'l*, 2016 WL 9308015 (S.D. Ga. Sept. 22, 2016) (finding that forging ahead with discovery while motions to transfer and dismiss were pending would be a substantial risk that time and money would be wasted); *Miller v. Folger*, 2016 WL 11088015 (M.D. Ga. Aug. 10, 2016) (finding good cause to grant a stay of discovery where defendant's motion to dismiss or transfer presented a "nonfrivolous challenge to the Court's personal jurisdiction over the Defendants and to the propriety of venue").

Good cause and reasonableness exist to temporarily stay discovery. Both TPA and BTC have made strong showings on the lack of personal jurisdiction and improper venue, as well as presented substantial arguments regarding Plaintiffs' failure to state a claim and it would be inequitable and unduly burdensome to require them to shoulder the costs and disruption of discovery before the Court has determined as a threshold procedural matter that it may exercise jurisdiction over them. In addition, the Defendants have raised serious questions as to the merits of

4

the case and with respect to Plaintiffs' standing.  Justice requires that any merits discovery be delayed until such time as the Court determines that such discovery will not be wasted effort.  In addition, the stay would be relatively short as a hearing is set on the motions to dismiss on April 2, 2025.  Plaintiffs will not be prejudiced by a brief stay of discovery until such time as the courts rule on the motions.

### III.    CONCLUSION

Defendants respectfully request that this Court enter an Order granting a brief stay of discovery (including, without limitation, the noticed depositions) pending the resolution of their motions to dismiss.

Dated: March 18, 2025

FAEGRE DRINKER BIDDLE & REATH LLP


*/s/ Louis T. Perry*
Louis T. Perry (*Pro Hac Vice*)
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237 0300
Facsimile: (317) 237 1000
Louis.Perry@fagredrinker.com

Alex G. Pisciarino
NELSON MULLINS
alex.pisciarino@nelsonmullins.com
Georgia Bar No. 569773
201 17 Street NW, Suite 1700
Atlanta, GA 30363
404-322-6000
404-322-6050

*Attorneys for Defendant TPA*

/s/ Jeremey R. Goolsby
Jeremey R. Goolsby (*Pro Hac Vice*)
FROST BROWN TODD LLP
150 3rd Ave. South, Suite 1900
Nashville, TN 37201
(615) 251-5583 (Direct)
(615) 251-5551 (Fax)
jgoolsby@fbtlaw.com

Daniel A. Murray
Georgia Bar No. 443852
FROST BROWN TODD LLP
2101 Cedar Springs Rd., Suite 900
Dallas, Texas 75201
(214) 580-5853 (Direct)
(214) 545-3473 (Fax)
dmurray@fbtlaw.com

*and*

Matthew P. Warenzak
Georgia Bar No. 624484
SMITH, GAMBRELL & RUSSELL,
LLP
1105 West Peachtree Street, NE, Suite
1000
Atlanta, Georgia 30309
Telephone: (404) 815-3564
Facsimile: (404) 685-6864
mwarenzak@sgrlaw.com

*Attorneys for Defendant BTC*

6

*/s/ Ronald D. Coleman*
COLEMAN LAW FIRM, PC
50 Park Place – Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

*and*

William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
404-954-6967
bcarver@hallboothsmith.com

*Attorneys for Defendants Donald
John Trump and Donald J. Trump for
President 2024, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using 14-point Times New Roman font.

*/s/ Louis T. Perry*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of Court via CM/ECF, which shall cause service on all counsel of record.

*<u>/s/ Louis T. Perry</u>*

0134810.0793895  4916-4749-0347v2

8