**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ISAAC HAYES ENTERPRISES, LLC,
*et al.*,

              *Plaintiffs*,

              *v.*

DONALD JOHN TRUMP, *et al.*,

              *Defendants*.

Case No. 1:24-cv-03639-TWT

**REPLY BY DEFENDANTS DONALD JOHN TRUMP AND THE DONALD
J. TRUMP FOR PRESIDENT 2024, INC. CAMPAIGN TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to the Trump Defendants' motion to dismiss mainly repeats the assertions of their Second Amended Complaint ("SAC"). They address few of the legal deficiencies raised in Defendants' motions, and above all, fail to address the glaring factual deficiencies of the SAC, especially with respect to the dubious chain of copyright ownership on which their only arguably colorable claims hang. Perhaps most significantly, they fail to address the 800-pound gorilla in the room, which is the absence of the copyright assignment which they maintain authorized Hayes Enterprises and Hayes III to terminate the licenses under which

111965493.1

the Trump Defendants believed themselves to be authorized to use the work. Rather than take the opportunity presented to them in submitting a third version of their pleadings by attaching that supposed assignment, they wait until their Opposition to this motion to refer to a Declaration submitted in support of their preliminary injunction motion which merely purports to describe and quote from that supposed assignment.

As shown below, this is patently insufficient from the point of view of the plausibility of Plaintiffs' claim of ownership based on that written assignment. So too are Plaintiffs' legal arguments in opposition, and for this reason the Trump Defendants' motion to dismiss the SAC with prejudice should be granted.

## LEGAL ARGUMENT

### I.     THE SAC FAILS TO STATE A CLAIM THAT PLAINTIFFS OWN THE COPYRIGHT IN THE WORK.

As the Trump Defendants noted in their Opposition to Plaintiff's motion to dismiss, while it is a commonplace that the Court may take judicial notice of public records, including copyright registrations, if they are central to the Plaintiffs' claim, Plaintiffs must still provide sufficient factual allegations in the complaint to support each element of the claim. *Ross v. Stranger (In re Stranger)*, 2013 Bankr. LEXIS 506 (M.D. Fla. 2013). Thus, despite the generally low standard for adequately alleging a prima facie claim of copyright ownership, an "objectively baseless" copyright claim may be dismissed at the pleadings stage. See, *Mercer Publ'g, Inc. v.*

*Smart Cookie Ink, LLC,* No. C12-0188JLR, 2012 WL 5499871, at *1 (W.D. Wash. Nov. 13, 2012) (sham litigation exception to Noerr-Pennington doctrine applied where Plaintiffs could not reasonably have expected to succeed on the merits of asserted copyright infringement claims).

A recent decision in the Southern District of New York sets out a situation where, as here, inconsistent allegations and holes in the claimed ownership record failed to meet the standard of Rule 12(b)(6):

> Plaintiff alleges that he "is the sole author and exclusive owner of the original copyrighted musical compositions entitled 'Assumption Day,' 'Made A Champion,' and other works (the 'Works')." With respect to the copyrights of these works, which he alleges the defendants have infringed upon, Plaintiff alleges that he "registered the Works with the United States Copyright Office and received Certificates of Registration." He does not, however, include any identifying information in, or attach any documentation to, his complaint showing such registration. In fact, a search of the United States Copyright Office's Public Catalog reveals no such registrations.[1] Thus, it appears that Plaintiff does not own the copyrights of the specified works listed above. *See generally Phelps v. MacConnell*, No. 3:12-CV-0344, 2014 WL 3809806, at *7 (S.D. Ohio Aug. 1, 2014) ("Plaintiff's allegations are not consistent with the public records of the U.S. Copyright Office, which the Court may take judicial notice of .... Given this, Plaintiff's copyright infringement claim fails as a matter of law for lack of copyright ownership."), *report & recommendation adopted*, 2014 WL 4467667 (S.D. Ohio Sept. 8, 2014).
>
> Accordingly, for the reasons set forth above, the Court dismisses Plaintiff's federal-law claims of copyright infringement for failure to state a claim on which relief may be granted. . . .

