## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION
1:24-CV-03639-TWT

ISAAC HAYES ENTERPRISES, LLC, &
ISAAC HAYES III, as representative of
the ESTATE OF ISAAC L. HAYES, JR.,

       Plaintiffs,

DONALD JOHN TRUMP, individually,
DONALD J. TRUMP FOR PRESIDENT 2024,
INC., TURNING POINT ACTION, INC.,
& BTC, Inc.

       Defendants.

_____/

**DEFENDANTS DONALD JOHN TRUMP & DONALD J. TRUMP FOR PRESIDENT 2024, INC.'S ANSWER & AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT[1]**

Defendants Donald John Trump and Donald J. Trump for President 2024, Inc. ("Defendants") hereby file this Answer and Affirmative Defenses Plaintiffs Second Amended Complaint ("Amended Complaint"). All allegations are denied unless specifically admitted.

### NATURE OF THE ACTION

Defendants admit that Plaintiffs have filed their action alleging that Defendants have violated the statutes set forth in paragraph 1 underneath "NATURE OF THE ACTION," but deny that they violated such statutes.

_____

[1] Plaintiff has filed a motion for clarification which appears to also seek leave to file a Third Amended Complaint.

Defendants admit that this is an infringement action but deny that they have intentionally used the copyrights in question without permission as set forth in paragraph 2 of the "NATURE OF THE ACTION."

Defendants are without sufficient information to admit or deny the allegations in paragraph of the third paragraph underneath "NATURE OF THE ACTION," and thus deny such allegations.

## INTRODUCTION AND SUMMARY OF RIGHTS

1. Defendants admit the allegations found in paragraph 1, except as to Stax Records because the Defendants lack sufficient information to admit or deny it.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in the first two sentences of paragraph 3, otherwise denied.

4. Defendants are without sufficient information to admit or deny the allegations in paragraph 4, and thus deny the allegations found therein.

5. Defendants are without sufficient information to admit or deny the allegations in paragraph 5, and thus deny the allegations found therein.

6. Defendants are without sufficient information to admit or deny the allegations in paragraph 6, and thus deny the allegations found therein.

7. Defendants are without sufficient information to admit or deny the allegations in paragraph 7, and thus deny the allegations found therein.

8.      Admitted to the extent the song was played at events where Defendant Trump attended, but otherwise denied.

9.      Admitted that a cease-and-desist letter was sent, otherwise denied.

10.     Defendants are without sufficient information to admit or deny the allegations in paragraph 10, and thus deny the allegations found therein.

11.     Defendants are without sufficient information to admit or deny the allegations in paragraph 11, and thus deny the allegations found therein.

12.     Defendants are without sufficient information to admit or deny the allegations in paragraph 12, and thus deny the allegations found therein.

13.     Defendants admit the allegations in paragraph 13 that a Political Entities license for public performances from Broadcast Music, Inc. ("BMI") was obtained on or about November 30, 2022, but are without sufficient information to admit or deny the remaining allegations and thus deny them.

14.     Defendants are without sufficient information to admit or deny the allegations in paragraph 14, and thus deny the allegations found therein.

15.     Defendants are without sufficient information to admit or deny the allegations in paragraph 15, and thus deny the allegations found therein.

16.     Defendants admit to receiving correspondence on or about June 5, 2024, from BMI, but are without sufficient information to admit or deny

the truth of the allegations in paragraph 16, and thus deny the allegations found therein.

17.   Defendants are without sufficient information to admit or deny the allegations in paragraph 17, and thus deny the allegations found therein.

18.   Defendants are without sufficient information to admit or deny the allegations in paragraph 18, and thus deny the allegations found therein.

19.   Denied.

20.   Denied.

## THE PARTIES

21.   Defendants are without sufficient information to admit or deny the allegations in paragraph 21, and thus deny the allegations found therein.

22.   Defendants are without sufficient information to admit or deny the allegations in paragraph 22, and thus deny the allegations found therein.

23.   Defendants admit the allegations in paragraph 23.

24.   Defendants admit the allegations in paragraph 24.

25.   Defendants are without sufficient information to admit or deny the allegations in paragraph 25, and thus deny the allegations found therein.

26.   Defendants are without sufficient information to admit or deny the allegations in paragraph 26, and thus deny the allegations found therein.

27.   Denied.

## JURISDICTION AND VENUE

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Denied.

32.    Denied.

33.    Denied.

## FACTUAL BACKGROUND

### *The Diminished Value of Hayes' Name and Copyright*

34.    Defendants are without sufficient information to admit or deny the allegations in paragraph 34, and thus deny the allegations found therein.

35.    Defendants are without sufficient information to admit or deny the allegations in paragraph 35, and thus deny the allegations found therein.

36.    Defendants are without sufficient information to admit or deny the allegations in paragraph 36, and thus deny the allegations found therein.

37.    Defendants are without sufficient information to admit or deny the allegations in paragraph 37, and thus deny the allegations found therein.

38.    Denied.

### *Trump's unlawful use of the Work*

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

*Defendant Turning Point's Infringement*

43.    Defendants are without sufficient information to admit or deny the allegations in paragraph 43, and thus deny the allegations found therein.

44.    Defendants are without sufficient information to admit or deny the allegations in paragraph 44, and thus deny the allegations found therein.

45.    Defendants are without sufficient information to admit or deny the allegations in paragraph 45, and thus deny the allegations found therein.

46.    Defendants are without sufficient information to admit or deny the allegations in paragraph 46, and thus deny the allegations found therein.

47.    Defendants are without sufficient information to admit or deny the allegations in paragraph 47, and thus deny the allegations found therein.

