IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ISAAC HAYES ENTERPRISES, LLC,
et al.,

      Plaintiffs,

          v.

DONALD JOHN TRUMP, individually,
et al.,

      Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-3639-TWT

## OPINION AND ORDER

This is a copyright infringement case. It is before the Court on the
Defendant Turning Point Action, Inc's Motion for Attorney Fees [Doc. 138] and
the Plaintiffs Isaac Hayes, III and Isaac Hayes Enterprises, LLC's Motion for
Clarification [Doc. 143]. For the reasons set forth below, Turning Point's
Motion for Attorney Fees [Doc. 138] is DENIED, and the Plaintiffs' Motion for
Clarification [Doc. 143] is DENIED.

## I.  Background

This case involves alleged copyright infringement at campaign events
for Defendant Donald J. Trump over the course of his 2024 presidential
election campaign. On April 25, 2025, the Court granted in part and denied in
part Defendants Trump and Donald Trump for President 2024, Inc.'s motion
to dismiss and granted Defendant Turning Point Action, Inc.'s motion to
dismiss. (Op. & Order dated Apr. 25, 2025, ("Order"), at 1). The Court granted

these dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (*See id.* at 3-5, 14-18). Shortly thereafter, Turning Point moved for attorney's fees, [Doc. 138], and the Plaintiffs moved for clarification of the Order, [Doc. 143]. These motions are presently before the Court.

## II. Discussion

### A. Motion for Clarification

In their Motion for Clarification, the Plaintiffs ask the Court to clarify whether its dismissals in the Order were with prejudice. (Pls.' Mot. for Clarification, [Doc. 143], at 2-3). The Plaintiffs state that they assume, "based on the Court's silence on the issue of prejudice, that the same have been dismissed <u>without</u> prejudice." (*Id.* at 3). They also ask whether they have been granted leave to file a third amended complaint, noting that they requested leave in their responses in opposition to the motions to dismiss. (*Id.* at 3-4).

There is no serious question that the Court's dismissal of Counts I and II as to Turning Point and Counts III, IV, and V in their entirety was with prejudice, regardless of any Defendant's specific use of that phrase.[1] It is

---

[1] The Court notes that the Plaintiffs only requested clarification as to the dismissal of the accounting claim in Count III and the Lanham Act claim in Count IV as against the Trump Defendants, stating that Turning Point did not seek dismissal of the claims against it with prejudice. (Pls.' Mot. for Clarification, at 2-3 & n.1). The Defendants were not required to specifically state that they sought dismissal with prejudice—their reliance on Rule 12(b)(6) in moving for dismissal necessarily implied their intent. *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 929 (11th Cir. 2016) (providing that the "default effect" of a Rule 12(b)(6) dismissal is a dismissal

2

axiomatic that a Rule 12(b)(6) dismissal is an adjudication on the merits, which is presumed to be with prejudice unless the Court orders otherwise. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise . . . any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *Eiber Radiology, Inc.*, 673 Fed. App'x at 929 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("An adjudication on the merits is, in turn, presumed to operate as a dismissal with prejudice unless the district court specifies otherwise.") The Court did not order otherwise here. Therefore, these Counts were dismissed with prejudice.

The Court next turns to the Plaintiffs' concerns about leave to amend. When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Rule 15(a)(2) operates within the confines of Rule 7(b), which provides that a "request for a court order must be made by [a] motion" that "state[s] with particularity the grounds for seeking the order" and "state[s] the relief sought. Fed. R. Civ. P. 7(b). In the context of motions for leave to amend, the Eleventh Circuit has interpreted Rule 7(b) to require attaching a proposed amended

---

with prejudice).