*Jackson v. Warner Music Grp. Corp.*, No. 1:23-CV-10100 (LTS), 2024 WL 98290, at *3 (S.D.N.Y. Jan. 8, 2024). See also, *El Bey v. United States*, 152 Fed. Cl. 773,

3

776 (2021) (copyright complaint dismissed where pleadings contained only a copyright "reference number" without a certificate of registration or any description of what the copyright protected and plaintiff's response to motion to dismiss failed to address the government's contention that the registration number was inauthentic).  Here too, as set out in the Trump Defendants' Opposition (Doc. 105) to Plaintiffs' motion for judicial notice, Plaintiffs' representations and allegations concerning the chain of ownership on which they rely have been inconsistent and unreliable – even though Plaintiffs have now been preparing and pursuing these claims for close to a year.

Finally, the requirement that courts not merely accept a bare allegation of copyright ownership is especially acute where, as here, the plaintiff claims title in the work based on a written assignment, i.e., to Primary Wave. "A transfer of copyright ownership 'is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.' 17 U.S.C. § 204(a)." *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1369 (S.D. Fla. 2015).  An assignee may assert a claim for copyright infringement that occurred after a claimed transfer to him bears "the additional burden of proving valid chain of title 'because nothing in the registration certificate evidences his right to claim through the original copyright claimant.'" *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW,

4

2011 WL 1641978, at *2 (S.D.N.Y. Apr. 29, 2011), quoting, 3–12 Nimmer on Copyright, § 12.11[C] (2010) and citing, *Int'l Media Films, Inc. v. Lucas Entertainment Inc.*, 703 F.Supp.2d 456, 463 (S.D.N.Y.2010); *Kenbrooke Fabrics, Inc. v. Soho Fashions, Inc.*, No. 87 Civ. 5775, 1989 WL 117704, at *1 (S.D.N.Y. Oct. 2, 1989).

Because it was clear from the amended pleadings "that no written document existed transferring ownership of the copyrights to the Works to Wave 3 at the time the lawsuit was filed," the copyright claim was dismissed. *Wave 3 Learning, Inc. v. AVKO Educ. Res. Found., Inc.*, No. 14 C 1948, 2015 WL 780091, at *2 (N.D. Ill. Feb. 23, 2015).  Plaintiffs' reliance in Wave 3 on the declaration of Liz Garner to describe the missing writing "does not fill the evidentiary gap."  So is the declaration of Plaintiff Hayes.  "An affidavit signed by the alleged assignee attesting to the fact of assignment is insufficient." *Magicon, LLC v. Weatherford Int'l, Inc.*, No. 4:08-CV-03636, 2009 WL 7868862, at *9 (S.D. Tex. Aug. 14, 2009), citing, *Snook v. Blank*, 92 F. Supp. 518, 520 (D. Mont. 1948) (rejecting affidavit of describing alleged written assignment as "a self-serving declaration").  *See also*, *Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, No. CIV.A. 07-2253-DJW, 2009 WL 902422, at *6 (D. Kan. Mar. 31, 2009) ("There is no written document memorializing that assignment in the record. The *only* evidence in the record is Mr. Horowitz's declaration that he . . . assigned the rights to the copyrights to Plaintiff in 2003. That declaration is clearly

insufficient to establish the transfer of the copyright to Plaintiff"); *Int'l Media Films, Inc. v. Lucas Ent., Inc.*, 703 F. Supp. 2d 456, 464 (S.D.N.Y. 2010) (rejecting declaration purporting to describe written assignment on summary judgment as hearsay and non-probative); *Mason v. Jamie Music Pub. Co.*, 658 F. Supp. 2d 571, 583 (S.D.N.Y. 2009) (extrinsic evidence does not constitute written assignment of copyright ownership as required by statute).

Here Plaintiffs' copyright claims fail, therefore, for at least two reasons. One is that the SAC fails to set out a plausible chain of ownership in the copyrights. The second is that, even accepting Plaintiffs' alleged ownership chain, they have failed to meet their burden of coming forward to establish the existence of a written transfer with respect to a crucial link in that chain, Primary Wave.