48.    Defendants are without sufficient information to admit or deny the allegations in paragraph 48, and thus deny the allegations found therein.

49.    Defendants are without sufficient information to admit or deny the allegations in paragraph 49, and thus deny the allegations found therein.

*Trump and Campaign Attempt to Obtain Retroactive License*

50.    Defendants are without sufficient information to admit or deny the allegations in paragraph 50, and thus deny the allegations found therein.

51.    Defendants are without sufficient information to admit or deny the allegations in paragraph 51, and thus deny the allegations found therein.

## COUNT ONE

### DIRECT COPYRIGHT INFRINGEMENT OF THE COMPOSITION

### (Against all Defendants)

52.    Defendants are without sufficient information to admit or deny the allegations in paragraph 52, and thus deny the incorporated allegations found therein.

53.    Admitted.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

## COUNT 2

### CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT OF THE COMPOSITION
### (Against all Defendants)

60.    Defendants are without sufficient information to admit or deny the allegations in paragraph 60, and thus deny the incorporated allegations found therein.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.[2]

## TRIAL BY JURY

77.    Defendants are without sufficient information to admit or deny the allegations in paragraph 77, and thus deny the incorporated allegations found therein.

78. Denied.

Defendants deny that the Plaintiffs are entitled to any relief requested in the Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.    Plaintiffs' Complaint fails to state facts, or will be unable to prove facts, sufficient to constitute a cause of action against Defendants and should be dismissed. In particular, the Plaintiffs fail to allege, and will not be able to prove even if they do allege, ownership of the copyright over the Work.

---

[2]    Counts 3, 4 and 5 have been dismissed.

2.      Plaintiffs' Complaint also fails to join indispensable parties who cannot be joined. This renders the Complaint subject to dismissal. According to the Complaint, other persons or entities also have ownership rights to the Work. And yet they have not been joined as plaintiffs in this action. Failing to join these parties would leave the Defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3.      Plaintiffs' claims are barred by the doctrine of fair use. To the extent that Defendants' use of the Work is established, either directly by Defendants or through the Defendants' agents, Defendants maintain that such use, in whole or in part, is a lawful fair use under 17 U.S.C. §107.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and/or unclean hands. Upon information and belief, numerous other entities have used the Work, and yet, Plaintiffs have not sought legal recourse against such entities.

5.      Plaintiffs' claims are barred, in whole or in part, because this court lacks subject matter jurisdiction.

6.      Plaintiffs' claims are barred, in whole or in part, because this court lacks personal jurisdiction over the Defendants.

7.      Plaintiffs' claims are barred, in whole or in part, because the Defendants have a license, entitled "Music License for Political Entities or

Organizations," from BMI. The license commenced on November 30, 2022, and ended on the last day of December 2023. However, it continued thereafter on a year-to-year basis and, upon information and belief, was not cancelled by either party to the license. The license covers the performance, presenting, or causing the live and/or recorded performance of the Work during Events or Functions, including by means of internet or internet transmissions from the Defendants' website.

8.      Upon information and belief, Plaintiffs have misrepresented the nature and extent of copyright ownership to the U.S. Copyright Office. To date, several termination notices have been alleged by the Plaintiffs with percentages located therein resulting in a 25% ownership interest in the Work. However, several additional termination notices have been found by the Defendants on the U.S. Copyright Office website with no percentages evidenced therein. As such, there is a discrepancy in percentage ownership results from these notices. Given the foregoing, Plaintiffs allege as an additional affirmative defense such misrepresentation.

9.      Defendant Donald John Trump is an improper defendant and bears no personal liability.

10.     This Court lacks jurisdiction over the Defendants.

11.     Venue is improper.

**WHEREFORE**, Defendants pray that the Court declare, adjudge and decrees the following:

1. That Defendants have not infringed Plaintiffs' copyright and, as such, Plaintiffs are not entitled to statutory damages under 17 U.S.C. §504(c) or actual damages under 17 U.S.C. §504(b);

2. That the Court deny Plaintiffs' request for attorney fees and costs in this action under O.C.G.A. §10-1-399(d);

3. That the Court deny Plaintiffs' prayer that Defendants deliver up to be impounded and destroyed all copies of the Infringing Video and/or derivative work thereof allegedly in Defendants' possession or control;

4. That Defendants recover their costs of suit, including reasonable attorneys' fees, under O.C.G.A. §10-1-399(d); and

5. That Defendant is granted such other, further, and different relief as may be deemed just and proper by the Court.

Respectfully submitted,

Matthew Seth Sarelson, Esq.
Florida Bar No. 888281
Zachary Stoner, Esq.
Florida Bar No. 1032816
**DHILLON LAW GROUP, INC.**
Counsel for Defendants
Donald John Trump &
Donald J. Trump for President 2024, Inc.

11

1601 Forum Place, Suite 403
West Palm Beach, Florida 33401
305.773.1952
msarelson@dhillonlaw.com
zstoner@dhillonlaw.com
lalmira@dhillonlaw.com

William Carver Bradley, Sr.
Hall Booth Smith, P.C.
191 Peachtree Street NE
Suite 2900
Atlanta, GA 30303
404.954.6967
bcarver@hallboothsmith.com

Baxter D. Drennon
GA Bar No. 241446
Hall Booth Smith, P.C.
200 River Market Ave., Suite
500 Little Rock, AR 72201
501.214.3499
bdrennon@hallboothsmith.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document has been prepared using Century Schoolbook 13-point font, as approved by Local Rule 5.1(C).

Matthew Seth Sarelson, Esq.