3

complaint to a motion for leave to amend if the motion itself does not fully "set forth the substance of the proposed amendment." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1336 (11th Cir. 2024). Rule 7(b)'s formal motion requirement is strictly construed, with the Eleventh Circuit holding that "where a request for leave to file an amended complaint simply is embedded within an opposition memorandum, the issue has not been raised properly." *Id.*

The Court construes the Plaintiffs' arguments' regarding leave to amend as twofold: first, they request clarification on whether they were granted leave to amend in the Order, and second, they renew their request for leave to amend now. As to the first contention, the Court neither considered nor granted the Plaintiffs leave to amend in the Order because that request was not properly made. The Plaintiffs made the request in a one-sentence, throwaway argument buried at the end of their response brief with no explanation of their proposed amendment. *See Advance Tr. & Life Escrow Servs.*, LTA, 93 F.4th at 1336. Because the request was not properly presented in a motion that argued the Rule 15 factors and attached the proposed third amended complaint or explained the substance of the proposed amendment, the Court was not obligated to consider it.

To the extent the Plaintiffs move for leave to amend in their present motion, that request is still both improperly made and inappropriate in light

of the circumstances. For one, the Plaintiffs have still failed to explain the substance of the amendment beyond promising to correct the errors that led the Court to grant the motions to dismiss, or to attach a copy of their proposed third amended complaint. The Plaintiffs reference Rule 15's leniency standard, but that leniency is not required "where a plaintiff has been represented by counsel." *Eiber Radiology, Inc.*, 673 Fed. App'x at 929. More to the point, the Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Id.* at 930. Nor is it proper to wait for a court's ruling on a motion to dismiss before seeking leave to amend. *Datum Software, Inc. v. Citizant, Inc.*, 2024 WL 3719111, at \*6 (11th Cir. Aug. 8, 2024). The Plaintiffs have already filed two amended complaints and yet still failed to state their claims against Turning Point or their accounting, Lanham Act, and right of publicity claims against any defendant. *See Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted) (noting that leave to amend may be denied where there has been "repeated failure to cure deficiencies by amendments"). The Court thus believes that further attempts to amend the complaint would not only be futile, but would promote judicial inefficiency and unfairness by allowing the Plaintiffs another bite at the apple.

*See Eiber Radiology, Inc.*, 673 Fed. App'x at 930 ("Permitting another round of amendments would have unduly protracted the proceeding below and promoted judicial inefficiency."). Therefore, even if their present request for leave to amend was properly presented, the Court would find that justice does not require further amendment here. The Plaintiffs' claims will remain dismissed with prejudice.

### B. Motion for Attorney's Fees

Turning Point seeks a ruling under Fed. R. Civ. P. 54(d)(2)(C) that it is entitled to attorney's fees in this matter under 17 U.S.C. § 505, the Copyright Act, and 15 U.S.C. § 1117, the Lanham Act. (Turning Point's Mot. for Atty Fees, [Doc. 138]). Section 505 permits a court to award reasonable attorney's fees to a prevailing party, while Section 1117 permits such an award only in "exceptional cases." 17 U.S.C. § 505; 15 U.S.C. § 1117(a). A movant who was successful in obtaining dismissal under Rule 12(b)(6) is considered a prevailing party. *See Affordable Aerial Photography, Inc. v. Prop. Masters, USA, LLC*, 108 F.4th 1358, 1362-63 (11th Cir. 2024). In either case, the court's decision to award attorney's fees is entirely discretionary. 17 U.S.C. § 505; *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018).

For fees under the Copyright Act, courts are to consider several factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular

circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). However, the prevailing party is not required to demonstrate bad faith or frivolity before it can be awarded fees. *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F. 3d 840, 842 (11th Cir. 1999). In all cases, the court is charged with considering "whether the imposition of fees will further the goals of the Copyright Act"—namely, "by encouraging the raising of objectively reasonable claims and defenses." *Id.* at 843.

As to the Lanham Act, although the Act does not define "exceptional cases," the Eleventh Circuit has found such cases to be those that "stand[] out from others, either based on the strength of the litigating positions or the manner in which the case was litigated." *Tobinick*, 884 F.3d at 1118 (citation modified). In so holding, the Eleventh Circuit abrogated its prior precedent that exceptional cases were "those where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner." *Id.* at 1117-18. Nonetheless, "[a] case will not qualify as exceptional under the Lanham Act merely because one side has zealously pursued or defended its claim, especially on an issue with no directly controlling precedent." *Id.* at 1119.