Finally, there is the matter of the Estate of Isaac L. Hayes, Jr. (the "Estate"), which suffers from all the above chain-of-ownership problems as well as others. Plaintiffs clarify that Isaac Hayes themselves is not a plaintiff here and claim that he only appears in his role as a representative of the Hayes Estate. Nowhere does the SAC complaint set out how and when, and on whose authority, Hayes III became the Estate's representative, and neither does the Opposition. For these reasons, the claims sounding in copyright in the SAC should be dismissed without prejudice.

## II.    THE SAC FAILS TO STATE A CLAIM THAT PLAINTIFFS HAVE RIGHTS BASED ON ISAAC HAYES JR.'S NAME AND LIKENESS UNDER THE LANHAM ACT OR STATE LAW.

Plaintiffs' Opposition states that their claim under Section 43(a) of the Lanham Act is not based on false advertising but on the trademark rights of Isaac Hayes, Jr. in his likeness, which, they claim, were infringed by the Trump Defendants playing of a song Hayes wrote during his life.  The Trump Defendants addressed the legal flaws in that formulation and submit that Plaintiffs have not rebutted them in their Opposition. None of the cases cited by Plaintiffs holds that the public performance of a song constitutes either the use of the "likeness" of the person who wrote that song or any other violation of Section 43(a).

Indeed, Plaintiffs admit that no case in the Eleventh Circuit has held that way. At the same time, they fail to bring forward any legal argument why this Court should be the first to radically expand the reach of the Lanham Act, much less why every court presented with the opportunity to do so has refused.  Plaintiffs' failure in this regard is even more significant as applied to their state law claims sounding in state unfair competition law or any other tort. "It is not the function of federal courts to expand state tort doctrine in novel directions absent state authority suggesting the propriety of doing so." *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1154 (11th Cir. 2011).  Plaintiffs' unsupported invitation to this Court to depart from this rule should be declined and its claims arising under such theories dismissed.

7

# CONCLUSION

Plaintiffs' amended complaint fails to meet the pleading standards required under Rule 12(b)(6), and should be dismissed, with prejudice, in its entirety.

Date: March 24, 2025

Ronald D. Coleman
COLEMAN LAW FIRM, P.C.
*Admitted Pro Hac Vice* Dhillon
Law Group, Inc. 50 Park Place
Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com


Jacob W. Roth
Dhillon Law Group, Inc.
*Admitted Pro Hac Vice*
1601 Forum Place
Suite 403 West Palm Beach,
Florida 33401
415-682-6827
jroth@dhillonlaw.com

Respectfully submitted,

*/s/ William Bradley Carver, Sr.*

William Bradley Carver, Sr.
Georgia Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
(404) 954-5000
BCarver@hallboothsmith.com

Baxter D. Drennon
GA Bar No. 241446
HALL BOOTH SMITH, P.C. 200
River Market Ave., Suite 500 Little
Rock, AR 72201 (501) 214-3499
bdrennon@hallboothsmith.com


*Counsel for Defendants*
*Donald J. Trump and Donald J. Trump for President 2024*

8

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1(C).

Submitted this <u>24</u>th day of March, 2025

/s/William Bradley Carver, Sr.
William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, Georgia 30303
404-954-6967
bcarver@hallboothsmith.com

Ronald D. Coleman
*Admitted Pro Hac Vice*
COLEMAN LAW FIRM, P.C.
50 Park Place
Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

*Counsel for Defendants Donald J. Trump and Donald J. Trump for President 2024, Inc.*

9

**CERTIFICATE OF SERVICE**

I certify that on March 24th , 2025, I electronically filed a true and correct

copy of the foregoing with the Clerk of the Court via CM/ECF.


Submitted this 24th day of March, 2025


/s/William Bradley Carver, Sr.
William Bradley Carver, Sr.
GA Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE
 Suite 2900
Atlanta, Georgia 30303
404-954-6967
bcarver@hallboothsmith.com

Ronald D. Coleman
*Admitted Pro Hac Vice*
COLEMAN LAW FIRM, P.C.
50 Park Place
Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com

*Counsel for Defendants Donald J. Trump and Donald J. Trump for President 2024, Inc.*

10