As to the Copyright Act claims, Turning Point argues that the Plaintiffs' claims were both objectively unreasonable and frivolous, largely because the Plaintiffs failed to allege that Turning Point ever performed the copyrighted

work or exerted control over the music performed at the campaign events. (Turning Point's Mot. for Atty Fees, at 6-8). Turning Point also asserts that the Plaintiffs pursued their claims in bad faith with the goal of "extract[ing] a windfall" from it after failing to adequately research their claims and that they improperly sought sanctions in response to the motion to dismiss. (*Id.* at 8-10). The Plaintiffs oppose these positions. (*See generally* Pls.' Resp. in Opp'n to Mot. for Atty Fees, at 6-13).

As a preliminary matter, contrary to the Plaintiffs' arguments otherwise, Turning Point is a prevailing party under § 505 because it secured dismissal of the claims against it under Rule 12(b)(6). *See Affordable Aerial Photography, Inc.*, 108 F.4th at 1362-63. Turning to the *Fogerty* factors, the Court finds that the Plaintiffs' claims were not frivolous or lacking in sincere motivation and were not objectively unreasonable as pled. In the context of attorney's fees claims, claims are considered frivolous if they are "so lacking in arguable merit as to be groundless or without foundation," regardless of "whether the claim was ultimately successful." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021). As the Plaintiffs pointed out, they sued Turning Point for its sponsorship of the Trump Defendants' campaign events where the copyrighted work was performed. Although the copyright claims against Turning Point failed due to the pleading deficiencies identified in the Court's dismissal Order, the facts before the Court indicate

8

that they were not totally groundless. The Plaintiffs were motivated by a good faith desire to protect their ownership interest in the copyrighted work along with the corporate Plaintiff's accompanying brand, including preventing the appearance of an association between the Trump Defendants and that brand. For that reason, the Court gives little weight to Turning Point's contention that the Plaintiffs sued it solely to "extract a windfall."

The Defendants fail to meet the Lanham Act's higher "exceptional case" standard as well. Turning Point argues that this case is exceptional because the Plaintiffs' Lanham Act claim was "weak," it incurred fees to defend against it, and the Plaintiffs litigated with bad faith motivation. (Turning Point's Mot. for Atty Fees, at 13-15). Applying the ordinary meaning of the word "exceptional," the Supreme Court noted that such cases are "uncommon, rare, or not ordinary . . . unusual, or special." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553-54 (2014) (citation modified). District courts are to make this determination "considering the totality of the circumstances." *Id.* at 554. First, the Plaintiffs' Lanham Act claim was not exceptional solely because it presented an issue of first impression in this Circuit. *See Tobinick*, 884 F.3d at 1119. Nor does the fact that the claim lacked merit and that Turning Point incurred fees defending it make it exceptional—this is true in nearly every case where a defendant's motion to dismiss is granted. Turning Point's bad faith and motivation arguments fail for the reasons already

9

discussed, although the Court pauses to note Turning Point's repeated reliance on the Plaintiffs' motion for sanctions as evidence of their purported bad faith. Turning Point previously requested fees incurred in defending that motion and the Court denied the request, stating that "[i]t didn't take [Turning Point] much time to address" the sanctions motion. (Tr. of Apr. 2 Mot. Hr'g, [Doc. 133], at 33:14-19). Turning Point does not explain why that ruling should be reconsidered now. Thus, Turning Point cannot fairly rely on the Plaintiffs' filing of the motion for sanctions in support of its request for fees.

## III. Conclusion

For the foregoing reasons, the Defendant Turning Point Action, Inc's Motion for Attorney Fees [Doc. 138] is DENIED and the Plaintiffs Isaac Hayes, III and Isaac Hayes Enterprises, LLC's Motion for Clarification [Doc. 143] is DENIED.

SO ORDERED, this ___19th___ day of November, 2025.

THOMAS W. THRASH, JR.
United States District Judge